UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al Defendants. | CA NO.: 06-211 ML<br><br>ANSWER TO COMPLAINT BY MARIA-LOUISE BISSONNETTE |

**ANSWER TO COMPLAINT BY MARIA-LOUISE BISSONNETTE**

NOW COMES the defendant, Maria-Louise Bissonnette, who, by and through her attorney, files this Answer to the Complaint, as follows:

1. **Nature of Action**

Neither admit nor deny and leave plaintiff to its proof.

Parties

2. Neither admit nor deny and leave plaintiffs to its proof.

3. Admit.

4. Neither admit nor deny.

**Jurisdiction and Venue**

5. Deny.

6. Deny.

7. Deny.

8. Deny each and every allegation of this paragraph.

**FACTS**

**The Galerie Stern**

9. Neither admit nor deny and leave plaintiff to its proof.

10. Neither admit nor deny and leave plaintiff to its proof.

11. Admit.

**The Forced Sale of Stern's Collection**

12. Neither admit nor deny and leave plaintiff to its proof.

13. Neither admit nor deny and leave plaintiff to its proof.

14. Neither admit nor deny and leave plaintiff to its proof.

15. Neither admit nor deny and leave plaintiff to its proof.

16. Neither admit nor deny and leave plaintiff to its proof.

17. Admit.

18. Neither admit nor deny and leave plaintiff to its proof.

19. Neither admit nor deny and leave plaintiff to its proof.

20. Neither admit nor deny and leave plaintiff to its proof.

21. Neither admit nor deny and leave plaintiff to its proof.

22. Neither admit nor deny and leave plaintiff to its proof.

23. Neither admit nor deny and leave plaintiff to its proof.

24. Neither admit nor deny and leave plaintiff to its proof.

25. Neither admit nor deny and leave plaintiff to its proof.

26. Neither admit nor deny and leave plaintiff to its proof.

**Bissonnette Obtains the Painting**

27. Admit that Dr. Wilharm was a physician and deny each and every other allegation contained in paragraph 27.

28. Admit.

29. Neither admit nor deny and leave plaintiff to its proof.

30. Admit.

**Stern's Efforts to Recover his Collection**

31. Neither admit nor deny and leave plaintiff to its proof.

32. Neither admit nor deny and leave plaintiff to its proof.

33. Admit that on February 24, 1964 a restitution court in Germany issued an order on the sale of artwork by Max Stern. That order speaks for itself with regard to the remaining allegations. Deny that any all the paintings sold were owed by Dr. Stern and leave plaintiff to its proof of all other allegations.

34. Deny that Dr. Stern was awarded partial damages, but rather state that he was awarded between what was paid and the painting's fair market value, which award compensated him in full. Otherwise, deny the remainder of paragraph 34 and leave plaintiff to its proof. the difference full damages and otherwise neither deny or admit the remainder of paragraph 34 and leave plaintiff to its proof.

35. Paragraph 35 deals with conclusions of law as to what a court did or did not decide, hence, neither admit nor deny and leave plaintiff to its proof.

**Stern Estate's Discovery of the Painting**

36. Deny.

37. Admit.

38. Neither admit nor deny and leave plaintiff to its proof.

39. Neither admit nor deny and leave plaintiff to its proof.

40. Neither admit nor deny and leave plaintiff to its proof.

41. Admit.

42. Admit.

43. Neither admit nor deny and leave plaintiff to its proof. Further responding, that plaintiff was and is well-aware of the present proceeding in Germany, before a court of full jurisdiction in this matter, and has received a full copy of the court proceeding.

44. Deny.

45. Neither admit nor deny and leave plaintiff to its proof.

46. Deny the first sentence of paragraph 46 and admit the remainder of paragraph 46.

47. Deny.

48. Deny.

**CLAIMS FOR RELIEF**

**Answer to Count 1**

49. Defendant reincorporates her responses to paragraphs 1 through 48 as if repled.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

WHEREFORE, defendant moves that Count I be denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant.

**Answer to Count II**

58. Defendant reincorporates her responses to paragraphs 1 through 57 as if repled.

59. Deny, and further responding state that there is presently before the court in Germany, a court having full and rightful jurisdiction a matter concerning a painting, which is dispositive of all matters raised in this complaint.

60. Deny.

WHEREFORE, defendant moves that Count II be denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant.

**Count III (Answer by this Defendant for this Defendant only)**

61. Defendant reincorporates her responses to paragraphs 1 through 60 as if repled.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

WHEREFORE, defendant moves that Count III be denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant.

**Count IV (Answer by this Defendant for this Defendant only)**

72. Defendant reincorporates her responses to paragraphs 1 through 71 as if repled.

73. Deny.

74. Neither admit nor deny and leave plaintiff to its proof.

75. Deny.

76. Admit that there is a painting, which is properly before the German court, of which plaintiff has knowledge, but leave plaintiff to its proof as to whether it has any possessory interest into that painting, as defendant denies it having a possessory interest.

77. Deny.

78.. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

WHEREFORE, defendant moves that Count IV, be found to be a matter decided by the German Court, of which plaintiff is a named party and has notice be denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant.

**Answer to Count V**

84. Defendant reincorporates her responses to paragraphs 1 through 83 as if repled.

85. This paragraph is claimed statement of law to which no response is required.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. This paragraph is a supposition and not a statement of anything else, hence denied.

WHEREFORE, defendant moves that Count V, be found to be a matter decided by the German Court, of which plaintiff is a named party and has notice be denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant.

**Prayer for Relief**

WHEREFORE, defendant is further responding to the Prayer for Relief would request that this court deny each and every prayer for relief and/or damages, at law or at equity or both and that this court deny any and all requested relief for attorney fees, compensatory damages, punitive damages and all other damages, including costs and that denied and dismissed and that the plaintiff take nothing, with costs and other relief allowed to defendant. Defendant would further request that the matter be stayed pending

resolution of said pending case, entitled Suit of Maria Louise Bissonnette, plaintiff against Estate of Dr. Max Stern . . . represented by the Executors and Trustees, before the County Court of Cologne, Chamber of Civil Rights, 101 Luxemburger Street, 50939 Cologne, Germany.

**FIRST DEFENSE**

This court lacks jurisdiction.

**SECOND DEFENSE**

The complaint fails to set forth an action at law and/or at equity.

**THIRD DEFENSE**

Failure to join an indispensable party.

**FOURTH DEFENSE**

The plaintiff's decedent, Dr. Stern, upon whom its standing is predicated, has filed a claim of ownership and/or damages in connection with the subject painting and other paintings with the German Court and/or German Government on or about 1964, and has received full judgment and satisfaction of said claim or claims, and hence, it is precluded and/or estopped from proceeding under the doctrine of *res judicata* and/or collateral estoppel or the like.

**FIFTH DEFENSE**

There is presently pending before the said County Court of Cologne, Germany an action involving the claimed subject *res* of this action, of which the plaintiff has and had notice, before the filing of this suit and which is the proper court to determine the interest of the plaintiff and defendants herein.

**SIXTH DEFENSE**

This matter deals with events that took place in Germany in connection with the claimed painting, which is part of the *res* before said German Court and over which German law has and continues to have jurisdiction. German law is the applicable law to the instant premises, and under German law the plaintiff has no cause of action before this court.

**SEVENTH DEFENSE**

This court is obliged under comity or other legal precedent to apply German law in this matter.

**EIGHTH DEFENSE**

This action is barred by the doctrine of laches

**NINTH DEFENSE**

The action is barred by the applicable statute (s) of limitations.

**REQUEST FOR STAY**

Defendant would request that this matter be stayed pending resolution now residing before said German court.

DATED THIS 15TH DAY OF JUNE, 2006.

Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Fax (401) 944-5823
e-mail: ejmull @ cox. net

Attorney for Defendant,
Maria-Louise Bissonnette

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff, VS. MARIA-LOUISE BISSONNETTE, et al Defendants. | CA NO.: 06-211 ML CERTIFICATION OF SERVICE OF ANSWER TO COMPLAINT |

**CERTIFICATION OF SERVICE OF ANSWER TO COMPLAINT**

I, hereby certify that I mailed a true copy of the Answer to the Complaint, to the following listed attorneys of record, by United States mail, first-class, postage prepaid on this 15th day of June, 2006, VIZ:

Tillinghast Licht LLP
Glenn R. Friedemann, Esq.
10 Weybosset Street
Providence, R.I. 02903-2818

Andrews Kurth LLP
Thomas R. Kline, Esq.
L. Eden Burgess, Esq.
1350 I Street NW, Suite 1100
Washington, D.C. 2005

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

Edward John Mulligan