UNITED STATED DISTRICT COURT
District of Rhode Island

The Max Stern Estate

v. Civil Act. No. : 06-211

Maria-Louise Bissonnette, et al.

## ANSWER

Now comes the Defendant, Estates Unlimited, Inc., and by way of Answer states as follows:

1. As the allegations contained in Paragraph 1 are not a statement of the Plaintiff's claim, but rather constitute the Plaintiff's description of the "Nature of the Action", no response is required by this Defendant. To the extent that a response is required, Estates Unlimited, Inc. neither admits or denies the allegations set forth in Paragraph 1 of the Plaintiff's Complaint, but leaves the Plaintiff to its proof thereon.

2. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

3. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

4. Admitted.

5. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

6. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

7. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

8. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

Notwithstanding the foregoing, this Defendant specifically denies that it in any way cooperated with, or consented to, the improper removal of the subject painting from this district.

9.-35. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 9 through 35 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

36. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

37. Admitted.

38. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

39. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

40. This Defendant has no record of such a communication, but states that if correspondence intended for the Defendant Bissonnette was sent to Estates Unlimited, Inc., it would have been forwarded, as intended by the sender, to Bissonnette. Having no record of such communication, this Defendant is therefore without sufficient information to form a belief as to the truth or falsity of said allegations set forth in Paragraph 40 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

41. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

42. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

43. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon. However, this Defendant specifically denies that it had any knowledge of any plans on the part of the Defendant Bissonnette to remove the subject painting from the district or the United States.

44.-48. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 44 through 48 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

**COUNT I**

49. As the claim set forth in Count I is not asserted against this Defendant, no reply is required. To the extent that a reply is deemed to be required, this Defendant restates and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 48 above, and further states as follows:

50- 57. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 50 through 57 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

## COUNT II

58. As the claim set forth in Count II is not asserted against this Defendant, no reply is required. To the extent that a reply is required, this Defendant restates and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 57 above, and further states as follows:

59. This Defendant concedes that there appears to be a dispute as to ownership of the painting as between the Plaintiff and the Defendant Bissonnette. This Defendant, however, is not a party to that dispute.

60. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

## COUNT III

61. This Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 60 above.

62. Denied.

63. Denied.

64. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

65. Denied.

66. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

67. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**COUNT IV**

72. This Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 71 above.

73. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.. Notwithstanding the foregoing, this Defendant specifically denies having any knowledge of the Defendant Maria-Louise Bissonnette's alleged transferring of the

subject painting out of Rhode Island to another state for international shipping, and denies assisting the Defendant Maria-Louise Bissonnette in any manner with respect to any such activities that she may have undertaken.

74. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

75. Denied.

76.-83. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 76 through 83 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

**COUNT V**

84. This Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 83 above.

85. As the allegations contained in Paragraph 85 are not a statement of the Plaintiff's claim, but rather constitute the Plaintiff's description of the nature of its claim undercount V, no response is required by this Defendant. To the extent that a response is required, Estates Unlimited, Inc. neither admits or denies the allegations set forth in Paragraph 85 of the Plaintiff's Complaint, but leaves the Plaintiff to its proof thereon, and further specifically denies any basis for liability to the Plaintiff for conversion of the Painting.

86. Denied.

87. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

88. With respect to the Defendant Maria Louise Bissonnette, this Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation contained in Paragraph 88 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon. With respect to the allegations alleging this Defendant's cooperation with Bissonnette, denied.

89. With respect to the Defendant Maria Louise Bissonnette this Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation contained in Paragraph 89 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon. With respect to the allegations alleging this Defendant's cooperation and assistance rendered to Bissonnette, denied.

90. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

91. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

92. This Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Plaintiff's Complaint and therefore denies the same, leaving the Plaintiff to its proof thereon.

93. Denied.

94. Denied.

95. Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: The Plaintiff fails to state a claim upon the Defendant Estates Unlimited Inc. upon which relief may be granted.

Second Affirmative Defense: The Plaintiff's claim against the Defendant Estates Unlimited Inc. is barred from the doctrine of laches.

Third Affirmative Defense: The Plaintiff's claim is barred by the applicable statute of limitations.

Fourth Affirmative Defense: The Plaintiff's claim is barred by the doctrine of res judicata and/or collateral estoppel.

Fifth Affirmative Defense: The Plaintiff's claim against the Defendant Estates Unlimited, Inc. is derivative of the Plaintiff's claim against the Defendant Bissonnette, and therefore the Defendant Estates Unlimited, Inc. asserts and adopts

any affirmative defense that may be available to or asserted by the Defendant Bissonnette.

WHEREFORE, the Defendant, Estates Unlimited, Inc. demands judgment as to all of the Plaintiff's claims against it, together with an award of costs, expenses, and reasonable attorneys' fees.

ESTATES UNLIMITED, INC.
By its Attorney,

Kevin F. Bowen
BREGGIA BOWEN & GRANDE
Reg: 2908
395 Smith Street
Providence, RI 02908
Tel. (401) 831-1900
Fax. (401) 831-0129

CERTIFICATE OF SERVICE

I, the undersigned, certify that on the 16th day of June, 2006, I mailed a copy of the within, postage prepaid, to Glenn R. Friedemann, Esquire, TILLINGHAST LICHT LLP, 10 Weybosset Street, Providence, RI 02903-2828, Thomas R. Kline, Esquire, ANDREWS KURTH, LLP, 1350 I Street, NW, Suite 1100, Washington, DC 20005 and, Edward Mulligan, 1220 Pontiac Avenue, Suite 303, Cranston, RI 02920