IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAX STERN ESTATE, Plaintiff | : | |
| vs. | : | C.A. No. 06-211 (ML) |
| MARIA-LOUISE BISSONNETTE, et al Defendant | : | |

**PLAINTIFF'S MOTION TO COMPEL**
**<u>DEFENDANT BISSONNETTE TO PRODUCE DOCUMENTS</u>**

Plaintiff Max Stern Estate ("Stern Estate") hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 34(b) and 37(a) and Local Civ. R. 37, to compel Defendant Bissonnette to produce documents identified in her Initial Disclosures and/or Defendant Bissonnette's Response to Plaintiff's First Request for Production, and documents concerning artwork acquired in Germany by her stepfather, Dr. Karl Wilharm, during the National Socialist era, 1933-45.

In support of this Motion, Plaintiff submits herewith its Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Bissonnette to Produce Documents.

## CERTIFICATION PURSUANT TO LOCAL RULE

Counsel for plaintiff has conferred in good faith with counsel for Defendant Bissonnette to attempt to resolve the discovery dispute set forth but has not been successful.

PLAINTIFF MAX STERN ESTATE,
By its Attorneys,

/s/ Thomas R. Kline
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice)*
thomaskline@andrewskurth.com
L. Eden Burgess (admitted pro *hac vice)*
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100 Washington,
DC 20005 Telephone: (202) 662-2700
Facsimile: (202) 662-2739

/s/ Glenn R. Friedemann
TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Dated: November 3, 2006

## CERTIFICATION OF SERVICE

I hereby certify that on the 3rd day of November, 2006, I electronically filed the Motion to Compel Defendant Bissonnette to Produce Documents and Memorandum in Support Thereof. The following participants have received e-mail notices:

L. Eden Burgess, Esq., edenburgess@andrewskurth.com

Thomas R. Kline, Esq., thomaskline@andrewskurth.com

Edward John Mulligan, Esq., ejmull@cox.net

The following participant was sent notice by U.S. mail, postage pre-paid on November 3, 2006.

Kevin F. Bowen, Esq.
Breggia Bowen & Grande
395 Smith Street
Providence, RI 02908

/s/ Glenn R. Friedemann

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;438444;1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAX STERN ESTATE, Plaintiff | : | |
| vs. | : | C.A. No. 06-211 (ML) |
| MARIA-LOUISE BISSONNETTE, et al Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**TO COMPEL DEFENDANT BISSONNETTE TO PRODUCE DOCUMENTS**

Plaintiff Max Stern Estate ("Stern Estate") submits this Memorandum of Law, pursuant to Fed. R. Civ. P. 34(b) and 37(a) and Local Civ. R. 37, in Support of its Motion to Compel Defendant Bissonnette to Produce Documents, *viz.* (1) documents in her possession or control identified in her Initial Disclosures (Ex. 1) or in Defendant Bissonnette's Response to Plaintiff s First Request for Production ("Bissonnette's Response," Exhibit 2); (2) documents concerning artworks purchased by Defendant Bissonnette's stepfather Dr. Karl Wilharm, during the National Socialist era, 1933-45, at Lempertz in Cologne, the auction house that liquidated the Stern collection at a forced sale in 1937 where Dr. Wilharm purchased the painting at issue here; and (3) documents concerning other artworks purchased by Dr. Wilharm during the Nazi period.

**PRELIMINARY STATEMENT**

Even in a case like this one with a moderate number of documents, it is critical for the parties to exchange relevant non-privileged documents that are identified in initial disclosures or are responsive to properly served discovery requests. Except for a handful, Defendant Bissonnette has failed to produce her documents, voicing no objection and asserting only that documents she identified in initial disclosures and in response to plaintiff s Requests were either

provided to her by plaintiff, are available to plaintiff or are in plaintiff s possession. Defendant Bissonnette has failed to take this step, generating uncertainty and the risk of dispute later concerning the documents in her possession at the time of discovery and those she produced. Defendant Bissonnette has also objected to two of Stern Estate's document production requests which seek, respectively, (1) documents concerning artworks Dr. Wilharm purchased from Lempertz during the National Socialist period, and (2) documents concerning other artwork purchases by Dr Wilharm in Germany during the Nazi era. By way of objection, Defendant Bissonnette claims undue burden and lack of relevance, but does little more than parrot these concepts, adding only that these events go back "some 70 years." Objection to Request for Production at 1, Exhibit 3. Having stated broad-based defenses, particularly including the equitable defense of laches, Defendant Bissonnette is unable to show that documents concerning Dr. Wilharm's Nazi-era collecting are irrelevant to this litigation; nor has she demonstrated that production of the documents sought would pose an unreasonable burden.

## NATURE OF THE CASE

In this case, Stern Estate alleges that Defendant Bisssonnette has possession and control over "Girl from the Sabiner Mountains" (the "Painting"), which she acquired from her stepfather, a physician who joined the National Socialist Party in 1932, and also served as a high-ranking officer in the Nazi Storm Troopers. Plaintiff s Complaint ("Pl. Compl.") ¶¶ 27-30. The Complaint alleges that Stern Estate's predecessor in interest, Dr. Stern, sold the inventory of his gallery, including the Painting, under orders to liquidate from the Reich Chamber for the Visual Arts – orders to be enforced by the Gestapo – forbidding him, as a Jew, from continuing to function as a dealer. Pl. Compl. ¶¶ 13-26. The Complaint also alleges that, "As a member of the

Nazi party when he took possession of the Painting in 1937, purchasing it at the liquidation auction of a Jewish-owned business, Dr. Wilharm knew or should have known that it was being sold under extreme coercion and duress." Pl. Compl. ¶46.

Defendant Bissonnette, who provided the 1937 Bill of Sale ("Rechnung") for the Painting (Exhibit 4) to the Holocaust Claims Processing Office in New York ("HCPO"), cannot claim mistake concerning the identity of the painting. Defendant Maria-Louise Bissonnette's Statement of Facts at 3. By raising laches as a defense, Defendant Bissonnette places at issue the wide sweep of equitable considerations the Court may refer to in considering whether she was prejudiced by any alleged unreasonable delay on the part of the Stern Estate in bringing this lawsuit. Those considerations include, plaintiff submits, the extent of Dr. Wilharm's knowledge that, in acquiring the Painting, he was purchasing merchandise from a Jewish business that was being liquidated under orders from the Nazi regime.

## DISCOVERY DISPUTES AT ISSUE

A. Failure to Produce Documents Identified.

Along with her Initial Disclosures (Ex. 1) and her Response (Ex. 2), Defendant Bissonnette produced only a few pages of documents, based on the statement of counsel that: "As far as I can ascertain, you have all of the requested documents... ." Bissonnettte's Response, Fax Cover Sheet, Ex. 2. By Fax messages dated September 1 and 5, 2006, from Eden Burgess to Defendant's counsel, plaintiff requested production of the documents identified in Bissonnette's Initial Disclosures. Ex. 5 and 6. Counsel's response letter of September 5 to plaintiff's counsel, provided additional documents identified as "the documents addressed to the German Courts." Letter from Mulligan to Friedemann and Kline dated September 5, 2006. Ex. 7. Plaintiff, by

counsel's letter of September 20, 2006, expressed the need for Defendant Bissonnette to produce all documents identified in her initial disclosures. Letter from Kline to Mulligan dated September 20, 2006, Ex. 8. Defendant Bissonnette has failed to respond to that letter.

B. Documents withheld under Relevance and Burden Objections.

In her Objection to Request for Production (Ex. 3), Defendant Bissonnette objected to plaintiff's tenth and eleventh Requests which seek:

10. All documents concerning or relating to any Artworks purchased by Dr. Karl Wilharm at the Lempertz auction house in Cologne, Germany during the years 1933-45.

11. All documents concerning or related to Artworks purchased by Dr. Karl Wilharm during the years 1933 to 1945.

Plaintiff's First Set of Requests for Production to Defendant Bissonnette defined "Artworks" to be "paintings, sketches, drawings, furniture, rugs, decorative objects, ceremonial objects, clocks, and other collectible items." Ex. 9 at 4. Defendant Bissonnette responded only: "Defendant's objection is posited on the grounds that the same are too onersome [sic], overbearing, to [sic] far back in time – going back some 70 years, are not relevant, are unduly burdensome and will not lead to discoverable evidence." Ex. 3.

Plaintiff requested that Defendant Bissonnette produce documents withheld under her burdensomeness and relevance objections (Letter from Kline to Mulligan dated Oct. 27, 2006 (Ex. 10)), but has received no response. Plaintiff submits that (1) Defendant Bissonnette has no justification for withholding documents she claims plaintiff possesses and (2) cannot satisfy the substantial burden entailed in sustaining her burdensomeness and relevance objections. Only by responding fully to plaintiff's requests can the litigation proceed with the level of transparency

envisioned by Rule 26 of the Federal Rules of Civil Procedure.

## ARGUMENT

Contrary to Defendant Bissonnette's objections, the discovery plaintiff seeks is limited, focused and well-within the accepted bounds of discoverable material. At the same time, Defendant Bissonnette bears a heavy burden to sustain her failures to produce and her objections. "In discovery it is the objector who has the (considerable) burden on issues of relevancy." Williams v. Internal Revenue Service, 188 B.R. 721, 727 (Bankr. D.R.I. Oct. 24, 1995). She also bears a heavy burden to establish burdensomeness. American Oil Co. v. Pennsylvania Petroleum Products Co., 23 F.R.D. 680, 683 (D.R.I. 1959) (discovery objected to "must be shown to be unduly burdensome and oppressive.")

"One of the primary objectives of the discovery provisions embodied by the Federal Rules of Civil Procedure is elimination of surprise in civil trials." Erskine v. Consolidated Rail Corn., 814 F.2d 266, 272 (6th Cir. 1987). The purpose of pre-trial discovery is to make litigation "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor and Gamble & Co., 356 U.S. 677, 682 (1958). Pre-trial discovery is designed to avoid "trial by ambush." Ierardi v. Lorillard, 1991 WL 158911, *3 (E.D.Pa. Aug. 13, 1991).

A. Defendant Bissonnette's Failure to Produce Documents.

Defendant Bissonnette has simply no reason for failing to produce concededly relevant documents she identified in her Initial Disclosures and/or Responses. Parties must produce all materials reasonably calculated to lead to the discovery of admissible evidence (Fed. R. Civ. P. 26(b)(1)), regardless of whether those materials are in the other party's possession or otherwise available. Mrs. Bissonnette's refusal to produce documents that are either public or equally

available and accessible to the other party is improper, and constitutes an evasive or incomplete disclosure. St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000). *See also* Ramsay v. G.C. Evans Sales & Mfg. Co., 196 B.R. 114,115 (Bankr. E.D. Ark. Jan. 12, 1996) (party "is entitled to any properly discoverable documents in the possession or control of the trustee whether or not the defendant already has the documents.").

B. Defendant Bissonnette's Relevance and Burden Objections.

There are substantial reasons why Defendant Bissonnette bears the burden of proof on her relevance and burdensomeness objections. This Court has also observed that:

> It is well established that the range of discovery under [Fed. R. Civ. P. 26(b)] is extremely broad... If there is some legitimate relevance to the requested information and if no cognizable privilege attaches, it ought to be discoverable - at least in the absence of some countervailing consideration, e.g., that production would be disproportionately onerous or burdensome... .

Bennett v. La Pere, 112 F.R.D. 136,138 (D.R.I. 1986). Defendant Bissonnette may not merely recite the rule, but must establish the basis for her burdensomeness and relevance objections. Vague, broad and conclusionary objections are improper and constitute a waiver. Objections which "axe assertions that the discovery requested is overly broad, burdensome, oppressive or irrelevant are ordinarily insufficient, standing alone, to bar" discovery. Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 685 (D.Kan. 1991). Or as explained by the court in Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996):

> Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. *See, e.g.,* Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa. 1980). An objection to an interrogatory or

> document request must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is "overly broad and burdensome" or "oppressive" or "vexatious" or "not reasonably calculated to lead to the discovery or admissible evidence."

In her objections, Defendant Bissonnette has done little more than recite the traditional litany that it would be burdensome for her to produce the documents plaintiff seeks concerning Dr. Wilharm's Nazi era art collecting activities which, she claims, are not relevant, in any event. Ex. 3. It is manifestly insufficient for her to merely claim that: "Defendant's objection is posited on the grounds that the same are too onersome [sic], overbearing, to [sic] far back in time - going back some 70 years, are not relevant, are unduly burdensome and will not lead to discoverable evidence." Ex. 3. Defendant Bissonnette, who found the Bill of Sale for the Painting, could, for all that appears, just as readily locate and produce other documents concerning art her stepfather purchased from the Lempertz auction house, or elsewhere, during that time.

Nor, in light of her laches defense, can Defendant Bissonnette succeed in carrying her burden of demonstrating that records of Dr. Wilharm's art collecting activities are not relevant. According to the New York Court of Appeals, which applies the laches defense to cases, like this one, seeking recovery of personal property alleged to have been stolen, laches "places the burden of investigating the provenance [history of ownership or possession] of a work of art on the potential purchaser." Solomon R. Guggenheim Foundation v. Lubell, 569 N.E.2d 426, 431 (N.Y. 1991). Laches is a broad equitable concept that calls into question the conduct and state of mind of both parties. Only by reviewing the records concerning Dr. Wilharm's Nazi-era art acquisitions can plaintiff investigate the extent to which Dr. Wilharm acquired art from Jews selling under coercion, and therefore would have been likely to understand the risk of purchasing the Painting.

## CONCLUSION

For all of the foregoing reasons, plaintiff Stern Estate asks that this Honorable Court order Defendant Bissonnette to produce all documents (1) that she has simply failed to produce because her lawyer believes the Stern Estate already has them; and (2) documents responsive to plaintiff's Requests Nos. 10 and 11 seeking records in her possession or control concerning Dr. Wilharm's Nazi-era art purchases from the Lempertz auction house or elsewhere in Germany.

Respectfully submitted,
PLAINTIFF MAX STERN ESTATE,
By its Attorneys,

/s/ Thomas R. Kline
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice)*
thomaskline@andrewskurth.com
L. Eden Burgess (admitted pro *hac vice)*
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100 Washington,
DC 20005 Telephone: (202) 662-2700
Facsimile: (202) 662-2739

/s/ Glenn R. Friedemann
TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Dated: November 3, 2006