# EXHIBIT 8

ANDREWS ATTORNEYS KURTH LLP

1350 I Street, NW
Suite 1100
Washington, DC 20005
202.662.2700 Phone
202.662.2739 Fax
andrewskurth.com

Thomas R. Kline
202.662 2716 Phone
thomaskline@andrewskurth.com

September 20, 2006

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920

Re: *Stern Estate v. Bissonnette, et al.*, Civil Act. No. 06-211 (ML)

Dear Mr. Mulligan:

Thank you for your letter dated September 5, 2006 regarding the above-referenced case, received at this office on September 11, responding to my facsimile messages of September 1 and 5, 2006 requesting production of the documents identified in Mrs. Bissonnette's Initial Disclosure. Your letter attaches a copy of the German "suit papers" and the bill of sale for Dr. Dr. Karl Wilharm's purchase of "Mädchen aus den Sabiner Bergen" ("Girl from the Sabiner Mountains") ("Painting"), but the documents are not bates stamped and no other identified documents are produced.

In response to your letter, I repeat the Stern Estate's request that documents referred to in Mrs. Bissonnette's Initial Disclosure be provided to us, properly stamped with bates numbers to control their use in the litigation, as we have done with the Stern Estate documents. Your explanation that the documents are already in the Estate's possession, or publicly available, or available to the Estate from other sources, are inadequate excuses for Mrs. Bissonnette's failure to produce them at this time. Parties must produce all materials reasonably calculated to lead to the discovery of admissible evidence (Fed. R. Civ. P. 26(b)(1)), regardless of whether those materials are in the other party's possession or otherwise available. Mrs. Bissonnette's refusal to produce documents that are either public or equally available and accessible to the other party is improper, and constitutes an evasive or incomplete disclosure. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000). *See also Ramsay v. G.C. Evans Sales & Mfg. Co.*, 196 B.R. 114, 115 (Bankr. E.D. Ark. 1996) (party "is entitled to any properly discoverable documents in the possession or control of the trustee whether or not the defendant already has the documents.").

Your prompt production to us of all documents identified in Mrs. Bissonnette's disclosures – properly bates stamped – will greatly facilitate the speedy and efficient litigation of

this dispute. Continuing to avoid or postpone these responsibilities will only lead to greater costs and delays for all concerned. I therefore thank you in advance for your prompt attention to this request.

I am also attaching Plaintiff's First Set of Requests for Production to Defendant Bissonnette.

Sincerely,

Thomas R. Kline

Enclosure

cc: Glenn R. Friedemann, Esq.