# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| Plaintiff, | § | |
| v. | § | Civil Act. No. 06-211 (ML) |
| Maria-Louise Bissonnette, *et al.* | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BISSONNETTE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Max Stern Estate ("Stern Estate") hereby requests that Defendant Maria-Louise Bissonnette produce, for the purposes of inspection and copying by the Plaintiff, the documents and things described in these requests in its possession, custody or control at the offices of the Plaintiff's counsel, Tillinghast Licht LLP, 10 Weybosset Street, Providence, RI 02903-2818 on or before thirty (30) days from the date hereof.

**INSTRUCTIONS AND DEFINITIONS**

The following terms are defined as set forth below and apply to the following requests for production:

1. If any document requested herein is withheld on the basis of any claim of privilege or work product, you are requested to submit in lieu of any such document a written statement: (i) identifying the person who prepared or authored the document and, if applicable, all persons to whom the document was sent or shown, (ii) specifying the date on which the document was prepared or transmitted, (iii) identifying the subject matter of the document, (iv) describing the nature of the document (e.g., letter, telegram, etc.), (v) stating briefly why the

document is claimed to be privileged or to constitute work product, and (vi) identifying the paragraph of the document request to which the document relates. If any document in any way relates to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

2. In the event that a requested document has been destroyed, you are requested to submit in lieu of any such document a written statement no later than the date of the commencement of the inspection: (i) identifying the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown, (ii) specifying the date on which the document was prepared or transmitted, (iii) identifying the subject matter of the document, (iv) describing the nature of the document (e.g., letter, telegram, etc.), (v) stating the date and manner of its destruction and the reason for its destruction, (vi) stating the name, title and address of the person who destroyed the document or authorized its destruction, and (vii) identifying the paragraph of this request to which the document relates.

3. Documents produced shall be produced either (i) in the manner and file in which they are kept in the usual course of business or as currently retained by you; or (ii) in files organized and labeled to correspond with the categories in these requests.

4. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. These requests are continuing; supplemental responses must be served seasonably pursuant to Fed. R. Civ. P. 26(e) if further or different documents or information become known to you subsequent to the date you respond to these requests.

7. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34 and includes, but is not limited to, any written or graphic matter of any kind or character however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however, produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs or any other media. For the purpose of this definition, "matter" shall include, but shall not be limited to paper, cards, tapes, film, electronic facsimile, electronic mail in any form, electronic notes, spreadsheets, computer storage devices, video discs, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, contracts, letters of intent, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material, which is in your possession, custody, or control or in the possession, custody, or control of your present or former affiliates, agents, representatives, attorneys, or any and all persons acting on your or their behalf.

8. "Identify," when referring to documents, means to set forth, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s) of the documents.

9. "Painting" means the oil painting on canvas by Franz Xaver Winterhalter entitled "Mädchen aus den Sabiner Bergen" ("Girl from the Sabiner Mountains").

10. "Bissonnette" means and includes Plaintiff Maria-Louise Bissonnette, her husband Conrad Bissonnette, her/his/their lawyers, employees, agents, and any person purporting to act on her/his/their behalf in connection with the Painting.

11. "HCPO" means the Holocaust Claims Processing Office in New York, a division of the State of New York's Banking Department, or any employees or agents thereof.

12. "Artworks" means paintings, sketches, drawings, furniture, rugs, decorative objects, ceremonial objects, clocks, and other collectible items.

**REQUESTS FOR PRODUCTION**

1. All documents identified or described in Bissonnette's Initial Disclosures, dated September 1, 2006 or in Edward John Mulligan's letter to Glenn R. Friedemann and Thomas R. Kline dated September 5, 2006.

**RESPONSE:**

2. All documents referred to, relied upon, or otherwise utilized in drafting and compiling Bissonnette's Initial Disclosures, dated September 1, 2006.

**RESPONSE:**

3. All documents submitted to the court in Cologne, Germany in connection with the lawsuit Bissonnette filed there in or about April 2006 regarding the Painting.

## CERTIFICATE OF SERVICE

I the undersigned hereby certify that on September 20, 2006, the foregoing **Plaintiff's First Requests for Production of Documents to Defendant Bissonnette** were served by facsimile and first-class U.S. mail, postage prepaid, on the following:

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920
*Counsel to Defendant Maria-Louise Bissonnette*

Kevin F. Bowen, Esq.
Breggia, Bowen & Grande
395 Smith St.
Providence, RI 02908
*Counsel to Defendant Estates Unlimited*