UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al Defendants | CA NO.: 06-211 ML<br><br>OPPOSITION MEMORANDUM IN SUPPORT OF DEFENDANT MARIA-LOUISE BISSONNETTE'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL |

OPPOSITION MEMORANDUM IN SUPPORT OF DEFENDANT MARIA-LOUISE BISSONETTE'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES the defendant, Maria-Louise Bissonnette, who, by and through her attorney, files this Opposition Memorandum in Support of her Objection to the Plaintiff's Motion to Compel.

Introduction and background:

This matter deals with disputed title to a claimed painting entitled, "Girl from Sabiner Mountains" (hereinafter "Painting"), that was purchased by the plaintiff's step-father—who is long-since dead—at an auction in Germany, in 1937, almost 70 years ago. Moreover, as stated in the Complaint, decedent Max Stern, in 1964, sought and obtained relief in the German court in connection with the paintings sold at the 1937 subject auction. *See* paragraph 33 of the Complaint.

At present, the Painting is before the German court, sitting in Cologne, Germany, in an acknowledged case, which involves the above parties and ownership interest thereto.

( Defendant would suggest that that the German court, which has jurisdiction over the Painting and parties, would be the most convenient forum and this matter should be stayed in the meanwhile.)

Defendants also contest that the value of the Painting meets the required federal jurisdictional amount.

The plaintiff's step-father was a physician, and, as such, in 1937, was an officer in the German army, at the time he purchased the Painting at auction, by an old and established auction house-- Lempertz Auction House of Cologne Germany. Germany. See e.g. ¶¶ s 11-20.

Defendant left Germany, after the war and is an American citizen. She is now in her 80's.

As can be understood because of the faraway time, and subsequent war devastation, and distance, defendant has scant information and what little information that defendant has in connection with the subject matter Painting was turned over to the plaintiff or the plaintiff's representative before the filing of suit.

In connection with "Initial Disclosure," plaintiff forwarded two large wallet packets of documents, may of which are in the German language. Contained within this large bundle of documents are, as far as plaintiff's counsel can ascertain, all of the requested documents in the possession and control of defendant, with the exception of the items sought and objected to in Plaintiff's requests Nos. 10 and 11, to wit:

> 10. All documents concerning or relating to any Artworks purchased by Dr. Karl Wilharm at the Lampertz auction house in Cologne, Germany during the years 1933-45.
> 11. All documents concerning or related to Artworks purchased by Dr. Karl Wilharm during the years 1933 to 1945.

ARGUMENT

With the exception of the items sought in Nos. 10 and 11, plaintiff's motion appears to be posited on the fact that defendant merely identified the requested documents, as being copies of the copies in the possession of the plaintiff, rather than again copying the same and attaching them to the response to the motion to compel—not the plaintiff's liking.

As can be seen, for example, in the defendant's Response to the First Request for Production, which is attached to the plaintiff's motion papers as Exhibit 3, which consists of 17 pages, at page 3 of 17, to wit:

No.1 All documents identified or described in Bissonnette's Initial Disclosures, dated September 1, 2004 or in Edward John Mulligan's letter to Glenn R. Friedemann and Thomas R. Kline, dated September 5, 2006.

RESPONSE:

The documents addressed to the German Courts would have been the prior litigation papers filed by Dr. Stern. The present litigation papers filed on behalf of my client, of which Plaintiff's counsel already has copies, so none are attached. For example the pending case is shown in SE00720 etc. It would appear that to seek to have defendant attach copies of these copies would have been duplicative, cumulative and/or otherwise cumbersome. (The Bates SE numbers are those placed on the copies by plaintiff.) *See* FRCP 26(b) (2).

Upon receipt of plaintiff's last letter, dated October 27, 2006, a copy whereof is attached to plaintiff's motion papers, plaintiff demanded an immediate response concerning the response to production. Defendant responded the day of the receipt of the mailed letter, as to whether or not plaintiff wished to have the documents, which are copies of the

copies sent by plaintiff to defendant with its Initial Disclosure, by the Bates Number or whether plaintiff wanted defendant to make a copy of these heretofore sent copies and forward those. As of the date of this Memorandum, no response has been received as to what the plaintiff's identification or copy preferences are.

Also, contrary to plaintiff's assertion in its October 27, 2006 letter, defendant had attached to the Response, Exhibit Numbers as to the documents that were attached therewith. Here, we are simply dealing with an individual, who has some few documents concerning a Painting that was purchased almost 70 years ago,
by her step-father, in a country that she has left, at the end of World War II, more than fifty years ago.

Also, to the best of the knowledge of defendant's counsel., where all such scant documents are in the hands the plaintiff. Thus, there are no surprises here. What really seems to be involved is how the plaintiff wants the documents, copies of which it already has, to be otherwise listed or identified. Hence, defendant, at this point, would consider this motion, in that regard, to be somewhat premature.

As to the two items, which have been objected to. The main issue is whether or not the same "will lead to discoverable evidence." FRCP 26(b)(1); *see Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 591 (W.D.N.Y. 1996).

The matter at hand is the Painting purchased in 1937. Not any paintings purchased or obtained thereafter. It is extremely doubtful that any paintings obtained by the deceased doctor, after 1937 and during World War II would have any discovery or evidentiary significance or lead in the slightest to discoverable evidence that existed at the time of the

Painting—in 1937. Here, plaintiff does not claim that defendant is in possession of any other paintings to which plaintiff has an interest. Or, how events that took place after 1937 somehow translate into knowledge that the plaintiff's step-father would have or ought to have had in 1937.

This is simply a fishing expedition and nothing more and it is a fishing expedition in the wrong stream, as well.

WHEREFORE, defendant moves that plaintiff's motion to compel be DENIED.

DATED: At Cranston, Rhode Island this 4th day of November, 2006.

Respectfully submitted,

/s/ *Edward John Mulligan*
Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Tel (401) 944-5820
Fax (401) 944-5823
Attorney for Marie-Louise Bissonnette

CERTIFICATION OF SERVICE

I hereby certify that I electronically mailed a copy of the foregoing Objection Supporting Memoranda on behalf of defendant Maria- Louise Bissonnette by e-mail to the following counsel of record:

Glenn R. Friedemann, Esq.: gfriedemann@tllaw.com

Thomas R. Kline, Esq., and
L. Eden Burgess, Esq. c/o: thomaskline@andrewskukrth.com

and by United States mail, postage pre-paid, all on November 4, 2006.

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

DATED THIS 4th DAY OF NOVEMBER, 2006

*/s/ Edward John Mulligan*