**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT BISSONNETTE**
**TO PRODUCE DOCUMENTS**

Plaintiff Max Stern Estate ("Stern Estate") submits this Reply Memorandum of Law, pursuant to Fed. R. Civ. P. 34(b) and 37(a) and Local Civ. R. 37, in Support of its Motion to Compel Defendant Bissonnette to Produce Documents. Stern Estate's Motion seeks production of documents: (1) in her possession or control identified in her Initial Disclosures or in Defendant Bissonnette's Response to Plaintiff's First Request for Production ("Def. Bissonnette's Response"); (2) concerning artworks purchased by Defendant Bissonnette's stepfather Dr. Karl Wilharm, during the National Socialist era, 1933-45, at the Lempertz auction house that liquidated the Stern collection at a forced sale in 1937 where Dr. Wilharm purchased the painting at issue here: "Girl from the Sabiner Mountains" (the "Painting"); and (3) concerning other artworks purchased by Dr. Wilharm during the Nazi period.

**<u>IDENTIFIED DOCUMENTS NOT PRODUCED</u>**

Defendant Bissonnette's Reply does not deny that she has failed to produce documents identified in her Initial Disclosures or in Def. Bissonnette's Response. Defendant says she refuses to produce these documents because Stern Estate has, "as far as plaintiff's counsel can ascertain, all of the requested documents in the possession and control of defendant . . . ." Opposition Memorandum in Support of Defendant Maria-Louise Bissonnette's Objection to Plaintiff's Motion

to Compel ("Opposition Memorandum"), November 4, 2006, at 2. By counsel's letter of October 30, 2006, Defendant Bissonnette also expresses an inability to understand the documents Stern Estate seeks in discovery. Exhibit A, hereto. The answer could not be simpler; plaintiff seeks those documents identified in her Initial Disclosures, in Def. Bissonnette's Response or in both. See Letter from Kline to Mulligan dated November 13, 2006. Exhibit B. Defendant Bissonnette's counsel's unsworn statement that he believes the Stern Estate has all of these documents does not satisfy the standards of openness and clarity required by the Federal Rules. Stern Estate is entitled to make this determination for itself and, without a complete production by Defendant Bissonnette, Stern Estate does not know which documents Defendant Bissonnette has, nor can it be certain it has all of those documents. Plaintiff Stern Estate requests that Defendant Bissonnette produce the actual documents in her possession pursuant to Plaintiff's request, and with her own Bates numbers. The contention of Defendant Bissonnette that the documents that would be produced by her will simply be similar to the documents already produced by the Stern Estate is by itself, confusing, and raises more issues than it answers. The production of the actual documents in her possession, with her own Bates numbers, would resolve any confusion by the litigants or the Court with respect to the production. Stern Estate's request for these documents would appear to be both simple and unobjectionable, and Defendant Bissonnette has articulated no reasonable basis for failing to produce them.

**DOCUMENTS CONCERNING DR. WILHARM'S NAZI-ERA ART BUYING**

Defendant Bissonnette also has no principled basis for objecting to production of the limited number of documents in her possession concerning her stepfather's other Nazi-era art acquisitions. More specifically, Stern Estate document Requests Nos. 10 and 11 seek:

> 10. All documents concerning or relating to any Artworks purchased by Dr. Karl Wilharm at the Lempertz auction house in Cologne, Germany during the years 1933-45.

> 11. All documents concerning or related to Artworks purchased by Dr. Karl Wilharm during the years 1933 to 1945.

Defendant Bissonnette originally objected to these requests primarily on the grounds that it would be unduly burdensome to produce the documents and, secondarily, that the documents are not relevant to the litigation or likely to lead to relevant, admissible evidence. Objection to Request for Production, October 18, 2006, Exhibit 3 to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Bissonnette to Produce Documents (Plaintiff's Mem.). In her Opposition, Defendant Bissonnette presses only her relevance objection, thereby recognizing that she never had any basis for advancing her burdensomeness objection. This concession is unsurprising, since Defendant Bissonnette located the Bill of Sale for the Painting and provided it to the Holocaust Claims Processing Office in New York. See *Rechnung* ("Bill of Sale"), Exhibit 4 to Plaintiff's Mem. These requests undoubtedly relate to a small group of documents that are readily available to Defendant Bissonnette.

Citing no cases from this District or even this Circuit concerning the standard to be applied by the Court in ruling on her relevance objection, Defendant Bissonnette essentially admits, as she must, that she has an extremely heavy burden in this Court to establish that the documents sought are not discoverable.[1] In her argument, Defendant Bissonnette merely accuses Stern Estate of engaging in a fishing expedition, arguing that "It is extremely doubtful that any paintings obtained by the deceased doctor, after 1937 and during World War II would have any discovery or evidentiary significance or lead in the slightest to discoverable evidence that existed at the time of the Painting--in 1937." By this objection, Defendant Bissonnette appears to concede that she has no objection to document requests Nos. 10 and 11, to the extent they seek production of documents

---

[1] It is, in any event, impossible to see what comfort Defendant Bissonnette draws from *Buchanan v. Consolidated Stores Corp.,* 206 F.R.D. 123 (D. Md. 2002) (company-wide discovery of racial demographics ordered), or *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589 (W.D.N.Y. 1996) (discovery of indirect profits allowed); in each case, the court overruled defendant's relevance objections to discovery.

concerning other purchases by Dr. Wilharm at the 1937 Lempertz auction, other 1937 art purchases, or earlier Nazi era art acquisitions, but that she only objects to producing documents concerning purchases occurring after 1937 and before the Nazis fell from power in 1945. Defendant Bissonnette's distinctions in this regard are difficult to understand and appear to concede the relevance of documents, if she has any, concerning art purchases by Dr. Wilharm in 1937 and before.

Lacking a burdensomeness objection, Defendant Bissonnette has no basis to withhold Dr. Wilharm's Nazi-era art acquisition documents, if they are of any colorable relevance to this litigation. As previously noted, this Court has observed that:

> It is well established that the range of discovery under [Fed. R. Civ. P. 26(b)] is extremely broad. . . . If there is some legitimate relevance to the requested information and if no cognizable privilege attaches, it ought to be discoverable--at least in the absence of some countervailing consideration, *e.g.*, that production would be disproportionately onerous or burdensome . . . .

*Bennett v. La Pere*, 112 F.R.D. 136, 138 (D.R.I. 1986). Here, Defendant Bissonnette -- who voices no "countervailing consideration" -- has invoked the broad-based defense of laches, asserting that she has been unduly prejudiced by unreasonable delay on the part of the Stern Estate in bringing this lawsuit and asking the Court to weigh the equities between herself and the Stern Estate.

Since Defendant Bissonnette acquired possession of the Painting through an intra-family transfer, she has no independent purchase on which to base a claim that she acquired the work in good faith and would not have done so, had Dr. Stern or the Stern Estate been more diligent in publicizing or promoting their claim. Thus, to the extent Defendant Bissonnette will rely on her laches defense, she must argue that Dr. Wilharm could not have known that he was taking a risk by buying artwork that was available on the market due to the persecution of the Jewish minority in Germany during the Nazi era.

By her objection, Defendant Bissonnette implicitly acknowledges that her stepfather, Dr. Wilharm, acquired other artwork during the Nazi era. Dr. Wilharm's other Nazi-era art purchases are relevant to Stern Estate's ability to understand the facts on which Defendant Bissonnette's laches defense may turn. By reviewing the records concerning Dr. Wilharm's other Nazi-era art acquisitions, plaintiff can investigate whether Dr. Wilharm acquired art from Dr. Stern or from other Jews who were selling under coercion, and therefore the extent to which Dr. Wilharm would have known the risk of purchasing the Painting.

## CONCLUSION

For all of the foregoing reasons, plaintiff Stern Estate asks that this Honorable Court order Defendant Bissonnette to produce documents (1) identified in her Initial Disclosures or in Def. Bissonnette's Response; and (2) responsive to plaintiff's Requests Nos. 10 and 11 seeking records concerning Dr. Wilharm's Nazi-era art purchases from the Lempertz auction house or elsewhere in Germany.

Dated: November 16, 2006

__/s/ Thomas Kline__________
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

__/s/ Glenn Friedemann ______
TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

CERTIFICATION OF SERVICE

I hereby certify that on the 16th day of November, 2006, I electronically filed the Reply Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Bissonnette To Produce Documents. The following participants have received e-mail notices:

L. Eden Burgess, Esq., edenburgess@andrewskurth.com

Thomas R. Kline, Esq., thomaskline@andrewskurth.com

Edward John Mulligan, Esq., ejmull@cox.net

The following participant was sent notice by U.S. mail, postage pre-paid on the 16th of November, 2006.

Kevin F. Bowen, Esq.
Breggia Bowen & Grande
395 Smith Street
Providence, RI 02908

/s/ Glenn R. Friedemann