UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAX STERN ESTATE | : | |
| | : | |
| v. | : | C.A. No. 06-211ML |
| | : | |
| MARIA-LOUISE BISSONNETTE, et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion to Compel Defendant Bissonnette to Produce Documents. (Document No. 15). A hearing was held on November 28, 2006. After reviewing the memoranda filed by the parties and listening to the arguments of counsel, Plaintiff's Motion to Compel is GRANTED for the reasons set forth below.

**Background**

The subject of this diversity action is a 19th Century painting known as "Girl from the Sabiner Mountains" (the "Painting"). Plaintiff's predecessor in interest, Dr. Max Stern, took ownership of the Painting in 1934 when he inherited an art gallery from his father in pre-World War II Nazi Germany. Dr. Stern fled Nazi Germany in 1937 after he was ordered to liquidate the art gallery inventory because it was Jewish-owned. Dr. Stern, who was Jewish, died later in 1987. Plaintiff alleges that the art, including the Painting, was "sold at well below market value." Compl., ¶ 22.

Plaintiff alleges that Defendant Bissonnette acquired the Painting by inheritance from either her step-father, Dr. Karl Wilharm, or her mother, Baroness von Morsey Pickard. Compl. ¶ 30. Dr. Wilharm apparently purchased the Painting in 1937 at a liquidation conducted by the

Lempertz auction house in Cologne, Germany. Id., ¶¶ 16-17 and 27. Plaintiff alleges that Dr. Wilharm was a Nazi party member, high-ranking member of the Storm Troopers and was "interned" for a period after World War II by American occupation forces due to his previous Nazi party affiliation and activity. Id., ¶¶ 27 and 29. Plaintiff challenges Defendant Bissonnette's ownership of the Painting and seeks return because "[a]s a member of the Nazi party when he took possession of the Painting in 1937, purchasing it at the liquidation auction of a Jewish-owned business, Dr. Wilharm knew or should have known that it was being sold under extreme coercion and duress." Id., ¶ 46.

**A. Failure to Produce Documents Identified**

In her Initial Disclosures and Response to Plaintiff's First Request for Production, Defendant Bissonnette identified several responsive documents but did not produce copies of them or make them available for inspection as required by Fed. R. Civ. P. 34. Defendant Bissonnette indicated that production of the documents was not necessary because some were "produced earlier by defendant, prior to suit," some were received by Defendant from Plaintiff and "Plaintiff's counsel already has copies" of some. Defendant Bissonnette points out that Plaintiff's Initial Disclosure (comprising two large wallet packets of documents) contained "all of the requested documents in the possession and control of defendant, with the exception of the items sought and objected to in Plaintiff's requests Nos. 10 and 11."

Defendant Bissonnette has provided no legal authority for the position that she is excused from producing responsive documents in her possession, custody or control, simply because she believes that Plaintiff already has them. This Court assumes that Defendant Bissonnette's position was intended to save time and expense since there is presently no evidence before this Court

suggesting that her intent was to be evasive or obstructionist. However, the confusion and litigation caused by Defendant Bissonnette's position has wasted, rather than saved, the time and resources of the parties and this Court.[1] Plaintiff served a Request for Production on Defendant Bissonnette and is entitled to actual production of responsive documents in her possession, custody or control regardless of whether Plaintiff may already have the documents. Thus, Plaintiff's Motion to Compel is GRANTED as to Request Nos. 1 through 9. Defendant Bissonnette shall, within twenty days of the date of this ORDER, produce copies of all responsive documents that she has failed to produce because her counsel believes Plaintiff already has them.

**B. Request Nos. 10 and 11**

These requests seek all documents concerning or relating to other art work purchases made by Dr. Wilharm during the years 1933 to 1945. In her opposition to Plaintiff's Motion to Compel, Defendant Bissonnette challenges the relevance of these requests. However, without waiving her objection, Defendant Bissonnette recently produced several responsive documents in her Supplemental Response.

Plaintiff contends that Defendant Bissonnette's objection is unsupported and should be overruled because the requested documents are relevant. Plaintiff also argues that it does not "believe" that Defendant Bissonnette has produced all the responsive documents in her possession, custody or control, and, in particular, that the produced documents reference certain correspondence and other documents which are also responsive and have not been produced.

This Court agrees with Plaintiff that Defendant Bissonnette's objections to Request Nos.

[1] Defendant Bissonnette filed a Supplemental Discovery Response (Document No. 19) on the eve of the hearing which attempts to provide clarification about the specific documents in dispute. However, the Supplemental Response simply adds more confusion to the issue.

10 and 11 should be overruled. The documents requested are relevant to both Defendant Bissonnette's equitable defense of laches, see Answer of Defendant Bissonnette, Eighth Affirmative Defense, and to Plaintiff's claim that "Dr. Wilharm knew or should have known that [the Painting] was being sold under extreme coercion and duress" when he "took possession" of it in 1937. See Compl., ¶ 46. Thus, Plaintiff's Motion to Compel is GRANTED as to Request Nos. 10 and 11. Defendant Bissonnette's objection is overruled and she shall, within twenty days of the date of this ORDER, produce all additional documents in her possession, custody or control which are responsive to Request Nos. 10 and 11 including documents referenced in the documents recently produced as part of Defendant Bissonnette's Supplemental Response.

So ordered.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 30, 2006