**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S OBJECTION TO DEFENDANT BISSONNETTE'S 12(b) MOTION TO DISMISS AND/OR FOR STAY**

Plaintiff Max Stern Estate ("Stern Estate" or "Plaintiff") hereby objects, pursuant to Fed. R. Civ. P. 12(b) and Local Civ. R. 7(b)(1), to Defendant Maria-Louise Bissonnette's ("Defendant Bissonnette" or "Defendant") 12(b) Motion to Dismiss and/or For Stay.

In support of this Objection, Plaintiff submits herewith its Memorandum of Law in Support of Plaintiff's Objection and the exhibits attached thereto, including the Declarations of German lawyer Dr. Ulf Bischof of the Berlin law firm of Bischof & Paetow and of Anna B. Rubin, Deputy Director of the New York State Banking Department's Holocaust Claims Processing Office.

WHEREFORE, Plaintiff respectfully requests that Defendant Bissonnette's Motion to Dismiss and/or For Stay be DENIED.

Dated: December 18, 2006

ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on December 18, 2006, the foregoing was served by first-class U.S. mail, postage prepaid, and by Federal Express for overnight delivery, on the following:

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920
*Counsel to Defendant Maria-Louise Bissonnette*

Kevin F. Bowen, Esq.
Breggia, Bowen & Grande
395 Smith St.
Providence, RI 02908
*Counsel to Defendant Estates Unlimited*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO DEFENDANT BISSONNETTE'S**
**12(b) MOTION TO DISMISS AND/OR FOR STAY**

ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

# TABLE OF CONTENTS


INTRODUCTION ..... 1

ARGUMENT ..... 4

A. *Forum non conveniens* ..... 4

1. Defendant Bissonnette has not demonstrated that Germany is an adequate alternative forum ..... 5

2. Defendant Bissonnette has not demonstrated that considerations of convenience and judicial efficiency strongly favor Germany ..... 7

a. Contrary to Defendant's claim, Germany does not have a greater interest in this proceeding than Rhode Island ..... 9

b. Contrary to Defendant Bissonnette's claim, Germany does not provide the most relative ease of proof access and witnesses ..... 10

c. Contrary to Defendant Bissonnette's claim, the application of law does not favor trial in Germany ..... 11

d. The balance of factors weighs strongly in favor of retaining jurisdiction ..... 11

B. International Comity ..... 12

1. Defendant has not shown that the German proceeding involves sufficiently similar parties and issues ..... 14

2. Adequate relief is not available to Plaintiff in Germany ..... 14

3. Issues of fairness to and convenience of the parties, counsel, and witnesses do not favor staying this proceeding ..... 15

4. Defendant would not be prejudiced by the retention of jurisdiction in this proceeding ..... 15

5. The German proceeding is not entitled to priority on the grounds that it was filed first ..... 16

CONCLUSION ..... 20




WAS:124973.5

**TABLE OF AUTHORITIES**

*Affinity Memory & Micro v. K&Q Enterprises*, 20 F. Supp. 2d 948 (E.D. Va. 1998)..................19

*Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg and Feldman Fine Arts, Inc.*, 917 F.2d 278, 287 (7th Cir. 1990) ..................9

*Bank of Credit & Commerce International (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241 (2d Cir. 2001)..................7

*Black & Decker Corp. v. Sanyei America Corp.*, 650 F. Supp. 406 (N.D. Ill. 1986)..................15

*Boatmen's First National Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638 (8th Cir. 1995) ..................17, 18

*Bodner v. Banque Paribas*, 114 F. Supp. 2d 117 (E.D.N.Y. 2000)..................12

*BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 429 F. Supp. 2d 1179 (E.D. Mo. 2006)..................12

*Budget Rent-a-Car Corp. v. Miljack, Inc.*, 760 F. Supp. 135 (N.D. Ill. 1991) ..................19

*Centennial Life Insurance Co. v. Poston*, 88 F.3d 255 (4th Cir. 1996)..................20

*China Trade & Development Corp. v. M.V. Choong Yong*, 837 F.2d 33 (2d Cir. 1987) ..................13

*Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7 (1st Cir. 1987) ..................17

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)..................13, 14

*Dragon Capital Partners v. Merrill Lynch Capital Serv., Inc.*, 949 F. Supp. 1123 (S.D.N.Y. 1997)..................12

*Ensign-Bickford Co. v. ICI Explosives USA Inc.*, 817 F. Supp. 1018 (D. Conn. 1993) ..................12

*ESI, Inc. v. Coastal Power Prod. Co.*, 995 F. Supp. 419 (S.D.N.Y. 1998) ..................11

*Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L.*, 692 F. Supp. 83 (D. R.I. 1988)..................5, 6, 10

*Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979)..................18

*Federal Insurance Co. v. May Department Stores Co.*, 808 F. Supp. 347 (S.D.N.Y 1992)..................19

*G.B.C. Nigeria (Ltd.) v. M.V. Sophia First*, 588 F. Supp. 76 (S.D.N.Y. 1984)..................10

*Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248 (D. Mass. 1999) ....................... 4, 13, 14

*Great American Insurance Co. v. Houston General Insurance Co.*, 735 F. Supp. 581 (S.D.N.Y. 1990) ........................................................................................ 19

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ................................................................ 7

*Holmes Group, Inc. v. Hmailton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12 (D. Mass. 2000) ........................................................................................ 17

*Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944 (1st Cir. 1991) ............................................... 8

*Iragorri v. International Elevator, Inc.*, 203 F.3d 8 (1st Cir. 2000) ............................................... 5

*Kunstsammlungen zu Weimar v. Elicofon*, 536 F. Supp. 829 (E.D.N.Y. 1981) ................ 10, 11, 15

*Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909 (D.C. Cir. 1984) ............. 13

*Madanes v. Madanes*, 981 F. Supp. 241 (S.D.N.Y. 1997) .................................................... 13, 14

*Malewicz v. City of Amsterdam*, 362 F. Supp. 2d 298 (D.C. Cir. 2005) ........................................ 7

*Mercier v. Sheraton International, Inc.*, 935 F.2d 419 (1st Cir. 1991) ................................ 5, 9, 10

*Mercier v. Sheraton International, Inc.*, 981 F.2d 1345 (1st Cir. 1992) ........................................ 8

*Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) ................... 13

*Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708 (1st Cir. 1996) .......................................... 5, 7

*Ocean Shelf Trading, Inc. v. Flota Mercante Grancolombiana S.A.*, 638 F. Supp. 249 (S.D.N.Y. 1986) ........................................................................................ 10

*Ontel Products, Inc.v. Project Strategies Corp.*, 899 F. Supp. 1144 (S.D.N.Y. 1995) ........... 18, 19

*Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41 (2d Cir. 1996) ....................................................... 8

*Piper Aircraft Company v. Reyno*, 454 U.S. 235 (1981) .................................................... 4, 9, 11

*Reebok International v. Dunkadelic, Inc.*, 2004 U.S. Dist. LEXIS 3167 (D. Mass. Mar. 2, 2004) ........................................................................................ 17

*Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45 (1st Cir. 1990) ........................................................................................ 5



WAS:124973.5

*Securities and Exchange Commission v. Banner Fund International*, 211 F.3d 602 (D.C. Cir. 2000) .......... 13, 18

*Solomon R. Guggenheim Foundation v. Lubell*, 77 N.Y.2d 311, 569 N.E.2d 426, 567 N.Y.S.2d 623 (N.Y. 1991) .......... 10

*Standard Quimica de Venezuela, C.A. v. Central Hispano International, Inc.*, 989 F. Supp. 74 (D. P.R. 1997) .......... 8

*Turner Entertainment Co. v. Degeto Film*, 25 F.3d 1512 (11th Cir. 1994) .......... 15

*Ungar v. The Palestinian Authority*, 153 F. Supp. 2d 76 (D. R.I. 2001) .......... 6

*United States v. Nippon Paper Industrial Co., Ltd.*, 109 F.3d 1 (1st Cir. 1997) .......... 12

*Veryfine Products, Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16 (D. Mass. 2000) .......... 17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT BISSONNETTE'S 12(b) MOTION TO DISMISS AND/OR FOR STAY

Plaintiff Max Stern Estate ("Stern Estate" or "Plaintiff") submits this Memorandum of Law, pursuant to Fed. R. Civ. P. 12(b) and Local Civ. R. 7(b)(1), in Support of its Objection to Defendant Maria-Louise Bissonnette's ("Defendant Bissonnette" or "Defendant") 12(b) Motion to Dismiss and/or for Stay ("Defendant's Motion").

## INTRODUCTION

Defendant Bissonnette, who lives within sight of the Courthouse and who brought the painting at issue in this case "*Mädchen aus den Sabiner Bergen*" ("Girl from the Sabiner Mountains") (the "Painting"), into this jurisdiction and sought to sell it here, asks the Court to dismiss or stay the case on grounds of *forum non conveniens* or, in the alternative, to dismiss or stay the matter under the doctrine of international comity, in favor of a lawsuit she says she filed in Cologne, Germany. Neither prong of her motion can withstand scrutiny.

As a resident of this judicial district, defendant acknowledges -- as she must -- that the Court has "jurisdiction and proper venue." (Def.'s Mem. in Supp. of 12(b) Mot. to Dismiss and/or Stay at 4 ("Def.'s Mem.").) Thus, Defendant has a heavy burden to convince the Court to stay its hand in one way or another or under one theory or another, since the only facts presented

concededly show that the case is properly filed and proceeding here in this Court. Even though: (1) the facts establish jurisdiction and venue; (2) Defendant bears all burdens when asking the Court to exercise its discretion not to go forward in hearing a case properly lodged; and (3) Fed. R. Civ. P. 12(b)(1) allows facts to be submitted in connection with a motion concerning the jurisdiction of the Court, Defendant has, nonetheless, failed to place the relevant facts before the Court, beyond reciting allegations of Plaintiff's Complaint -- not by way of affidavit, declaration, deposition, document or otherwise. Defendant has, therefore, failed to provide the Court with a record sufficient to support a decision to dismiss or stay these proceedings.

In contrast, plaintiff submits that the record fully supports allowing this case to go forward, as it has been doing up to now, with the parties having submitted their Statements of Fact and Law, exchanged their Initial Disclosure statements (*see* Initial Disclosure of Def. Bissonnette ("Bissonnette Discl."), Exhibit 1), and served and responded to written discovery, and the Court having ordered Defendant Bissonnette to provide additional documents responsive to Plaintiff's requests. (Mem. and Order dated Nov. 30, 2006.) Per Defendant's Answer, there is no question that: (1) she is a citizen of the United States and a resident and domiciliary of this District (Answer to Compl. by Maria-Louise Bissonnette ¶ 3 ("Ans.")); (2) the Lempertz auction house in Germany sold works consigned to it by Dr. Max Stern, including the Painting (Ans. ¶ 17); (3) Dr. Wilharm was her stepfather and she inherited or otherwise obtained the Painting from him (Ans. ¶¶ 28, 30); (4) she consigned the Painting to Defendant Estates Unlimited here in Rhode Island (Ans. ¶ 37); (5) she refused the demand of the Stern Estate, communicated to her by the Holocaust Claims Processing Office ("HCPO") of the New York State Banking Department, that she return the Painting (Ans. ¶ 41); and (6) she negotiated with the Stern Estate, through the good offices of the HCPO (Ans. ¶ 42). It is also clear that Defendant Bissonnette

spirited the Painting out of the jurisdiction -- and the country -- in the midst of settlement discussions after being informed that the Stern Estate was contemplating litigation. (*See* Decl. of Anna B. Rubin dated December 15, 2006 (Exhibit 2); Letter from Sherri North Cohen to John J. Weltman dated Mar. 30, 2006 and attached Press Release dated Mar. 23, 2006 (Exhibit C to Rubin Decl., Exhibit 2).)

According to Defendant's Initial Disclosures, there are no witnesses whatsoever that she can identify, either in Germany or the United States, who may have evidence in connection with this cause. (Bissonnette Discl. at 1 (Exhibit 1).) Nor are there relevant documents in Germany, other than those she claims to have "filed with the German Court(s) . . . ." (*Id.*) There is, as well, not a single undisputed fact before the Court concerning the status of that proceeding, except Defendant's claim that she filed it. Against this background, it is difficult to see any colorable basis for Defendant Bissonnette's Motion to Dismiss or Stay.

Defendant's *forum non conveniens* argument is all but frivolous. To prevail on this argument, she must demonstrate that the interests of justice and convenience will be served by forcing the Estate to go forward with its replevin and conversion claims in Germany even though: (1) she has not argued that her convenience, or that of the Stern Estate, would be served; (2) she cannot identify a single document or witness located in Germany; (3) she cannot show that Germany has an interest in this case superior to the United States; and (4) she has made no attempt to show that a German forum would be adequate for the Estate's claims, and the likelihood is the Estate would have no claim there at all. (Decl. of Dr. Ulf Bischof (Exhibit 3).)

Defendant Bissonnette's comity argument fares no better. This Court may only surrender jurisdiction where a weighing of relevant factors demonstrates exceptional circumstances. Given that (i) Defendant has not shown that the alleged German proceeding involves sufficiently

similar parties and issues to the instant proceeding; (ii) adequate relief is unlikely to be available to Plaintiff in Germany due, *inter alia*, to the German statute of limitations; (iii) issues of fairness and convenience favor retaining the action in the United States; (iv) Defendant is unlikely to be prejudiced by retention of this proceeding in the United States, but Plaintiff will face a very real risk of prejudice if the Court were to dismiss or stay this proceeding; and (v) the alleged German declaratory proceeding constitutes nothing more than an attempt by Defendant to preempt Plaintiff's selection of forum in a coercive suit, no such exceptional circumstances can be shown to exist.

Whether Defendant seeks a dismissal or a stay of this proceeding is a distinction without a difference because Stern Estate would be required to litigate its claims in Germany, in either event. As a neighboring court noted, "in many circumstances a stay is tantamount to dismissal." *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 252 (D. Mass. 1999). Plaintiff submits that Defendant's motion should be denied in its entirety.

## ARGUMENT

### A. *Forum non conveniens*

Defendant Bissonnette claims that the instant proceeding should be dismissed and/or stayed on *forum non conveniens* grounds (Def.'s Mem. at 3-8), a drastic remedy that must be exercised with caution and restraint. A properly filed case may be dismissed or stayed on this basis when "trial in the [plaintiff's] chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems' . . . ." *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 241 (1981).

The doctrine of *forum non conveniens* does not prohibit a court from entertaining a case it ought to hear, but rather, protects courts from being compelled to maintain cases when doing so

would be fundamentally unfair to the defendant, the public or both. A party seeking dismissal or stay on *forum non conveniens* grounds bears a heavy burden of demonstrating both that an "adequate alternative forum" is available to the plaintiff and that "considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000); *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996) ("the defendant must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum" (*citing Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 423-24 (1st Cir. 1991) ("*Mercier I*"), *cert. denied*, 508 U.S. 912 (1993))), *cert. denied,* 520 U.S. 1155 (1997). Defendant Bissonnette has made neither of the two required showings.

**1. Defendant Bissonnette has not demonstrated that Germany is an adequate alternative forum**

Defendant has not sufficiently demonstrated that Germany is an adequate alternative forum available for Plaintiff. In this Circuit, "[d]ismissal [on *forum non conveniens* grounds] in one forum is only proper upon *a supported finding* that another adequate forum exists where the plaintiff can litigate essentially the same claim." *Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 48 (1st Cir. 1990) (emphasis added). The adequacy of the alternative forum must be affirmatively established by Defendant. *See, e.g., Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L.*, 692 F. Supp. 83, 87 (D. R.I. 1988) ("where the adequacy of the alternative forum is 'not established,' it 'cannot be presumed' "). This Court "cannot begin to evaluate whether an alternative forum is adequate . . . *without some degree of proof* as to whether the alternative forum has jurisdiction over the subject matter and all defendants and offers a remedy which is substantially the same as the one available in this

Court." *Ungar v. The Palestinian Authority*, 153 F. Supp. 2d 76, 100 (D. R.I. 2001) (emphasis added), *cert. denied*, 2005 U.S. LEXIS 8637 (Nov. 28, 2005). Yet, Defendant offers no proof that Germany would be an adequate and available forum beyond her claim that "the decedent . . . has . . . sought succor and relief before the German courts in connection with the subject auction and painting sold thereat." (Def.'s Mem. at 4.)

That the decedent sought and obtained some relief from the German court in 1964, more than 40 years ago, in a temporary forum that was specially created to address post-War compensation claims against the West German government as successor to the Third Reich, is not relevant to a determination of whether a German court is an adequate and available forum at this time for Plaintiff's replevin and conversion claims. Defendant's conclusory assertion that "plaintiff[] cannot argue that . . . the German forum is inadequate" and that "Plaintiff Estate cannot argue that there are any legal or political obstacles to pursuit of relief in Germany" (Def.'s Mem. at 5), are not only unsupported, they are wrong. (Bischof Decl. ¶ 4 (Exhibit 3).) Defendant cannot shift the burden of proof from herself to Plaintiff; she must affirmatively demonstrate an adequate alternative forum. *Ungar*, 153 F. Supp. 2d at 100.

Nor does Defendant's claim that she filed a "suit to determine ownership of the subject painting" in Germany (Def.'s Mem. at 5) prove the adequacy of the proposed alternative forum. In *Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L.*, for example, Judge Lagueux of this Court, held that a defendant's claim "that a suit with identical issues is pending [in the proposed alternative forum] is incontrovertible evidence that an alternative forum in fact exists for the resolution of the claim . . . . [did] not assist the Court in determining whether the [proposed alternative forum] would provide an adequate alternative forum for plaintiff's claims." 692 F. Supp. at 87 (internal quotation omitted). The only evidence here shows that courts in

Germany would *not* provide an adequate alternative forum. As explained by Dr. Ulf Bischof, a Germany practitioner in the field of art restitution, Plaintiff's claims would likely be barred by Germany's 30-year statute of limitations. (*See* Bischof Decl. ¶ 4.) Thus, Germany is a patently inadequate forum. *See, e.g.*, *Malewicz v. City of Amsterdam*, 362 F. Supp. 2d 298, 307-08 (D.C. Cir. 2005) (alternative forum inadequate where "statute of limitations in the alternative forum would bar a plaintiff's claims"), *mot. to dismiss appeal as premature granted,* 2006 U.S. App. LEXIS 615 (D.C. Cir. Jan. 10, 2006); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 247 (2d Cir. 2001) ("an adequate forum does not exist if a statute of limitations bars the bringing of the case in that forum").

**2. Defendant Bissonnette has not demonstrated that considerations of convenience and judicial efficiency strongly favor Germany**

To determine whether this is one of those "rare" cases where considerations of convenience and judicial efficiency strongly favor a proposed alternative forum, a court normally weighs a number of considerations, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute with regard to domestic transfers*, 28 U.S.C. § 1404(a), looking "first to the interests of the litigants." The private factors include (i) relative ease of access to sources of proof, (ii) availability of compulsory process, (iii) comparative trial costs, (iv) ability to enforce a judgment, and (v) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 508. The public factors include (i) practical difficulties of unnecessarily imposing upon a busy court the obligation to hear a case more fairly adjudicated elsewhere; (ii) the imposition on jurors called to hear a case that has no relation to their community; and (iii) the familiarity of the court with applicable laws. *Id.* at 508-09.

Weighing the *Gilbert* factors usually starts with a presumption in favor of plaintiff's choice of forum. *Nowak*, 94 F.3d at 719 (the doctrine of *forum non conveniens* is used to avoid

'serious unfairness' and . . . plaintiff's choice of a forum will be disturbed only rarely (*citing Howe v. Goldcorp Invs., Ltd.*, 946 F.2d 944, 950 (1st Cir. 1991), *cert. denied*, 502 U.S. 1095 (1991))). Defendant Bissonnette alleges, however, that "plaintiff . . . not being [a] citizen[ ] of the United States or of the State of Rhode Island[,] [is] not entitled to deference due to United States citizens." (Def.'s Mem. at 5.) Although the deference afforded to a foreign plaintiff's choice of forum may be less than that given a United States citizen, the foreign plaintiff's selection is still entitled to some deference. *See, e.g.*, *Standard Quimica de Venezuela, C.A. v. Central Hispano Int'l, Inc.*, 989 F. Supp. 74, 79 (D. P.R. 1997) (foreign plaintiff's choice of forum entitled to "some deference" and "defendant still bears the 'heavy burden' of demonstrating that an adequate alternative forum exists"). This is "especially [true where, as here,] the defendant resides in the chosen forum." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46 (2d Cir. 1996); *see also Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1354 (1st Cir. 1992) ("*Mercier II*") ("deference accorded the plaintiff's choice of forum is enhanced when the plaintiff has chosen a forum in which the defendant maintains a substantial presence"), *cert. denied*, 508 U.S. 912 (1993). Here, Stern Estate has not sued in its home court or shopped for an obscure forum where it would receive some favor or advantage to Defendant's detriment; it has merely come to her home district. Its choice should be accorded some deference.

To support dismissal on *forum non conveniens* grounds, Defendant insists: (i) that Germany has a greater interest in the outcome of this proceeding "as Rhode Island is only a way station, so to speak" (Def.'s Mem. at 4); (ii) that "Germany provides the most relative ease of proof access and witnesses" (Def.'s Mem. at 6) and (iii) that the application of law favors trial in Germany (Def.'s Mem. at 8-9). Contrary to Defendant's claims, none of the private and public interests at issue in this proceeding tilt strongly in favor of Defendant's proposed alternative

forum. Moreover, representations in a legal memorandum are not sufficient by themselves. *See Mercier I*, 935 F.2d at 425-26 (a movant must "satisfy fully the initial burden which must be shouldered by a defendant . . . . A general recitation . . . that the alternative forum [is adequate]" is insufficient). Instead, "defendants must provide enough information to enable the District Court to balance the parties' interests." *Piper*, 454 U.S. at 258 (internal quotation omitted).

**a. Contrary to Defendant's claim, Germany does not have a greater interest in this proceeding than Rhode Island**

Defendant Bissonnette claims that "Germany has the greater interest" in this proceeding because, *inter alia*, "decedent claimed to have possessed the painting in Germany, that he obtained it from his father's gallery in Germany, and that it was later sold in Germany at auction" (Def.'s Mem. at 4), and that "Rhode Island does not have any significant interest in the painting or its ownership or in the plaintiffs." Def.'s Mem. at 8. Defendant also notes that "[t]rial in Germany would . . . avoid imposition of jury service on Rhode Island residents who[, according to Defendant,] have little relation to the subject matter of this litigation. These bold assertions fail to take into account Rhode Island's significant interest in this proceeding which concerns the Stern Estate's efforts to recover a Painting claimed to have been the subject of a sale ordered by the Nazis (Compl. ¶¶ 12-22), that is, stolen property Defendant brought into the jurisdiction, and possessed and tried to sell here. Defendant was also in this District when she refused to return the Painting, and started here when she rushed it out of the jurisdiction, after being informed Stern Estate was considering suit. Thus, Rhode Island is far more than "a way station" (Def.'s Mem. at 4); *compare Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg and Feldman Fine Arts, Inc.*, 917 F.2d 278, 287 (7th Cir. 1990) (no Swiss interest where, *inter alia*, stolen mosaics "never entered the Swiss stream of commerce").

Rhode Island has a significant interest in addressing wrongdoing by its residents and within its borders and in violation of its laws as well as in seeking to avoid becoming a "haven" for art stolen abroad. *See Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 319-20, 569 N.E.2d 426, 567 N.Y.S.2d 623 (N.Y. 1991). In light these interests, local citizens have a concomitant interest to serve as jurors. Any interest Germany may have in this proceeding -- none specified by Defendant -- are outweighed by Rhode Island's significant public policy concerns. *See Kunstsammlungen zu Weimar v. Elicofon*, 536 F. Supp. 829, 846 (E.D.N.Y. 1981) (U.S. jurisdiction in which property stolen during wartime is located and being offered for sale has a greater interest than jurisdiction in which theft took place).

**b. Contrary to Defendant Bissonnette's claim, Germany does not provide the most relative ease of proof access and witnesses**

Defendant claims "many of the witnesses and documents of this dispute are located in Germany and are in German." (Def.'s Mem. at 7.) Defendant, however, specifies neither the documents nor the witnesses. (Bissonnette Discl., Exhibit 1.) To Plaintiff's knowledge (and Defendant has not stated otherwise (*id.*)), Defendant Bissonnette, officials of the HCPO, and/or individuals associated with Estates Unlimited, are the only significant witnesses. As with other aspects of Defendant's Motion, conclusory allegations in her memorandum are not sufficient to carry her burden. *See Mercier I*, 935 F.2d at 425-26. Some "Courts have required . . . a party moving to dismiss a case for the convenience of witnesses specify the names and addresses of witnesses it expects to call." *Everett/Charles.*, 692 F. Supp. at 88 (*citing Ocean Shelf Trading, Inc. v. Flota Mercante Grancolombiana S.A.*, 638 F. Supp. 249, 251 n.4 (S.D.N.Y. 1986) and *G.B.C. Nigeria (Ltd.) v. M.V. Sophia First*, 588 F. Supp. 76, 79 (S.D.N.Y. 1984)). Defendant's failure to identify documents or witnesses in Germany, along with her residence in Rhode Island, tilt this factor strongly in favor of retaining the action in the United States.

**c. Contrary to Defendant Bissonnette's claim, the application of law does not favor trial in Germany**

Defendant claims that "the law of Germany applies to ownership" (Def.'s Mem. at 6), but has not demonstrated that German law would apply to any of the claims or defenses. In fact, United States courts typically apply U.S. law to most if not all issues in art recovery cases of this sort. For example, in *Kunstsammlungen zu Weimar v. Elicofon*, the Court held that New York law applied in determining title to paintings allegedly stolen in Germany during World War II. 536 F. Supp. at 845-46. The court held that New York, the jurisdiction in which the stolen paintings were found and offered for sale, had a greater interest than Germany, where the historical theft of the paintings had taken place. *Id.* at 846. Similarly, if the Painting were still here, *i.e.*, if Defendant Bissonnette had not secretively transported the Painting to Germany, Rhode Island would unquestionably have the greater interest, as New York did in *Elicofon*. Defendant's wrongful actions cannot be allowed change that result.

Even assuming German law applies to issues in this case, that "factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper*, 454 U.S. at 260 n.29.

**d. The balance of factors weighs strongly in favor of retaining jurisdiction**

Defendant has failed to carry her burden to show that convenience and judicial efficiency strongly favor litigating Plaintiff's claim in Germany. Instead, the factors support litigating here, as does the fact that, if Stern Estate were required to bring its claims in Germany, Plaintiff could face insurmountable hurdles. (Bischof Decl. ¶ 4.) So too, Stern Estate could find it difficult to enforce a German money judgment, which might be rendered on its conversion claim, against Defendant's assets in the United States, *see ESI, Inc. v. Coastal Power Prod. Co.*, 995 F. Supp. 419, 427 (S.D.N.Y. 1998) (it is "easier to enforce [against a U.S. defendant] . . . a judgment of a

United States court than a judgment of a[ ] [foreign] court"). These factors demonstrate that the Plaintiff's chosen forum is both appropriate and convenient for the parties and witnesses; Defendant's motion to dismiss on *forum non conveniens* grounds should be denied.

**B. International Comity**

Defendant Bissonnette, who concedes that jurisdiction and venue are proper here, also argues that the Court should relinquish jurisdiction on the basis of comity. She claims that the Court should dismiss or stay proceedings on Stern Estate's replevin and conversion claims in favor of an action she says is pending in Germany in which she seeks a declaratory order that she is the rightful owner of the Painting. Her comity argument is unfounded.

International comity "is based on the principle that recognition by domestic courts of the decisions of foreign tribunals fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." *Ensign-Bickford Co. v. ICI Explosives USA Inc.*, 817 F. Supp. 1018, 1031-32 (D. Conn. 1993) (internal quotation omitted). A court may, in some instances, defer "to another sovereign's definite law or judicial decision." *BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 429 F. Supp. 2d 1179, 1182 (E.D. Mo. 2006). However, "comity is . . . more a matter of grace than . . . obligation," *United States v. Nippon Paper Indus. Co., Ltd.*, 109 F.3d 1, 8 (1st Cir. 1997), and it "neither impels nor obliges [a] United States district court to decline jurisdiction in a particular case." *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 129 (E.D.N.Y. 2000).

Because comity is premised upon respect for another sovereign's *definitive law* or *judicial decision*, the principle ordinarily does not apply when another case is pending, but has not yet reached final judgment, in a foreign court. *See BP Chems. Ltd.*, 429 F. Supp. 2d at 1182 (" 'Comity refers to deference to another sovereign's definite law or judicial decision' and not to pending proceedings"); *Dragon Capital Partners v. Merrill Lynch Capital Serv., Inc.*, 949 F.

Supp. 1123, 1126 n.8 (S.D.N.Y. 1997) (distinguishing between "comity" and deference to pending foreign proceeding)).

Instead, the existence of two parallel proceedings will normally give rise to concurrent jurisdiction, at least until one forum renders a judgment that should be respected by the other. *See Securities and Exchange Commission v. Banner Fund Int'l*, 211 F.3d 602, 612 (D.C. Cir. 2000) ("[c]omity ordinarily requires that courts of a separate sovereign not interfere with concurrent proceedings based on the same transitory claim, at least until a judgment is reached in one action, allowing *res judicata* to be pled in defense" (internal quotation omitted) (*quoting Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 939 (D.C. Cir. 1984))); *Madanes v. Madanes*, 981 F. Supp. 241, 263 (S.D.N.Y. 1997) ("The general rule of comity is that the domestic court should exercise jurisdiction concurrently with the foreign court." (*citing China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987))). Here, the case allegedly filed in Germany has apparently not yet achieved preclusive effect (*i.e.*, Defendant does not claim judgment has been rendered), notions of international comity cannot be offended and Defendant's motion to dismiss and/or stay on grounds of comity should be denied.

Absent final judgment, "surrender of jurisdiction is justified only under exceptional circumstances." *Madanes*, 981 F. Supp. at 263 (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (noting that a federal court will abstain from exercising jurisdiction because of a pending action only in "exceptional circumstances")); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (setting out the "exceptional circumstances" approach with regard to federal abstention due to a pending state case). Especially in the international context, "[c]ourts have been hesitant to abrogate this jurisdictional duty . . . ." *Goldhammer*, 59 F. Supp. 2d at 251. The decision to "stay parallel

litigation must be balanced against the federal courts' strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id.* (internal quotation omitted).

The existence of a parallel proceeding in a foreign jurisdiction would not, if established, by itself "constitute an 'exceptional circumstance' which justifies the abdication of federal jurisdiction." *Id.* Instead, courts must look to a number of factors in determining whether to grant a stay in preference for parallel litigation in a foreign forum. These factors include:

> (1) similarity of parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions.

*Id.* at 252-53. In this proceeding, however, no exceptional circumstances exist which would justify abdicating the "virtually unflagging obligation" federal courts have to exercise jurisdiction properly conferred upon them. *See Colorado*, 424 U.S. at 817.

**1. Defendant has not shown that the German proceeding involves sufficiently similar parties and issues**

Defendant Bissonnette has not established -- by sworn Declaration or otherwise -- that the German proceeding has sufficiently similar parties and issues to the instant proceeding to give rise to considerations of comity. Thus, she has failed to demonstrate the most basic element of an international comity determination, *i.e.*, "that the parties and issues in both litigations are the same or sufficiently similar such that the doctrine of *res judicata* may be asserted," *Madanes*, 981 F. Supp. at 264 (*citing Herbstein v. Bruetman*, 743 F. Supp. 184, 188 (S.D.N.Y. 1990)).

**2. Adequate relief is not available to Plaintiff in Germany**

Nor has Defendant Bissonnette established, as she alleges, that there are "no legal or political obstacles to pursuit of relief in Germany." (Def.'s Mem. at 5.) As set forth in the Bischof Declaration (Exhibit 3), claims like Plaintiff's are typically barred by Germany's 30-

year statute of limitations. (*Id.*) Moreover, even if Plaintiff's claim were not barred on statute of limitations grounds, Plaintiff would likely face significant difficulties in enforcing any money judgment which might be rendered should it have to go against Defendant's assets in the United States. Thus, the German court cannot provide Plaintiff with adequate relief.

**3. Issues of fairness to and convenience of the parties, counsel, and witnesses do not favor staying this proceeding**

Considerations of fairness and convenience weigh in favor of retaining jurisdiction in this judicial district where defendant is domiciled. Additionally, Rhode Island has significant interests in maintaining this proceeding, including (i) rectifying wrongdoing by its residents, (ii) addressing wrongdoing that takes place within its borders and in violation of its laws, and (iii) avoiding becoming a haven for stolen art. These considerations outweigh any interests Germany may have in this proceeding. *See Kunstsammlungen*, 536 F. Supp. at 846. Furthermore, most, if not all, of the significant potential witnesses in this proceeding are located in Rhode Island or nearby in New York.

**4. Defendant would not be prejudiced by the retention of jurisdiction in this proceeding**

Defendant has not alleged prejudice in the event this Court retains jurisdiction over this proceeding. Instead, she merely claims that "since [an] action is pending in Germany, . . . this court should stay the proceedings until the Germany court determines ownership of the subject painting." (Def.'s Mem. at 12.) However, "courts regularly permit parallel proceedings in an American court and a foreign court," *Turner Entertainment Co. v. Degeto Film*, 25 F.3d 1512, 1521 (11th Cir. 1994); *see also, e.g.*, *Black & Decker Corp. v. Sanyei America Corp.*, 650 F. Supp. 406, 408 (N.D. Ill. 1986), and the mere existence of a parallel proceeding in a foreign jurisdiction is not sufficient prejudice to justify the abdication of federal jurisdiction.

Plaintiff, in contrast, would face a very real risk of prejudice if the Court were to dismiss or stay this proceeding. German statute of limitations typically applicable to these types of cases makes it unlikely that Plaintiff could bring an action in Germany to recover the subject painting.

**5. The German proceeding is not entitled to priority on the grounds that it was filed first**

Although the temporal sequence of the filing of the actions is normally a relevant factor in determining whether to surrender jurisdiction in favor of a pending foreign proceeding, Defendant's claim that she began her action in Germany "well before the filing of this suit" (Def.'s Mem. at 5) should not be given any weight. As is set forth in Plaintiff's Complaint (*see* Compl. ¶¶ 37-43), and confirmed by the Rubin Declaration, upon learning that Defendant possessed the Painting, Plaintiff made a claim with the HCPO in New York for restitution of the Painting. Shortly thereafter, acting on behalf of Plaintiff, the HCPO sent a demand letter to Defendant Bissonnette through Estates Unlimited (which had the painting on consignment from Defendant) seeking restitution of the Painting. (Letter from Sherri North Cohen to Maria L. Bissonnette dated February 8, 2006; (Exhibit A to Rubin Decl., Exhibit 2, ¶ 2).) Defendant refused to return the painting to Plaintiff as demanded by the HCPO, and negotiations ensued. However, during the pendency of negotiations, and after notice that Plaintiff intended to file suit to recover the painting (*see* Exhibit C to Rubin Decl., Exhibit 2), Defendant Bissonnette secretly moved the painting from Rhode Island to Germany where she allegedly filed an action seeking a declaratory order that she is the rightful owner. It is this alleged action that Defendant would have the court prefer. However, affording priority to the German action under these circumstances is inconsistent with equitable principles as well as relevant case law.

The body of law governing the "first-filed" rule (also called the principle of priority or the rule of exclusive concurrent jurisdiction) does not require that priority be given to every

earlier-filed case. Where lawsuits concerning the same parties and issues are pending in two different forums, priority is generally afforded to the first-filed suit. *See, e.g., Reebok Int'l v. Dunkadelic, Inc.*, 2004 U.S. Dist. LEXIS 3167, *7-8 (D. Mass. Mar. 2, 2004) ("Where identical actions are proceeding concurrently . . . the first filed action is generally preferred in a choice-of-venue decision" (*quoting Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987)). However, the first-filed rule should not be applied mechanically, *see Boatmen's First National Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 641 (8th Cir. 1995) ("[T]he first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in a manner best serving the interests of justice."), and courts have found that the "preference for the first-filed action may be overcome where (1) there are special circumstances . . . or (2) convenience favors the later-filed action." *Reebok*, 2004 U.S. Dist. LEXIS at *8-9 (*quoting Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 16 (D. Mass. 2000)).[1]

The preference afforded first-filed actions disappears "where . . . [one party] . . . misleads the [other] into foregoing litigation in order to negotiate a settlement and then files suit . . . ." *Id.* at *9 (internal quotation omitted) (*quoting Holmes*, 249 F. Supp. 2d at 16). For example, in *Ontel Products, Inc. v. Project Strategies Corp.*, the Court noted that

> [w]here a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit. Otherwise, potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation.

---

1 *See also, e.g., Veryfine Prods., Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 22-25 (D. Mass. 2000) (recognizing the "exception to the 'first filed' rule [for] . . . 'special circumstances' ").

899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). Thus, courts will typically not afford priority to proceedings where, as here, one party won the race to the courthouse simply because the other party had deferred filing a claim pending the outcome of settlement discussions. Likewise, courts depart from the first-filed rule where the first action is an anticipatory filing, *i.e.*, the action was filed after the other party gave notice of its intention to sue.[2] *See, e.g., Securities and Exchange Comm'n*, 211 F.3d at 613 ("If comity required the district court to defer to . . . court proceedings that [defendant] initiated solely for the purpose of avoiding justice in the courts of the United States, then it would be a vicious doctrine indeed."); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) ("[w]hen the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum"), *cert. denied*, 440 U.S. 908 (1979).

A substantive action, like this one, is also generally given precedence over a declaratory action, like the one Defendant describes in Germany, even if filed later. *See, e.g., Boatmen's*, 57 F.3d at 641 ("red flag[ ]" indicating that first-filed rule should be disregarded: "that the action was for declaratory judgment rather than for damages or equitable relief"). A party will often respond to the threat of a suit (or notice of a suit) by filing a declaratory relief action in an attempt to preempt the coercive claim plaintiff's selection of forum. However, if a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of preempting plaintiff's choice of forum, as it was in the instant case, the coercive suit

---

2 Defendant Bissonnette claims that "[P]laintiff . . . and its representatives are only using this court to avoid the German courts, and hastily brought suit after [they] were put on notice of the pending German court case." (Def.'s Mem. at 4-5 (emphasis in original).) However, such a claim is not supported by the evidence. Instead, it was Defendant that "ran to the courthouse" following notice of Plaintiff's intent to file an action to recover the subject painting. (*See* Exhibit C to Rubin Decl., Exhibit 2.)

is usually given precedence. *See Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y 1992) (if declaratory judgment action filed in anticipation of coercive suit to gain home field advantage, coercive suit is given precedence); *Budget Rent-a-Car Corp. v. Miljack, Inc.*, 760 F. Supp. 135, 136-37 (N.D. Ill. 1991) (federal declaratory relief suit should be stayed pending resolution of broader state suit, particularly when federal suit appears to be preemptive); *Great American Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586-87 (S.D.N.Y. 1990) (federal court sitting in diversity may defer to federal court in which coercive action subsequently filed).

Courts generally give less weight to the first-filed rule where, as here, the competing actions were filed within a short time of each other. *See, e.g., Ontel*, 899 F. Supp. at 1153 ("the [first-filed] rule is usually disregarded where the competing suits were filed merely days apart"); *Affinity Memory & Micro v. K&Q Enterprises*, 20 F. Supp. 2d 948, 954-55 (E.D. Va. 1998) (transfer to second court was appropriate where second action was filed only two weeks after first action and service or process was achieved sooner). Defendant Bissonnette admits that Stern Estate filed its action promptly, or as she says "hastily" (Def.'s Mem. at 5), that is, without letting an unreasonable amount of time pass.

Interests of convenience also favor continuing the instant proceeding since Defendant is domiciled in Rhode Island; this jurisdiction has significant interests in this proceeding; and most, if not all, the potential witnesses are located here or nearby. Furthermore, significant progress has already been made in this proceeding: the parties have already filed their Statements of Fact and Law, exchanged their Initial Disclosures, and served and responded to written discovery, in fact, discovery in this proceeding will be closed by February 28, 2007. (Pretrial Order at 1.) Unlike a petition for a declaratory order, the instant proceeding will resolve all issues related to

ownership of the subject painting. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996) (finding that jurisdiction in declaratory order proceeding was rightfully declined where, *inter alia*, all issues could be resolved in pending parallel coercive suit).

Thus, none of the comity factors support a surrender of this court's rightful jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Stern Estate asks that this Honorable Court deny Defendant Bissonnette's 12(b) Motion to Dismiss and/or For Stay.

Dated: December 18, 2006

ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

## CERTIFICATE OF SERVICE

I the undersigned hereby certify that on December 18, 2006, the foregoing was served by first-class U.S. mail, postage prepaid, and by Federal Express for overnight delivery, on the following:

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920
*Counsel to Defendant Maria-Louise Bissonnette*

Kevin F. Bowen, Esq.
Breggia, Bowen & Grande
395 Smith St.
Providence, RI 02908
*Counsel to Defendant Estates Unlimited*