**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DECLARATION OF ANNA B. RUBIN**

ANNA B. RUBIN deposes and certifies, as follows:

1. I am Deputy Director of the Holocaust Claims Processing Office ("HCPO") of the New York State Banking Department with offices at 1 State Street, New York, NY 10004. I make this Declaration at the request of the Max Stern Estate to provide such facts as may be relevant to the Court in connection with Plaintiff's Objection to Defendant Bissonnette's Rule 12(b) Motion to Dismiss or for Stay.

2. The State of New York created the HCPO in 1997 to assist individuals seeking to recover Holocaust-era looted assets. Specifically, the HCPO receives and processes claims to recover lost or looted art, as well as claims for money deposited with European banks and never returned, and claims to recover monies never paid in connection with insurance policies issued by European insurers.

3. On about January 11, 2005, the Max Stern Estate filed a claim with the HCPO, asking for assistance with recovering a number of lost or looted artworks, including a painting by Franz Xaver Winterhalter entitled "*Mädchen aus den Sabiner Bergen*" ("Girl from the Sabiner Mountains") (the "Painting"). At that time, the HCPO



WAS:125351.1

learned that Maria-Louise Bissonnette had consigned this painting to Estates Unlimited, Inc. in Cranston, Rhode Island. Beginning in February 2005, Sherri North Cohen, a Holocaust Claims Specialist in this office, operating in close consultation with me, transmitted the Stern Estate claim (Letter from Sherri North Cohen to Maria-Louise Bissonnette dated February 8, 2005, Exhibit A, hereto), and conducted negotiations with Mrs. Bissonnette, Mrs. Bissonnette's husband, their attorney John J. Weltman, and Steven M. Fusco, of Estates Unlimited, Inc.

4. The HCPO's negotiations with Mrs. Bissonnette concerning the painting included several letters back and forth, many telephone calls, and one face-to-face meeting with Mrs. Bissonnette and her husband here in our offices on State Street in New York. During those negotiations, Ms. Cohen wrote a letter to Mr. Fusco dated May 12, 2005 (Letter from Sherri North Cohen to Steven M. Fusco dated May 12, 2005, Exhibit B, hereto), in which she stated the understanding that the Painting would remain at Estates Unlimited during negotiations.

5. Based on the history of discussions, and the May 12, 2005 letter to Mr. Fusco, the HCPO certainly understood that the painting would be held at Estates Unlimited, pending the outcome of settlement negotiations.

6. Ms. Cohen also sent her letter dated March 30, 2006, Exhibit C, hereto, to Mrs. Bissonnette's attorney John J. Weltman.

7. With this understanding, Ms. Cohen and I were surprised and disappointed to learn, as we did in mid- to late April 2006, that Mrs. Bissonnette had obtained the painting from Estates Unlimited and transported it to Germany. Ms. Cohen wrote to Mrs. Bissonnette's lawyer to confirm the current location of the painting, and to invite Mrs. Bissonnette to bring the painting back to the United States and "return to the

negotiating table." Letter from Sherri North Cohen to John J. Weltman dated April 26, 2006, Exhibit D. Mrs. Bissonnette, through counsel, did confirm that the painting had been moved to Germany, but has not transported the painting back to the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 15, 2006.

ANNA B. RUBIN