STATE OF NEW YORK
BANKING DEPARTMENT
1 STATE STREET
NEW YORK, NY 10004

HOLOCAUST CLAIMS
PROCESSING OFFICE

TEL: 212-709-5583
FAX: 212-709-5592
sherri.cohen@banking.state.ny.us

April 26, 2006

VIA FACSIMILE
John J. Weltman, Esq.
Lawson & Weitzen LLP
88 Black Falcon Avenue
Boston, Massachusetts 02210

Re: Winterhalter's *Mädchen aus den Sabiner Bergen*

Dear John:

It was with immense disappointment, not to say shock, that I read the letter from your associate, Scott T. Buckley, informing the HCPO and the estate of Max Stern (the "Estate") that your client, Maria-Louise Bissonette, had (unbeknownst to the HCPO and the Estate) obtained possession of *Mädchen aus den Sabiner Bergen* (the "Painting") from the art dealer Steven M. Fusco of Estates Unlimited, Inc. in Rhode Island, and shipped the Painting out of the United States to Germany, where she has, according to Mr. Buckley, commenced an action in the German courts in Cologne for a declaratory judgment concerning ownership of the Painting.

In January 2005, when Mrs. Bissonnette withdrew the Painting from the sale, the parties agreed that the Painting would remain in Rhode Island at Estates Unlimited until the ownership dispute was resolved. My May 12, 2005 letter to Mr. Fusco, in which I stated "[a]s long as you continue to keep the painting – per our earlier agreement at Estate Unlimited's Rhode Island offices – you will not be implicated in the estate's future legal proceedings", confirmed this understanding.

More than a year ago, in my letter dated February 8, 2005, I relayed to your client the Estate's claim for restitution of the Painting and provided her with the factual basis supporting the claim. In particular, I specified that the Reich Chamber for the Visual Arts and the Gestapo had ordered Dr. Stern to dissolve his gallery and that Dr. Stern was forced to sell off his inventory at Lempertz, *i.e.*, a Nazi-approved auction house. When in November 1937, Mrs. Bissonnette's stepfather (then a member of the Nazi party) purchased the Painting at Lempertz, he undoubtedly understood that he was benefiting from the official persecution of a Jewish art dealer.

In addition, my letter of February 8, 2005 informed Mrs. Bissonnette of the HCPO's view -- based on the information it had reviewed up to that time and was providing to her -- that "the Winterhalter must be considered art stolen during the Holocaust." That same letter also communicated the New York State Banking Department's interest in assisting the parties in working out an amicable solution to the Estate's claim.

Since February 2005, we have exchanged several letters addressing the possibility of resolving the Estate's restitution claim *via* amicable settlement. During this time, never once have you even hinted that your client persuaded Mr. Fusco to return the Painting to her, that she recovered possession of the Painting, or that she had spirited it out of the country. Yet, Mr. Buckley now informs the HCPO that "it is [his] understanding that the painting has been in Germany for some time" although he does not indicate for how long.

Up until now, the HCPO has provided its services to assist parties in settling Holocaust-related claims in an atmosphere of mutual trust and respect. Your client's actions (in breach of the parties' agreement that the Painting should remain in Rhode Island at Estates Unlimited while the parties engaged in on-going negotiations) reflect bad faith and are unprecedented in our experience. Perhaps your client, presumably in spite of your advice, did not understand the seriousness of her actions in moving the Painting over state and international borders after receiving a factually supported Nazi-looted art restitution claim.

For these reasons, I extend the opportunity to and urge Mrs. Bissonette to promptly return the Painting to Mr. Fusco's auction house in Rhode Island or another mutually agreed upon auction house, withdraw the German lawsuit she has apparently commenced in Cologne, and return to the negotiating table. Please confirm by the end of this week, that is, close of business April 28, 2006, that Mrs. Bissonette has agreed to immediately take these actions.

Sincerely,
Sherri North Cohen
Sherri North Cohen, Esq.

cc: Scott T. Buckley, Esq.
Dr. Clarence Epstein
Steven M. Fusco
Dr. Willi Korte