UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al Defendants | CA NO.: 06-211 ML<br><br>DEFENDANT MARIA-LOUISE BISSONNETTE'S AFFIDAVIT IN SUPPORT OF HER 12 (b) MOTION TO DISMISS AND/OR FOR STAY |

DEFENDANT MARIA-LOUISE BISSONETTE'S AFFIDAVIT IN SUPPORT OF
HER 12 (b) MOTION TO DISMISS AND/OR FOR STAY

NOW COMES the defendant, Maria-Louise Bissonnette, who, being duly sworn, makes the following affidavit in Support of Her 12 (b) Motion to Dismiss and/or For Stay.

1. That I am the plaintiff in a case filed with the German Court in Cologne against the above plaintiff Max Stern Estate, which was filed before the filing of the above matter, as is referenced in the pleadings in the above matter.

2. That I am familiar with matters alleged in the Complaint, filed on my behalf with said Cologne Court, as I am able to speak, write, understand and translate German language, as a primary language--having grown up and educated in Germany.

3. That the subject matter of said Complaint concerns the subject painting of the above action, by Franz Xaver Winterhalter which (in English) is entitled, "Girl from Sabiner Mountains."

4. That said painting was purchased by my step-father, Dr. Karl Wilharm, M.D., at auction at the Lampertz auction house in Cologne, Germany in 1937.

5. That all of my mother's property and any interest of her into the painting were inherited by me, upon the death of my mother, Lilli Wilharm, in 1991, who estate was probated that year with the court in Dusseldorf, Germany, that deals with matters of wills and inheritance.

6. That the subject painting is in Cologne, Germany for consideration of rightful ownership by the Cologne Court.

7. That my said Complaint before the Cologne Court states that Dr. Willham obtained said painting at auction at the Lampertz auction house in Cologne, Germany in 1937, and further states:

a. That the deliverer of the painting and other paintings was Dr. Max Stern, because he was forced to give up his occupation as an art dealer in Germany because he was Jewish.

b. That the Price list was presented at the auction was the price made up by Dr. Stern.

c. That the price for the subject painting was a minimum price of 4000 RM.

d. That the price paid by Dr. Wilharm was above the minimum price set by Dr. Stern and was in the amount of 4,140 RM.

e. That the auction proceeds were remitted by the auction house to an account of Dr. Stern.

f. That Dr. Stern left Germany and emigrated to London in 1937 because of persecution.

g. That Dr. Stern pursued a compensation claim before the Dusseldorf Court in 1964.

h. That a judgment award was made to Dr. Stern by the German Court based on the auction in 1937 and the proceeds obtained.

i. That Dr. Stern's estate now claims the painting is stolen and it belongs to Dr. Stern's estate and seeks its return.

j. That plaintiff, Maria-Louise Bissonnette is the lawful owner of the subject painting and asks the Cologne Court to determine ownership.

h. That the compensations claim, which was presented before the Dusseldorf Court by Dr. Stern should be brought to a conclusion regarding said painting.

i. That the object value of the subject painting is 60,000. Euro.

k. That the subject painting was appraised by the auction house of Lampertz in the value of 50,000.00 Euro to 70,000.00 Euro.

8. That, also, I have seen and read the 1964 judgment in connection with the compensation claims brought by Dr. Stern before the Dusseldorf Court in 1964, which was an appeal from the decision of the Dusseldorf director dated 8.9.1962.

9. That the in the facts and decision of said 1964 judgment, the Court stated that:

> [I]n the summer of 1937 he was forbidden to continue working for his company for reasons of persecution.
> On November 13, 1937 he gave a major part of paintings from his gallery to be auctioned off at the auction house Lampertz in Cologne. According to the best of his recollection the auction proceeds amounted to 55,000.00 RM after deducting the expenses. . .
> Some of the paintings could not be sold off, he sold them at his gallery till December 1937 at a price which was below the the sales price . . . under normal conditions . . .
>
> * * *
>
> The plaintiff presented an estimated report from Mr. Joseph Pfeiffer in Dusseldorf . . . according to the market price at the time 1937 . . .
> The owner of the auction house Lempertz answered with a letter dated 8.4.1961 (page 213 compensation document) that the individual paintings were auctioned off at a regular price. Therefore a sale at a loss is out of the question, especially since the plaintiff set a minimum price for each position of the paintings which was not lowered. . .
>
> * * *

Moreover, the court also stated in that decision the plaintiff presented that:

The real sales value of the paintings was much higher than the obtained profit was indicated by his document of the expert Gunther Ables of Cologne.
Indeed this document is very short and the expert does not give exact information concerning the individual paintings but he agrees with the private document of the expert Joseph Pfeiffer of Dusseldorf.
Even so this document was short the Chamber does not see any reason not to follow this document.. . .
Therefore (Mr. Ables) could refer to this document (by Joseph Pfeiffer) and express his opinion that those documents are correct and it complies with the value of the paintings at that time.

* * *

It seems therefore correct, from the value of the paintings in the amount of 124,335.00 RM. to deduct a proceed in the amount of 77,768 RM., therefore the amount of 46,567.00 RM for sale at a loss damage remains.
This amount is to be converted . . . (I.e from RM into DM [present German marks].)
Therefore an amount of 8,851.50 remains in favor of the plaintiff. His further suit concerning the sale at a loss damage was denied.

10. That the subject painting was placed in exhibition in 1952, at a state museum in Kassel, Germany.

I, Maria-Louise Bissonnette have read the foregoing and state the same to be true to the best of my knowledge and belief this 28th day of December, 2006.

Maria-Louise Bissonnette
Maria-Louise Bissonnette

Subscribed and sworn to before me at Providence, R.I. by said Maria-Louise Bissonnette this 28th day of December, 2006.

Notary Public

CERTIFICATION OF SERVICE

I hereby certify that I mailed a copy of the foregoing Affidavit by United States mail, first-class, postage prepaid on December 28th, 2006 to the following counsel of record:

Tillinghast Licht LLP
Glenn R. Friedemann
10 Weybosset Street
Providence, R.I. 029203

Andrews Kurth LLP
Thomas R. Kline
L. Eden Burgess
1350 I Street NW, Suite 1100
Washington, D.C. 2005

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

*Edward John Mulligan*, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Tel (401) 944-5820
Fax (401) 944-5823