UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE,<br>Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al<br>Defendants | CA NO.: 06-211 ML<br><br>DEFENDANT MARIA-LUISE BISSONNETTE'S AFFIDAVIT AS TO PENDING SUIT IN COLOGNE, GERMANY |

DEFENDANT MARIA-LOUISE BISSONETTE'S AFFIDAVIT AS TO PENDING SUIT IN COLOGNE, GERMANY

NOW COMES the defendant, Maria-Luise Bissonnette, who, being duly sworn, makes the following affidavit as to pending suit in Cologne, Germany regarding the above parties, as follows:

1. That I am the plaintiff in a case filed with the German Court in Cologne against the above plaintiff Max Stern Estate, which was filed before the filing of the above matter, as is referenced in the pleadings in the above matter.

2. That attached hereto is a copy of the Complaint filed in said German Court, which has been translated into English (which was recently received from my German counsel, representing me in said matter).

I, Maria-Louise Bissonnette have read the foregoing and state the same to be true to the best of my knowledge and belief this 8th day of January, 2007.

Maria Luise Bissonnette
Maria-Luise Bissonnette
Dated: January 8, 2007.

Subscribed and sworn to before me at Providence, R.I. by said Maria-Luise Bissonnette this 8th day of January, 2006.

Edward John Mulligan
Notary Public

CERTIFICATION OF SERVICE

I hereby certify that I mailed a copy of the foregoing Affidavit by United States mail, first-class, postage prepaid on January 8 2007 to the following counsel of record:

Tillinghast Licht LLP
Glenn R. Friedemann
10 Weybosset Street
Providence, R.I. 029203

Andrews Kurth LLP
Thomas R. Kline
L. Eden Burgess
1350 I Street NW, Suite 1100
Washington, D.C. 2005

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

s/Edward John Mulligan
*Edward John Mulligan*, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Tel (401) 944-5820
Fax (401) 944-5823

64

# WIRTZ & KRANEIS
LAWYERS

DR HEINZ WIRTZ III (-1987)
DR KRISTIAN KRANEIS*
JOACHIM ROSSHOFF
JÜRGEN FUCHS
JÖRG REINARTZ
DR RANDOLF MOHR*
DR THOMAS KLEIN*
MANFRED MEYER **
VOLKER SCHMITZ-VOLLBRACHT
* Specialist in Tax Law
** Specialist in Labour Law

83 SACHSENRING
50677 COLOGNE

PO Box 25 03 60
50519 COLOGNE

Mailbox/Cologne Regional Court K 1810
Mailbox /Cologne Higher Regional Court K 158

Ext. : (0221) 931 93-203
Telefax : (0221) 931 93-104
E-mail : ROSSHOFF@WIRTZ-KRANEIS.DE
File No. : 0504/074 BP
**April 5, 2006**

Cologne Regional Court
Civil Chamber
101 Luxemburger Str.

50939 Cologne

***//Receipt stamp//***
***APRIL 5, 2006***

## LEGAL ACTION

Ms Maria-Luise Bissonnette, 50 Park Row West, Apt. 905, Providence, R.I. 02903-1151 (USA),

**- plaintiff -**

Legal counsel: Lawyers of the Cologne-based Wirtz & Kraneis law firm accredited at the Cologne Regional Court (Landgericht Köln)

**versus**

The estate of Dr Max Stern, City of Montreal, Canada, represented by the Executors and Trustees

a) Mr H Heward Stikeman, Q.C. 3490, Côtes-des-Neiges, Montreal, Quebec H3H 1W2, Canada
b) Mr Philip Fischell Vineberg, Q.C. 32, Summit Crescent, Montreal, Quebec H3Y 1L3, Canada
c) Mr R Fraser Elliot, Q.C. Commerce Court West 199, Bay Street, #5300, Toronto, Ontario M5L 1B8, Canada

Official interpreter/sworn translator for English, French and Spanish, duly authorized by the Higher Regional Court of Cologne, HEIKE BASOĞLU Diplom-Dolmetscherin

**- defendant -**

65



**for:** **Declaratory judgment**

**Preliminary amount in dispute:** **€ 60,000.00**

We herewith pay court costs to the sum of € 1,668.00 per attached crossed check.

In the name and by attorney of plaintiff we are bringing action at the Civil Chamber of the Cologne Regional Court (Landgericht Köln).

We **request** that

> plaintiff be declared to be the owner of the painting "Mädchen aus den Sabiner Bergen" by Franz Xaver Winterhalter and that defendant be declared to have no recovery rights with respect to this picture.

It is further **requested** that

> both pleadings and writ of summons be served abroad and that the notice to plead for defendant be set at 1 month.

In view of the necessity for documents to be served abroad, it is **requested** that

> the documents to be served be translated and the translations served.

The undersigned undertakes to personally answer for the costs in connection with the translation. We therefore ask that application be made for a corresponding advance which will then be settled immediately. However we also ask that the translation be put in hand prior to receipt of the advance payment sum so that serving of the documents can be effected as quickly as possible.

**Argumentation:**

Plaintiff was a German citizen and is called on by defendant to hand over the painting named in the motion for judgment, such painting being momentarily in Cologne.

Official interpreter/sworn translator for English, French and Spanish duly authorized by the Higher Regional Court of Cologne
HEIKE BASOĞLU
Diplom-Übersetzerin

66



Plaintiff's predecessor in title had purchased the painting named in the motion for judgment in 1937 at an auction held by Math. Lempertz, fine art auctioneers. In accordance with defendant's interpretation of the law, plaintiff did not thereby become the lawful owner as this concerns art stolen in connection with the holocaust.

Defendant's demand for the picture to be handed over is without foundation as plaintiff is the lawful owner of same.

Official interpreter/sworn translator for English, French and Spanish, duly authorized by the Higher Regional Court of Cologne
HEIKE BASOĞLU
Diplom-Übersetzerin

## I.
## Jurisdiction

In accordance with Section 23 of the German Civil Code of Procedure (ZPO) the court appealed to is competent for finding on the lawsuit both internationally and locally. The painting is in Cologne. It is to be scrutinised by Lempertz, the art dealers, to determine whether precautionary or restoration measures are necessary. In addition, the value is to be estimated in view of the intention to have the painting put up for auction.

The further inland connection of the case is satisfied by the fact that plaintiff has been a German national and the sale and transfer of ownership which are to be the subject of judicial judgment have taken place in Germany, so that even in compliance with the respectively applicable national legal stipulations of international private law - should the parties' present places of residence be invoked - German law is applicable.

## II.
## Legal Protection Requirement and Answerability as the Proper Party

Defendant makes claim to his rights regarding recovery of the painting here in dispute. In so far, defendant bases his claim on the fact that the previous owner, the art dealer Dr Max Stern, now deceased, had been forced to give up his property under the national socialist regime. Negotiations between the parties in which plaintiff offered to put the painting up for sale have taken place in connection with the asserted recovery demands. It has not been possible to reach an agreement as defendant was not prepared to pay more than 10% of the market value as estimated by him.

In this connection we submit the letter of defendant's representative to plaintiff's representative dated November 10, 2005 as

**Annex K 1.**

Should the court consider submission of a translation of this letter to be necessary, we would respectfully ask to be **informed** accordingly.

The Concordia University in Canadian Montreal is commissioned with the assertion of recovery claims relating to art property of the deceased Dr Max Stern which had been subject to confiscation or forced sale by the national socialists, and as head of special projects Dr Clarence Epstein named under defendant's recitals is responsible,

**Annex K 2.**

Due to the recovery claims asserted by defendant, an auction initiated by plaintiff on January 6, 2005 was unsuccessful as the painting was withdrawn from sale. Other auction houses have also refused to accept the painting for auction in view of the recovery claims asserted. Plaintiff wishes to sell the painting by way of auction and is therefore, in relation to defendant, dependent on the ownership status being clarified before being able so to do.

The estate, against which the lawsuit in Montreal would have to be directed and which is therefore one of the litigant parties in Germany, is legally represented by the executors and trustees of same who have been nominated in the will of the deceased Max Stern dated December 13, 1985, namely

a) Mr H. Heward Stikeman, Q.C. 3490, Cotes-des-Neiges, Montreal, Quebec H3H 1W2

b) Mr Philip Fischell Vineberg, Q.C. 32, Summit Crescent, Montreal, Quebec H3Y 1L3

c) Mr R. Fraser Elliot, Q.C. Commerce Court West 199, Bay Street, #5300, Toronto, Ontario M5L 1B8

Official interpreter/sworn translator for English, French and Spanish, duly authorized by the Higher Regional Court of Cologne
HEIKE BAŞOĞLU
Diplom-Dolmetscherin

68



The statement of claim is to be served on these persons.

## III.
## Facts of the Case

1. The former owner was Dr Karl Wilharm, Hofgeismar, plaintiff's stepfather, who named his wife, plaintiff's mother, as his heir in a personally hand-written testament dated January 7, 1945,

**Annex K 3.**

She, in turn, left her property to plaintiff who inherited from her deceased mother as per the hand-written will of May 15, 1966,

**Annex K 4.**

The estate includes the painting named in the petition. A copy of same is attached as

**Annex K 5.**

2 Dr Wilharm has bought the painting at Auction No. 392 (10-12.11.1937) held by Math. Lempertz, art dealers of Cologne. The objects to be auctioned were supplied by Dr Max Stern, an art dealer in Dusseldorf. Dr Stern was 'Jewish' in the sense of the national socialist laws. He brought the paintings in his gallery for auction because he had been forced to give up his profession as art dealer in Germany.

The auction was based on an internal price list ("non-binding estimate") drawn up by Dr Stern in which the minimum prices for a possible purchase were laid down. All in all 228 numbers were concerned. The painting from Winterhalter had delivery number 181.

Dr Wilharm purchased the painting at auction for 4,140.00 Reichsmarks. The estimated value given was 4,000.00 Reichsmarks.

Official Interpreter/sworn translator for English, French and Spanish duly authorized by the Higher Regional Court of Cologne
HEIKE BAŞOĞLU
Diplom-Dolmetscherin

69



We submit a photocopy of the invoice as

**Annex K 6.**

The proceeds of the auction were transferred to Dr Stern's account by the art dealers, Math. Lempertz.

3. As a result of the NS persecution policy Dr Stern emigrated to London in December 1937 and then later to Canada. In Montreal he successfully managed the Dominion Gallery of Fine Art, initially as manager then as partner. In later years Dr Stern was one of the most important art dealers in Canada, as a document of the National Gallery of Canada, Library and Archives, Ottawa 2003 shows. Dr Stern died in 1987.

In 1962 Dr Stern instigated a restitution process before the Dusseldorf Regional Court (Landgericht Dusseldorf) (Docket N° 26 0 (Entsch) 454/62 LG Dusseldorf). The partial judgment awarded him 8,581.50 DM on the grounds of "damages re. selling at ruinous price". The indemnification relates to the 1937 auction and the low price attained there. It is not clear which particular paintings are affected. It is certain that not all the paintings have been auctioned off in 1937. It is also not clear whether the dumping claim also relates to the picture here in dispute, as it has been purchased above the estimated value.

In the restitution case it was stated on the part of the Math. Lempertz art dealers that the pictures had been auctioned off at regular prices. It is further determined in the judgment that the auction had been properly conducted and that the auctioneer had adhered to Dr Stern's instructions. However according to the judgment which was rendered in consideration of the reductions of the burden of proof in accordance with the Federal Indemnification Act into consideration, the proceeds of the auction would actually have been higher had there been no persecution policy. Incomprehensibly, solely in view of the court finding, dumping-price damages to the sum of 46,567.00 Reichsmarks - which, converted, led to the claim for damages to the sum of 8,581.50 DM – are determined on this basis by valuation.

**Evidence:** Refer to File 26 0 (Entsch.) 454/62 LG Dusseldorf

Official interpreter/sworn translator for English, French and Spanish duly authorized by the Higher Regional Court of Cologne
HEIKE BAŞOĞLU
Diplom-Dolmetscherin

4. The painting was to have been sold by auction on January 6, 2005 by Estates Unlimited Inc. Auctioneers at an auction in Cranston, Rhode Island. Immediately before the date of the auction Ms. Sarah Jackson contacted the auctioneers on behalf of defendant and pointed out that the painting was registered in the list of works lost as a result of the persecution measures and was part of Max Stern's estate as 'stolen property'. As a result the painting was withdrawn from the auction.

The Holocaust Claims Processing Office presented the facts of the case by describing Dr Stern's fate in a letter dated February 8, 2005. The office referred to a forced sale and final misappropriation of the work of art in the course of the holocaust. Dr Max Stern's estate therefore demands that the painting be returned and handed over by plaintiff.

Plaintiff has suggested that the estate purchase the painting for an appropriate and reduced price. Defendant did not take up this offer. The estate continues to call for the painting to be handed over.

## IV.
## Legal Position

The legal action is admissible and well-founded.

1. There is a requirement for plaintiff seeking judicial relief. Plaintiff's title has been disputed. The picture has been withdrawn from the auction in Cranston. The picture is unsaleable without legal clarification of the ownership status.

2. Plaintiff is the rightful owner of the painting.

Plaintiff has herself acquired it by way of inheritance. We assume that these facts will remain undisputed. However the acquisition by her stepfather in the year 1937 is also legally non-contestable.

Official interpreter/sworn translator for English, French and Spanish, duly authorized by the Higher Regional Court of Cologne
HEIKE BASOĞLU
Diplom-Dolmetscherin

(1) Dr Wilharm has purchased the painting from the then owner at a properly conducted auction held by the Math. Lemperz fine art dealers and, in act, for more than that quoted by Dr Stern as minimum price. After bidding, Dr Wilharm paid as per the receipt dated November 13, 1937.

It is disputed that this painting has been purchased at auction "under price" in connection with persecution measures vis-à-vis Jewish fellow citizens and that there has been a case of ruinous price damages where this painting is concerned because, after all, the minimum price set by Dr Stern was outbid at the auction.

(2) But even when one assumes that - in accordance with the finding of the Dusseldorf Regional Court (Landgericht Düsseldorf) - the picture is affected by a sale under price damage and has been purchased at auction for a price below the market value as the price of 4,000.00 RM set by Dr Stern is explained by the predicament arising from the NS persecution, plaintiff cannot be expected to return ownership.

(a) However it is recognised that a "general dilemma situation" is, in accordance with Section 123 of the German Civil Code (BGB), sufficient to permit declarations of intention to be contested on the basis of unlawful threat. After the pogrom night from November 8/9, 1938, one would have to accept such a dilemma as existing from this time. For the time previous to this, which is decisive in this instance, such a dilemma cannot be assumed. This is particularly doubtful in view of Math. Lempertz, the well reputed fine art dealers having carried out the auction. In addition, they were acting for the company of a professional colleague in the neighbourhood; finally, the minimum bid set by Dr Stern for the painting in dispute has been attained and slightly exceeded.

Accordingly, plaintiff argues that, on factual grounds alone, acquisition of ownership cannot be successfully contested.

Official interpreter/sworn translator for English, French and Spanish, duly authorized by the Higher Regional Court of Cologne
HEIKE BASOĞLU
Diplom-Übersetzerin

b) Avoidance in accordance with Section 123 of the German Civil Code (BGB) is not valid in law, not even under legal aspects, for several, independent, yet concurrent reasons:

aa) Firstly, in this instance it is precisely the abstract transfer of ownership transaction which would have to be subject to the contestation prerequisites. However that can only be presumed if precisely the act of transfer itself is based on the threat. This is not the case.

bb) Secondly, Section 123 of the German Civil Code (BGB) is not applicable in as much as the reimbursement laws call for compensation, which, should the painting in dispute have been sold at a ruinous price, has already been effected in this case with respect to the picture. According to Supreme Court ruling the reimbursement laws are lex specialis to Section 123 of the German Civil Code (BGB), so that this can no longer be applied (BGHZ (Federal Supreme Court decisions in civil matters) 10, 340, 343). The reason is that reimbursement should not only result in settlement of the ordered unlawful shifting of assets within the legally prescribed deadlines, but also bring the matter to final conclusion.

cc) Finally, an action for avoidance should have been lodged within a year after the end of the period of constraint, Section 124, para. 1 of the German Civil Code (BGB). As the restitution claims have been asserted in 1962, every conceivable due date has expired. In addition, avoidance is excluded if 30 years - according to law applicable up to 31.12.2001 - and 10 years in accordance with new jurisdiction - have passed.

In conclusion it must therefore be emphasised that the - as far as is known - properly conducted auction and purchase process relating to the picture cannot be contested on the grounds of the predicament brought about by NS persecution and that defendant is not entitled to recovery claims.

Official interpreter/sworn translator for English, French and Spanish duly authorized by the Higher Regional Court of Cologne HEIKE BASOĞLU Diplom-Übersetzerin

23



Accordingly, plaintiff's ownership of the painting must be established as requested in the motion for judgment.

**V.**
**Amount in Dispute**

The amount in dispute is given as € 60,000.00. On the basis of photographs, the painting has been - provisionally - estimated by Math. Lempertz, fine art dealers, as having a value of between € 50,000.00 to € 70,000.00.

**VI.**

We respectfully request that

service of the statement of claim be put in hand without delay, following translation.

***//signature//***
(Rosshoff)
Lawyer

Certified as a correct translation of the original [signature] text.
Pour traduction certifiée conforme à l'original en langue ____________.
Es traducción exacta y fiel del texto original ____________ y para que conste firma.
Cologne / Colonia, August 22, 2006

Official interpreter/sworn translator for English, French and Spanish duly authorized by the Higher Regional Court of Cologne
HEIKE BAŞOĞLU
Diplom-Übersetzerin