**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT BISSONNETTE'S 12(b) MOTION TO DISMISS AND/OR FOR STAY**

With leave of Court granted January 5, 2007, Plaintiff Max Stern Estate ("Stern Estate" or "Plaintiff") respectfully submits this Supplemental Memorandum, pursuant to Fed. R. Civ. P. 12(b) and Local Civ. R. 7(b)(1), in response to Defendant Maria-Louise Bissonnette's Affidavits, filed on December 28, 2006 ("Defendant's Affidavit") and January 9, 2007 ("Defendant's Second Affidavit"), respectively, and in further Support of its Objection to Defendant Maria-Louise Bissonnette's ("Defendant Bissonnette" or "Defendant") 12(b) Motion to Dismiss and/or for Stay ("Defendant's Motion").[1]

## INTRODUCTION

In a presentation largely devoid of facts, U.S. citizen and Rhode Island domiciliary Defendant Bissonnette moved to dismiss or stay these proceedings on alternative grounds of

[1] On Friday, January 5, 2007, the Court granted the Stern Estate leave to file a Supplemental Objection in response to Defendant Bissonnette's December 28, 2006 Affidavit. Before the Stern Estate could file its Supplemental Objection, however, Defendant Bissonnette, on Tuesday, January 9, 2007, submitted a second affidavit attaching a copy of a Complaint she apparently filed with the German Court in Cologne. Plaintiff takes the liberty herein of assuming that leave of Court granted January 5, 2007 extends to responding to Defendant's January 9, 2007 Affidavit, as well as her December 28, 2006 Affidavit and supplements its Objection to Defendant Bissonnette's 12(b) Motion to Dismiss and/or for Stay accordingly.

*forum non conveniens* and international comity -- issues requiring intensive factual analysis by the Court.[2] Plaintiff contested Defendant's Motion on a number of more specific grounds, primarily: (1) the priority of a coercive action, such as this one, over a declaratory action, like the one Defendant apparently filed in Germany; (2) the appropriateness and convenience of this forum; (3) the obvious injustice and unfairness inherent in Defendant Bissonnette's removing the painting at issue in this case (the "Painting") from the jurisdiction -- during the pendency of settlement talks -- and racing with it to Germany in an attempt to create jurisdiction for a lawsuit she apparently filed in a Cologne courthouse; (4) the lack of an available remedy for Stern Estate in Germany; and (5) the interest of this jurisdiction in the conduct of its citizens, in remedying wrongdoing within its borders, and in preventing itself from becoming a haven for looted art.

Defendant's Affidavits add little substance to her argument for dismissal, regurgitating documents (and averments) she asserts she filed with the German court in her current case against Stern Estate, which she concedes is a declaratory action concerning ownership of the Painting (Def.'s Aff. ¶ 6), and documents she recites from post-War proceedings, which she admits concerned "compensation claims," not recovery of the Painting. (*Id*. ¶ 8.)

Defendant's Affidavits fail to support her claim that she brought the Painting to Rhode Island only "a year or so ago." (Defendant Maria-Louise Bissonnette's Mem. in Support of her 12(b) Motion to Dismiss and/or for Stay at 6.) She leaves unchallenged Plaintiff's factual showings, for example, that she removed the Painting from this State during settlement discussions after being informed that Stern Estate was considering suit. (Rubin Decl., Exhibit 2 to Plaintiff's Initial Mem.) Nor does she address the status of the current case in Germany.

[2] Defendant Bissonnette has not disputed Plaintiff's statement that a stay would be equivalent to dismissal in this case. (Mem. of Law in Support of Plaintiff's Objection to Defendant Bissonnette's 12(b) Motion to Dismiss and/or for Stay ("Plaintiff's Initial Mem.") at 4.)

Finally, Defendant provides absolutely no expert response to the Bischof Decl. which demonstrates that her chosen forum would be inadequate for Plaintiff's claims because of the German statute of limitations.

Defendant's Affidavits, like the 12(b) Motion itself, fail to justify dismissal or stay of these proceedings on either *forum non conveniens* or international comity grounds.

## ARGUMENT

### 1. *Forum non conveniens*

To prevail on a motion to dismiss (or stay) on *forum non conveniens* grounds, movant must demonstrate both that an "adequate alternative forum" is available to plaintiff and that "considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *See, e.g., Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000). Defendant's Affidavits make neither of these showings.

Defendant's Affidavits do not demonstrate that Germany is an adequate alternative forum available to Plaintiff; instead, Defendant merely contends that Stern Estate's decedent "pursued [and prevailed upon] a compensation claim before the Dusseldorf Court in 1964" (Def.'s Aff. at ¶¶ 7g-h), and demonstrates that she initiated a proceeding in "Cologne, Germany for consideration of rightful ownership" of the Painting (Def.'s Sec. Aff. at ¶ 2 and Attachment thereto; Def.'s Aff. at ¶ 6). Post-War compensation proceedings have no bearing on the present motion. Furthermore, neither Defendant's contention regarding post-War compensation proceedings nor the fact that she apparently initiated a proceeding in Germany establish the adequacy of Germany as an alternative forum. Defendant is required to provide "proof as to whether the alternative forum has jurisdiction over the subject matter and all defendants and offers a remedy which is substantially the same as the one available in this Court." *Ungar v. The Palestinian Authority*, 153 F. Supp. 2d 76, 100 (D. R.I. 2001), *cert. denied*, 2005 U.S. LEXIS

8637 (Nov. 28, 2005). Notwithstanding this obligation, Defendant's Affidavits make no attempt to demonstrate that the German court (i) has jurisdiction over the subject matter or over Stern Estate, or (ii) offers a remedy that is substantially similar to the one available to Plaintiff in this Court. Nor do Defendant's Affidavits attempt to rebut Plaintiff's assertion that its claims would likely be barred by Germany's 30-year statute of limitations.

Defendant's references to the "1964 Judgment" (Def.'s Aff. at ¶¶ 8-9) appear to be intended to address the merits of Defendant's litigation position in this forum and, on the pending Motion, can only confuse the issue. That, in 1964, Plaintiff's decedent sought and obtained monetary relief from the West German government through proceedings in a temporary post-War court set up to hear claims of persecution during the Nazi era has no relevance to this replevin and conversion proceeding. A post-War monetary award does not establish the adequacy of a German court today to hear Stern Estate's replevin and conversion claims.

Nor do Defendant's Affidavits demonstrate that interests of convenience and judicial efficiency favor Germany. In fact, the Affidavits do not address any of the factors relevant to this determination, *i.e.*, (i) relative ease of access to sources of proof, (ii) availability of compulsory process, (iii) comparative trial costs, (iv) ability to enforce a judgment, (v) all other practical problems that make trial of a case easy, expeditious and inexpensive, (vi) practical difficulties of unnecessarily imposing upon a busy court the obligation to hear a case more fairly adjudicated elsewhere, (vii) the imposition on jurors called to hear a case that has no relation to their community, and (viii) the familiarity of the courts with applicable laws. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute with regard to domestic transfers*, 28 U.S.C. § 1404(a). As such, Defendant's Affidavits neither (i) remedy Defendant's failure to demonstrate, in her 12(b) Motion, that a weighing of the relevant factors tilts strongly in favor of

her proposed alternative forum, nor (ii) rebut Stern Estate's showing, in Plaintiff's Initial Mem., that the balance tips strongly in favor of retaining jurisdiction in this proceeding.

**2. International comity**

A party seeking dismissal or stay on comity grounds must demonstrate both (i) that the parties and issues in both litigations are the same or so similar that the doctrine of *res judicata* may be asserted, and (ii) the existence of "exceptional circumstances" justifying the abdication of federal jurisdiction. *See Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251-53 (D. Mass. 1999). Although Defendant's Affidavits attempt to demonstrate the apparently pending German proceeding has parties and issues similar to this one, such a showing only addresses the first prong of the comity analysis.[3] *See id.* at 252-53. Defendant must still demonstrate existence of "exceptional circumstances" justifying the abdication of federal jurisdiction -- a showing she has completely failed to make.

Defendant's Affidavits do not address factors courts use to determine whether exceptional circumstances exist to support dismissal or stay of a proceeding on comity grounds. For example, Defendant's Affidavits do not even claim -- let alone demonstrate -- that adequate relief would be available to Stern Estate in Germany. Defendant ignores Stern Estate's argument that the Cologne court cannot provide adequate relief because claims like those herein are typically barred by Germany's 30-year statute of limitations, and because, even if Stern Estate's claims were not barred, it would likely face significant difficulties in enforcing any money judgment which might be rendered should it have to go against Defendant's assets in the United

3 The Defendant's Affidavits are silent on the doctrine that the existence of two parallel proceedings normally gives rise to concurrent jurisdiction, at least until one action reaches judgment.

States.[4] Nor do Defendant's Affidavits identify documents or witnesses in Germany or demonstrate that issues of fairness to, and convenience of, parties, counsel and witnesses favor dismissing or staying this proceeding in favor of the one allegedly pending in Germany, or that Defendant would be prejudiced by this Court's retention of jurisdiction.

Similarly, Defendant's Affidavits fail to rebut Stern Estate's contention that affording priority to the German action is inappropriate. Rather, Defendant's Affidavits *support* Stern Estate's contention that the German action seeks declaratory, rather than coercive, relief. (Def.'s Aff. at ¶ 6; Def.'s Sec. Aff. at Attachment, p. 2.) As set forth in more detail in Plaintiff's Initial Mem., a coercive action, even if later filed, is generally given precedence over a declaratory action. *See, e.g., Boatmen's First National Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 641 (8th Cir. 1995). This is especially true where, as Defendant concedes was the case here (Def.'s Sec. Aff. at Attachment, p. 3 ("Negotiations between the parties . . . have taken place in connection with the asserted recovery demands."), the declaratory suit was filed during the pendency of negotiations, and after notice that Plaintiff intended to file suit, in order to preempt Plaintiff's choice of forum. S*ee, e.g., Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y 1992) (if declaratory judgment action filed in anticipation of coercive suit to gain home field advantage, coercive suit is given precedence).

Although Defendant refers continuously to the apparently pending German proceeding (*see* Def.'s Aff. at ¶¶ 1-3, 6-7; Def.'s Sec. Aff. at ¶¶1-2), she gives no indication of the current status of that proceeding; in fact, Defendant does not allege that that proceeding has advanced

---

[4] Although Defendant asserts that she "*was* a German citizen," (Def.'s Sec. Aff. at Attachment, p. 2 (emphasis added)) she does not dispute that she is now a citizen of the United States domiciled in Rhode Island.

beyond the mere filing of the suit with the Germany court.[5] Significant progress has already been made in this case (since filing its Objection, Stern Estate has timely served its expert report and declaration on Defendant), and discovery in this proceeding is scheduled to close by February 28, 2007 (Pretrial Order at 1). Continuing forward with this action favors the twin interests of convenience and judicial efficiency.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff Stern Estate asks that this Honorable Court deny Defendant Bissonnette's 12(b) Motion to Dismiss and/or For Stay in its entirety.

Dated: January 10, 2007

/s/ Thomas R. Kline
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

/s/ Glenn R. Friedemann
TILLINGHAST LICHT LLP
Glenn R. Friedemann (R.I. Bar No. 3051)
gfriedemann@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

[5] Although Defendant's Second Affidavit attaches the Complaint apparently filed in Germany, she neglected to append any of the documents she apparently filed with the German court as attachments thereto. (Def.'s Sec. Aff. at Attachment, p. 5.)

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on January 10, 2007, the foregoing was served by first-class U.S. mail, postage prepaid, and by facsimile, on the following:

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920
*Counsel to Defendant Maria-Louise Bissonnette*

Kevin F. Bowen, Esq.
Breggia, Bowen & Grande
395 Smith St.
Providence, RI 02908
*Counsel to Defendant Estates Unlimited*

_____/s/ Miranda Perkins____