UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE,<br>Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al<br>Defendants. | CA NO.: 06-211 ML<br><br>DECLARATION OF<br>JOACHIM ROSSHOFF ATTORNEY |

**DECLARATION OF JOACHIM ROSSHOFF ATTORNEY**

COMES NOW the defendant, Maria Louise Bissonnette, who, by and through her attorney, files this Declaration of Joachim Rosshoff, Attorney at Law, in Germany. which is attached herewith as Exhibit "A."

DATED: This 25th day of January, 2007.

*Edward John Mulligan*, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Fax (401) 944-5823
e-mail: ejmull @ cox. net

Attorney for Defendant,
Maria-Louise Bissonnette

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE,<br>Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al<br>Defendants. | CA NO.: 06-211 ML<br><br>EXHIBIT "A"<br>DECLARATION OF<br>JOACHIM ROSSHOFF ATTORNEY |

**EXHIBIT "A"**

**DECLARATION OF JOACHIM ROSSHOFF ATTORNEY**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MAX STERN ESTATE**

**V.** **C.A. #06-211(ML)**

**MARIA-LOUISE BISSONNETTE**

**DECLARATION OF JOACHIM ROSSHOFF ATTORNEY**

Hereby, Joachim Rosshoff, Attorney at law in Cologne, declares the following:

I am an Attorney at law admitted to practise law by the Regional Court and the Higher Regional Court of Cologne. I am a partner of the law firm Wirtz & Kraneis, partnership, Sachsenring 83, 50677 Cologne, Germany. I hereby make the following declaration in support of the Defendant, Ms Bissonnette.

I graduated from the University of Bonn (Law School) and passed the second state examination in Düsseldorf in 1971, whereby I was admitted as Attorney.

Since 1971 I am active as Attorney in civil law matters and I am familiar with all issues arising in that field due to my 35 years' experience. In this context, I have also dealt with claims for the return of works of art.

1. I am informed about the legal dispute of Estate of Max Stern versus Ms Bissonnette. I have prepared and filed the action on behalf of Ms Bissonnette against Max Stern Estate with the Regional Court of Cologne. The action is pending before the Regional Court of Cologne since April 2006.

2. According to German law, Ms Bissonnette is the rightful ownwer of the painting. It cannot be claimed that she returns the painting or pays damages. She has inherited the painting from her mother, Mrs Lilly Wilharm. She in turn inherited the painting from her husband, Dr. Karl Wilharm, who acquired the painting in Cologne at an auction in 1937. The ownership effectively passed to him due to the knocking down at the auction by the agreement and the delivery of the painting.

3. According to German law, this is not „stolen property". The former owner, Dr. Max Stern, agreed to have the painting sold at auction, so that the ownership deliberately passed to the auction buyer.

If Dr. Stein had been forced to sell the painting, being a part of his gallery, at auction due to the National Socialist persecution, he might have been able to withdraw his declarations concerning the auction and the passing of the ownership according to Sect. 123 German Civil Code due to the existing thread. However, in fact, there could not have been any position of constraint which is legally relevant. The auction was performed by the reputed Kunsthaus Lempertz of Cologne on behalf of Dr. Sterin who was active in the neighbouring city of Düsseldorf. Dr. Stern fixed the minimum price for the painting in dispute. The price was exceeded (including the commission of 15 % of the auctioneer), and slightly fell below without considering the commission A number of paintings that did not achieve the price fixed by Dr. Stein have not been sold at auction pursuant to the files of the compensation proceedings (Regional Court of Düsseldorf, ref. no. 26 O 454/62). Accordingly, Ms. Bissonnette invokes in the legal dispute pending before the Regional Court of Cologne that the acquisition of the title cannot successfully be contested already for reasons in fact.

4. However, if a position of constraint is assumed, the contestation cannot be successful for several reasons. The contestation has to be claimed within one year after the end of the position of constraint, however, at the latest within 30 years (pursuant to the law applicable until 31 December 2001), nowadays within 10 years pursuant to the new law). These periods lapsed long ago.

Moreover, a contestation according to Sect. 123 German Civil Law is out of the question if compensation has been paid on the basis of the Restitution Law The Federal Court of Justice states in its judgement that the payment of compensation excludes any subsequent annulment of an unlawful shift of property, since the compensation is to restore the legal peace pursuant to the Federal Indemnification Law within the periods prescribed therein (decision of the Federal Court of Justice, Official Collection, volume 10, page 340, 343). The compensation proceedings of Dr. Stern have been conducted before the Regional Court of Düsseldorf which awarded compensation.

Thus it has to be stated that it cannot be contested that Dr. Wilharm acquired the title effectively.

5. It can neither be claimed that the painting be returned or damages be paid under the aspect that the painting is considered as stolen.

As we argued above, the painting cannot be considered as stolen according to German law, since it was sold at auction with the knowledge and the will of Dr. Stern. At best, the special provision of avoidance might apply.

If one supposes that the painting was nevertheless stolen, any claims for the return of the property would have become statute-barred at the latest after 30 years (Sect. 195 German Civil Code). Any claims in tort regularly become statute-barred within 3 years after accrual and knowledge of the claims, however also at the latest within 30 years (Sect. 1999 III German Civil Code).

This regulations has been made in the interest of legal certainty and legal peace. The statutes of limitation have been amended with effect from 1 January 2002. According to the previous legal situation applicable until 31 December 2001, the claims also became statute-barred after 30 years (Sect. 852 III German Civil Code, old version; Sect. 195 German Civil Code, old version).

If a third party obtains possession of a property by legal succession, the time lapsed is for the benefit of the legal successor (Sect. 198 German Civil Code).

There are no facts of suspension that could have prevented the prescriptive time from running.

Thus, it has to be concluded as follows: The ownership of the painting acquired by Dr. Wilharms and passed to Ms Bissonnette cannot be claimed back nor successfully be contested.

I assure that the above statements are true and correct.

Cologne, 25 January 2007

(Joachim Rosshoff)
Wirtz & Kraneis
Attorneys at law Partnership
Sachsenring 83, 50677 Cologne
Deutschland / Germany
Tel.: 0049 (0) 221-93193-3
Fax: 0049 (0) 221-93193-104

CERTIFICATION OF SERVICE

I, hereby certify that hand-delivered, e-mailed and/or mailed a true copy of the Answer to the Complaint, to the following listed attorneys of record, by United States mail, first-class, postage prepaid on this 25th day of January, 2007, VIZ:

Tillinghast Licht LLP
Samuel Zurier, Esq.
10 Weybosset Street
Providence, R.I. 02903-2818

Andrews Kurth LLP
Thomas R. Kline, Esq.
L. Eden Burgess, Esq.
1350 I Street NW, Suite 1100
Washington, D.C. 2005

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

*Edward John Mulligan*