UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al Defendants | CA NO.: 06-211 ML<br><br>OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW THE DEFENDANT, MARIA-LOUISE BISSONNETTE and files her Objection to the Plaintiff's Motion for Preliminary Injunction.

Defendant asserts that this is a discovery issue and is not grist for the preliminary injunction mill.

Defendant's memorandum is filed herewith.

DATED THIS 22ND DAY OF may, 2007.

:

S/*Edward John Mulligan*
Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Fax (401) 944-5823
e-mail: ejmull @ cox. net

Attorney for Defendant,
Maria-Louise Bissonnette

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE, Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al Defendants | CA NO.: 06-211 ML<br><br>MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION

TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW THE DEFENDANT, MARIA-LOUISE BISSONNETTE and files her Memorandum in Support of Defendant's Objection to the Plaintiff's Motion for Preliminary Injunction as follows:

The well-known standard for the issuance of a preliminary injunction is shown in *Maine People's Alliance and Nat. v. Mallinckrodt*, 471 F.3rd 277, 296 (1st Cir. 2007), where the First Circuit Court iterated:

> by applying the familiar four-part framework for determining the appropriateness of injunctive relief. . . the injunction-seeker 'must demonstrate: (1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the [parties], a remedy in equity is warranted; and (4) that public interest would not be disserved by a permanent injunction' *eBay Inc. v. Merc Exchange, L.L.C.* _U.S._,_, 126 S.Ct. 1837, 1839, 164 L.Ed. 2d 641 (2006).

*See also, Lusk v. Village of Cold Spring*, 475 F. 3d 480, 485 (2nd Cir. 2007), stating:

> To obtain a preliminary injunction a party must demonstrate: (1) that [he or she} will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the

> hardships tipping decidedly in its favor.
>
> * * *
> The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Defendant asserts that this is a discovery issue and it is not grist for the preliminary injunction mill, as it only deals with a discovery issue, which should have been resolved by the parties, in the first instance.

The recent pleadings show that the parties have been in earnest settlement negotiations and have asked this court to extend the deadline discovery dates. As part of those negotiations, plaintiff sought to "view" the painting in Germany.

The negotiations over settlement and "view" have been carried on by plaintiff's attorneys with Attorney Scott Buckley of Lawson & Weitzen, 88 Black Falcon Avenue, Suite 345, Boston, MA. 02210, Tel (617) 439-4990 Fax (617) a439-3987 email Post@Lawson-@Weitzen.Com.

A "bump in the road" to settlement was encountered over the situs of the "view." Plaintiff wished to have its expert view the painting at its present German locus. Boston counsel wished to have it viewed at the office of the German lawyer, who has control and custody of the painting.

Boston counsel has taken the position that a view in the attorney's office should more than suffice. Plaintiff's counsel have taken the view that they wish to be assured that the painting is kept in a suitable habitat. Boston counsel contends that it has or will answer all of Plaintiff's concerns as to the suitability of the present keeping of the paintiff.

Because this counsel was of the opinion that the matter should be resolved and there should be no need for the scheduled hearing, he has held off in filing this objection.

As of today, this counsel, in speaking with Boston Counsel and Plaintiff's counsel, is under the impression that the matter may still be resolved, but he has not been given assurance of this, as of the date of this Objection and Memorandum.

Withal, this matter involves where the painting should be viewed in Germany, especially, if settlement negations should get closer to resolution.

The present matter does not fall under the framework for a preliminary injunction, as stated, *supra*. The only issue is not the painting—but where it should be seen in Germany.

The motion for preliminary injunction should be denied.

Parenthetically, this counsel has advised the Boston counsel, the defendant, some time ago, and later, plaintiff's counsel, of his intention to seek to withdraw and was requested by Boston counsel and the defendant not to file a withdrawal, while negotiations were underway. Nonetheless, unless the parties can soon and in the immediate future resolve their differences, the matter is becoming ripe for the filing of a withdrawal.

DATED THIS 22ND DAY OF may, 2007.

S/*Edward John Mulligan*
Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Fax (401) 944-5823
e-mail: ejmull @ cox. net

Attorney for Defendant,
Maria-Louise Bissonnette

**CERTIFICATION OF SERVICE**

I hereby certify that I e-mailed and/or mailed a true copy of the forgoing Objection and Supporting Memorandum to the following listed attorneys of record, by e-mail and/or United States mail, first-class, postage prepaid on this 22nd day of May, 2007, VIZ:

Tillinghast Licht LLP
Samuel Zurier, Esq.
10 Weybosset Street
Providence, R.I. 02903-2818
szurier@tlaw.com

Andrews Kurth LLP
Thomas R. Kline, Esq.
L. Eden Burgess, Esq.
1350 I Street NW, Suite 1100
Washington, D.C. 2005
thomaskline@andrewskurth.com

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

Scott Buckley, Esq.
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
post@lawson-weitzen.com

Marie Louise Bissonnette
59 Park Row W
Apt. 905
Providence, R.I. 02903

S/ *Edward John Mulligan*
Edward John Mulligan