UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE MAX STERN ESTATE,<br>Plaintiff,<br><br>VS.<br><br>MARIA-LOUISE BISSONNETTE, et al<br>Defendants | CA NO.: 06-211 ML<br><br>MOTION TO WITHDRAW AS ATTORNEY FOR MARIA-LOUISE BISSONNETTE |

MOTION TO WITHDRAW AS ATTORNEY FOR MARIA-LOUISE BISSONNETTE

COMES NOW *Edward John Mulligan*, the attorney of record for MARIA-LOUISE BISSONNETTE, who files this Motion to Withdraw as her attorney, and in support of said Motion, says:

1. That there exists and has existed, for several months, an irreconcilable conflict between moving counsel, *Edward John Mulligan* (hereinafter "counsel") and his client, *Maria-Louise Bissonnette* (hereinafter "client") over the management, strategy, control, and resolution of essential issues in this case.

2. That there exists and has existed for several months an unresolved issue as to payment of fees.

3. That several months ago, counsel advised client to obtain new counsel.

4. That several months ago, an interest in settlement of the case, was started.

5. That at that time (and to the present) client sought and relied upon Attorneys Scott Buckley and/or John J. Weltman of Lawson & Weitzen, 88 Black Falcon Avenue,

Suite 345, Boston, MA. 02210 (hereinafter “Boston attorneys”), over the objection by counsel, to carry on said settlement negotiations.

6. That, at or about that time, client and her Boston attorneys requested counsel not file any withdrawal, because the same might impede negotiations.

7. That in order not to impede any settlement or resolution, counsel held off the filing of a motion to withdraw.

8. That in addition to negotiations regarding settlement, over which counsel has no authority, plaintiff’s counsel and Boston attorneys have had discussions and disagreements relative to the view of the painting, located in Germany, which has led to the filing of a motion for preliminary injunction.

9. Moving counsel has no meaningful role in that issue, and in order to protect the status of that matter, after it seemed to meet an impasse, had to file an objection. In said objection, counsel stated his intention to withdraw.

10. Counsel has, likewise, informed plaintiff’s attorney of his intention to withdraw.

11. Client has had more than ample time to obtain formal entry of new counsel.

WHEREFORE, counsel for Maria-Louise Bissonnette would pray that he be allowed to withdraw as her attorney and attorney of record.

DATED THIS 26 th DAY OF may, 2007.

/S/ *Edward John Mulligan*

Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Fax (401) 944-5823
e-mail: ejmull @ cox. net

Attorney for Defendant,
Maria-Louise Bissonnette

**CERTIFICATION OF SERVICE**

I hereby certify that I e-mailed and/or mailed a true copy of the forgoing Objection and Supporting Memorandum to the following listed attorneys of record, by e-mail and/or United States mail, first-class, postage prepaid on this 26th day of May, 2007, VIZ:

Tillinghast Licht LLP
Samuel Zurier, Esq.
10 Weybosset Street
Providence, R.I. 02903-2818
szurier@tlaw.com

Andrews Kurth LLP
Thomas R. Kline, Esq.
L. Eden Burgess, Esq.
1350 I Street NW, Suite 1100
Washington, D.C. 2005
thomaskline@andrewskurth.com

Kevin F. Bowen, Esq.
395 Smith Street
Providence, R.I. 02908

Scott Buckley, Esq.
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
post@lawson-weitzen.com

Marie Louise Bissonnette
59 Park Row W
Apt. 905
Providence, R.I. 02903

/S/ *Edward John Mulligan*
Edward John Mulligan