**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S CONDITIONAL ASSENT TO**
**MOTION TO WITHDRAW AS ATTORNEY FOR MARIA-LOUISE BISSONNETTE**

Max Stern Estate ("Stern Estate" or "Plaintiff") hereby states its conditional assent to the Motion to Withdraw as Attorney for Maria-Louise Bissonnette ("Bissonnette" or "Defendant") which the Court has set for hearing on June 1, 2007, along with Plaintiff's Motion for Preliminary Injunction and Request for Expedited Review.

Plaintiff understands that Edward John Mulligan has moved the Court for leave to withdraw as counsel of record for Defendant, based on the grounds stated in the Motion. Making no comment on the grounds asserted, Stern Estate conditionally assents to Mr. Mulligan's withdrawal, provided that these proceedings not be unreasonably delayed thereby, and that Defendant be required to engage substitute counsel promptly to minimize any prejudice to Plaintiff that may be caused by Mr. Mulligan's withdrawal.

Discovery in this case is presently scheduled to end on May 30, 2007, with dispositive motions due to be filed and served on June 18, 2007. Based on agreements of counsel, Plaintiff has undertaken to provide its expert report by June 8, 2007 and to respond to Defendant's request for admissions on the same date. Counsel have agreed that neither side will take any additional discovery. Plaintiff intends to move for summary judgment on or before June 18. Thus, other

than responding to issues raised by the two pending motions, Bissonnette has no obligations to the Court under the current schedule until after June 18.

Given that, since the inception of discussions with the Holocaust Claims Processing Office in New York and throughout this case, Plaintiff has been represented and/or advised, to a greater or lesser degree, by the law firm mentioned in Mr. Mulligan's Motion, the transition to new counsel could be prompt and smooth, requiring little if any delay.

WHEREFORE, Plaintiff conditionally assents to the Motion to Withdraw as Attorney for Maria-Louise Bissonnette and asks that the Court take appropriate steps to minimize any prejudice to the Stern Estate from the transition to successor counsel for Defendant. Should the Court find it necessary to adjust the current schedule, Plaintiff asks that any postponement of dates be mutual and be the minimum needed by Defendant to secure replacement counsel.

Dated: May 30, 2007

*/s/ Thomas R. Kline*
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 30, 2007, the foregoing was served electronically through ECF and by first-class U.S. mail, postage prepaid, on the following:

Edward J. Mulligan, Esq.
1220 Pontiac Avenue
Suite 303
Cranston, RI 02920
*Counsel to Defendant Maria-Louise Bissonnette*

Kevin F. Bowen, Esq.
Breggia, Bowen & Grande
395 Smith St.
Providence, RI 02908
*Counsel to Defendant Estates Unlimited*

____/s/ Miranda Perkins__