**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DECLARATION OF ROBERT S. VINEBERG IN SUPPORT OF STERN ESTATE'S MOTION FOR SUMMARY JUDGMENT**

ROBERT S. VINEBERG declares and certifies:

1. I am above the age of twenty-one and reside at 34 Forden Crescent, Westmount, Quebec, H3Y 2Y4. I am a trustee of the Dr. and Mrs. Max Stern Foundation. I am a foreign citizen, being a citizen of Canada. I provide this Declaration in support of Plaintiffs' Motion for Summary Judgment. The statements herein are based on my personal knowledge and on information available to me in my capacity as a trustee of the Dr. and Mrs. Max Stern Foundation.

2. Plaintiff Michael D. Vineberg is a trustee of the Dr. and Mrs. Max Stern Foundation. He is a foreign citizen, being a citizen of Canada residing at 93 Sunnyside Avenue, Westmount, Quebec, H3Y 1C7.

3. Plaintiff Sydney Feldhammer is a trustee of the Dr. and Mrs. Max Stern Foundation. He is a foreign citizen, being a citizen of Canada residing at 4022 Mackenzie Street, Chomedy, Laval, H7W 1M5.

4. Attached hereto as Ex. 1 is a true and accurate copy of the instruments naming Robert S. Vineberg and Michael D. Vineberg as trustees of the Estate of Dr. Max Stern

(Memoranda of the Executors and Trustees of the Estate of Dr. Max Stern (SE00902a and SE00902b)).

5. The residue of the Estate of Dr. Max Stern was conveyed to the Dr. and Mrs. Max Stern Foundation and the Trustees of the Estate of Dr. Max Stern became the Trustees of the Dr. and Mrs. Max Stern Foundation. Attached hereto as Ex. 2 is a true and accurate copy of the Certificate of Incumbency, dated May 31, 2006 (SE00902c).

6. Attached hereto as Ex. 3 is a true and accurate copy of *Highlights from the Max Stern Collection, Max Stern Chronology* (Philip Dombowsky, Project Archivist, Dominion Gallery Archives).

7. Attached hereto as Ex. 4 is a true and accurate copy of the Lempertz catalogue for auction No. 392, entitled “Die Bestand der Galerie Stern - Düsseldorf” (Inventory of Galerie Stern – Düsseldorf).

8. Attached hereto as Ex. 5 is a true and accurate copy of a Letter from Reichskammer der bildenden Künste to Stern, dated August 29, 1935.

9. Attached hereto as Ex. 6 is a true and accurate copy of a Letter from the Reich Chamber for the Visual Arts to Max Stern, dated September 13, 1937.

10. Attached hereto as Ex. 7 is a true and accurate copy of a Letter from the Reich Chamber for the Visual Arts to the Gestapo, dated December 23, 1937.

11. Attached hereto as Ex. 8 is a true and accurate copy of *Auktion 392: Reclaiming the Galerie Stern, Düsseldorf* (Faculty of Fine Arts Gallery, Concordia University, 2006).

12. Attached hereto as Ex. 9 is a true and accurate copy of the Last Will and Testament of Dr. Max Stern, dated December 13, 1985.

13. Attached hereto as Ex. 10 is a true and accurate copy of a Concordia University press release entitled *Concordia Announces the Return of an Important French Painting Lost to Max Stern During the Nazi Regime,* dated October 19, 2006.

14. Attached hereto as Ex. 11 is a true and accurate copy of an Order freezing the assets of Dr. Max Stern, dated January 26, 1938.

15. Attached hereto as Ex. 12 is a true and accurate copy of the claim filed by Dr. Max Stern on December 27, 1948.

16. Attached hereto as Ex. 13 is a true and accurate copy of the claim form filed by Dr. Max Stern in Germany, dated February 28, 1958.

17. Attached hereto as Ex. 14 is a true and accurate copy of "A Search for Lost Paintings," *Canadian Art* (Christmas 1948).

18. Attached hereto as Ex. 15 is a true and accurate copy of the Decision by Higher District Court (Landgericht) Düsseldorf in *Dr. Max Stern v. Land Nordrhein-Westfalen*, 26 O (Entsch) 454/62, dated February 24, 1964.

19. Attached hereto as Ex. 16 is a true and accurate copy of the Letter from Under-Secretary of State for External Affairs Canada to Stern, dated March 3, 1948.

20. Attached hereto as Ex. 17 is a true and accurate copy of the Letter from Secretary of State for External Affairs Canada to Victor Doré, Canadian Ambassor to Belgium, dated May 3, 1949.

21. Attached hereto as Ex. 18 is a true and accurate copy of Dominion Gallery's (that is, Dr. Stern's gallery's) advertisement of some of his lost paintings in *Die Weltkunst*, dated August 1, 1952.

22. Attached hereto as Ex. 19 is a true and accurate copy of a letter from Art Loss Register to Stern Estate, dated April 1, 2004.

23. Attached hereto as Ex. 20 is a true and accurate copy of Stern Estate's listing of the Painting on Germany's Lost Art Internet Database, lostart.de.

24. On or about January 5, 2005, the Dr. and Mrs. Max Stern Foundation ("Stern Estate") learned from the Art Loss Register that the nineteenth century painting by Franz Xaver Winterhalter, entitled "Mädchen aus den Sabiner Bergen" ("Girl from the Sabiner Mountains") ("Painting"), was on consignment to Estates Unlimited in Rhode Island. The Stern Estate knew that Dr. Stern consigned most of his inventory and private collection, including the Painting, to Kunsthaus Lempertz ("Lempertz auction house") in Cologne, Germany in 1937, and that Lempertz auction house sold the works consigned to it by Dr. Stern, including the Painting, on or about November 13, 1937, but did not know the identity of the purchaser of the Painting. The Stern Estate also did not know that the Painting survived the War. The Stern Estate also did not know the location of the Painting.

25. The Painting is unique and valuable.

26. In January 2005, the Stern Estate made a claim for restitution of the Painting with the Holocaust Claims Processing Office ("HCPO") of the New York State Banking Department. On or about February 8, 2005, acting on behalf of the Stern Estate, the HCPO sent a demand letter to Maria-Louise Bissonnette through Estates Unlimited seeking restitution of the Painting.

27. On or about April 19, 2006, the Stern Estate learned that the Painting had been removed from this district and the United States, and sent to Germany. Neither Bissonnette nor Estates Unlimited informed the Stern Estate of the plans to remove the Painting from this district

and the United States until after the removal was complete. I understood from the HCPO that Mrs. Bissonnette refused the Stern Estate's demand for return of the Painting.

28. I understand that, in early 2006, Bissonnette instituted a proceeding in Germany to obtain an order declaring her to be the owner of the Painting with title and right to possession. As of the date of this declaration, neither the Stern Estate nor any Stern Estate Trustee have been served with process in that proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2007

ROBERT S. VINEBERG



WAS:129669.3

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on June 18, 2007, the foregoing was served by first-class U.S. mail, postage prepaid, and by certified mail on:

Maria-Louise Bissonnette
59 Park Row W
Apt. 905
Providence, RI 02903

____*/s/ Miranda Perkins*___________