Uu 132 b

APPENDIX Z

UNITED STATES COURTS

OF THE ALLIED HIGH COMMISSION FOR GERMANY

# COURT OF RESTITUTION APPEALS REPORTS

Opinions Nos. 1-60

Advisory Opinion No. 1

Military Government Law No. 59, Amendments and Regulations.

Other Pertinent Laws

Rules of the Court

---

Entscheidungen 1-60

Rechtsgutachten Nr. 1

Gesetz Nr. 59 der Militärregierung, Änderungen, usw.

Verfahrensordnung

Kammergericht zu Berlin

U.S. COURTS OF THE ALLIED HIGH COMMISSION FOR GERMANY · COURT OF RESTITUTION APPEALS

VOLUME I

1951

Bibliothek des Kammergerichts
Zugangsverzeichnis Abt. II No. 26705 -1-

gerichts in RGZ 170, 205, besagt, daß die Berufung auf die Formnichtigkeit unzulässig ist, wenn der Schuldner verpflichtet ist, die Leistung so zu vollziehen, wie Treu und Glauben mit Rücksicht auf die Verkehrssitte es erfordern. Diese Ansicht geht sogar so weit, zu sagen, daß § 242 BGB das ganze bürgerliche Recht durchdringt. Das ist insbesondere dann richtig, wenn die Beziehungen der Parteien und die ganzen Umstände die Grundsätze von Treu und Glauben verletzen und wenn eine Partei auf Grund von Formfehlern versucht, sich ihren Verpflichtungen aus einem Vortrag zu entziehen. Wir halten an diesen Grundsätzen und an dem Urteil des Obersten Gerichts der Britischen Zone (OGH — BZ, NJW 1947/48, 521) fest, in denen festgestellt wird, daß die Grundsätze des § 242 BGB auch gegenüber den zwingenden Normen des § 313 BGB, Geltung beanspruchen.

Im vorliegenden Falle war in Anbetracht aller Umstände das Verhalten der Gemeinde Wellheim, welches in ihrer Weigerung, die Vereinbarung notariell beurkunden zu lassen und das Eigentum an dem Grundstück zu übertragen zum Ausdruck kam, nicht in Uebereinstimmung mit den Grundsätzen von Treu und Glauben. Dieses Verhalten schließt sie von dem Recht aus, sich auf den Formmangel des § 313 BGB zu berufen.

Die Wiedergutmachungsbehörde für Ober- und Mittelfranken hat den Anspruch als unbegründet zurückgewiesen, worauf Einspruch zur Wiedergutmachungskammer erhoben wurde. Gegen den oben dargelegten Beschluß der letzteren wurde die sofortige Beschwerde beim Oberlandesgericht München eingelegt.

Das Oberlandesgericht gründete seine Entscheidung auf der folgenden, in den Gründen enthaltenen Feststellung:

„Nach der ständigen Rechtsprechung des Senats ist die Entscheidung der Wiedergutmachungskammer, die auf Grund eines von dem Antragsteller gegen eine solche Entscheidung eingelegten Einspruches erhoben worden ist, endgültig und kann daher mit der sofortigen Beschwerde nicht mehr angefochten werden. Die Beschwerde war daher mangels Statthaftigkeit zu verwerfen."

Dieses Gericht hat bereits früher festgestellt, daß eine solche Verfügung irrig ist. Im Falle Hugendubel gegen Hugendubel, Entscheidung Nr. 2, wurde, insoweit es sich um Einsprüche und Beschwerden nach dem REG handelt, gesagt: „Das Gesetz besagt eindeutig, daß weder die Wiedergutmachungskammer noch das Oberlandesgericht letzte Instanzen sind, wenn Einspruch und Beschwerde sich auf die entsprechenden Voraussetzungen des REG stützen" und der dazu erlassenen Ausführungsverordnung Nr. 7.

Die Gemeinde Wellheim erklärte sich am erwähnten Tag bereit, das Grundstück um RM 424.— zu überlassen. Entsprechend der Entscheidung des Gerichts im Falle Rasmussen gegen Utz, Entscheidung Nr. 15, muß unter den in diesem Falle vorliegenden Umständen nach den Währungsumstellungsgesetzen der zu zahlende Betrag im Verhältnis von 1 DM gleich 10 RM umgestellt werden.

Die Entscheidungen des Oberlandesgerichts und der Wiedergutmachungskammer werden hiermit aufgehoben.



Der Fall wird an die Wiedergutmachungskammer für Ober- und Mittelfranken zurückgewiesen mit der Maßgabe, sofort Vollstreckung gegen die Gemeinde Wellheim durchzuführen und ihr aufzuerlegen, das strittige Grundstück gegen Bezahlung von DM 42.40 (in Worten: Zweiundvierzig Deutsche Mark und vierzig Pfennige) an Albert Sibinger zu übertragen und die Eigentumsübertragung im Grundbuch eintragen zu lassen.

Es war zu erkennen wie geschehen.

**AUGUST** and **ELISABETH SCHULZ**, Restitutor-Appellants

vs

**EMANUEL** and **JETTCHEN ROSENTHAL**, Claimant-Appellees

Opinion No. 26 Filed 10 May 1950 Case No. 54

Appeal from the decision of the Oberlandesgericht at Frankfurt.

Attorneys-at-Law Dr. Eisenberg and Dr. Ulrich, Hanau/Main, for the Appellants.

Attorney-at-Law Dr. Walther Breiding, Frankfurt/Main, for the Appellees.

Before COHN, President, HARDING, Justice, sitting as an Associate Judge, and FLANAGAN, Judge.

The Opinion of the Court was delivered by COHN, President.

Emanuel Rosenthal and his wife, Jettchen, the claimants, each with one fourth interest and the husband's brother Jakob Rosenthal with one-half interest, jointly owned the real property with its appurtenances known as Marienstrasse No. 1 in Rueckingen. Jakob Rosenthal was deported to a concentration camp in 1944. There is no information as to what became of him. So the court below held that Emanuel is the sole heir of the estate of his presumably deceased brother. Those three people are Jews.

The undisputed facts show that due to the collective duress against Jews becoming increasingly more violent, the married couple Rosenthal, greatly fearing even more stringent eventualities, decided to emigrate. As a direct result of that realization they were forced to flee Germany, and by reason thereof the claimants together with Jakob Rosenthal sold the aforesaid property to the restitutors on 16 June 1938. The purchase price paid was a fair one and the Rosenthal couple had the free right of disposal of their half of the proceeds. It is unknown what happened to the consideration received by Jakob Rosenthal.

The Restitution Chamber held that the merits of the claim were substantiated under Article 4, Law 59. The appellants themselves did not seriously contend that the exemptions provided for in that article existed,

nor did they in any way attempt to proffer allegations of misconduct on the part of the claimants. The restitutors relied for their defense solely on averments that the sellers induced them to buy the property: that they had planned to build another house to use in their old age but the claimants' actions caused them to desist from that plan in order to buy the house in this matter, and that, coupled with the free right of disposal and a fair purchase price, should defeat the claim. Both the Chamber and the Oberlandesgericht correctly held that those facts were not sufficient to block the power of avoidance given in said Article 4. Especially since it is definite by all of the facts that the transaction took place after 15 September 1935 and that the collective duress on Jews caused the claimants to sell their property and the married couple to take flight from Germany, even though they were about sixty years old. The two courts below were correct in the finding that the Rosenthals would not have sold the property to Mr. and Mrs. Schulz in the absence of National Socialism.

The Restitution Chamber properly ordered the real estate in question returned to Mr. and Mrs. Emanuel Rosenthal, the first with three fourths interest and the latter with one fourth interest.

The Restitution Chamber upon erroneous computations under existing laws, including Law 59, ordered the payment of the sum of DM 2,785.40 by the claimants to the restitutors.

Both parties appealed to the Oberlandesgericht. The restitutors complained against the Chamber's order to restore the property and the restitutees disputed the rulings made by the Chamber in regards to refund of the purchase price, profits, and other items.

The Oberlandesgericht affirmed the decision returning the property, but set aside that portion of the judgment embracing the payment of money and referred the case back to the court of first instance for a new hearing on the monetary adjustments between the parties.

Since the appeal to this Court was taken only upon the question whether or not the decision of the court below was proper in restoring the property, we will not discuss the monetary claims of all parties, especially since a new trial is to be had on those issues.

The case is in accordance with the decision of this Court, Hellmann vs Hlg.-Geist-Spital-Stiftung, Opinion 23, in that to defeat a restitution claim for a transaction after 15 September 1935, the power of avoidance can not be rebutted when the transaction would not have taken place in the absence of National Socialism, even where the fair purchase price was paid, and the free right of disposal was had.

The decision of the Oberlandesgericht is affirmed.

Upon a motion of the appellants this Court entered an order temporarily staying execution on the judgment of the Chamber returning the property to the Rosenthals. That order of the Court, dated the ninth day of February 1950, is hereby vacated. Execution may be had immediately.

IT IS SO ORDERED:



**AUGUST** und **ELISABETH SCHULZ,**
Rückerstattungspflichtige und Antragsteller
gegen
**EMANUEL** und **JETTCHEN ROSENTHAL,**
Rückerstattungsberechtigte und Antragsgegner

Entscheidung Nr. 26 Eingereicht am 10. Mai 1950 Fall Nr. 54

Nachprüfung der Entscheidung des Oberlandesgerichts Frankfurt/Main.

Rechtsanwälte Dr. Eisenberg und Dr. Ulrich, Hanau/Main, für die Antragsteller.

Rechtsanwalt Dr. Walther Breiding, Frankfurt/Main, für die Antragsgegner.

Verhandelt vor Präsident COHN, Justice HARDING und Judge FLANAGAN als Beisitzer.

Die Entscheidung des Gerichts wurde von Präsident COHN geschrieben.

Die Rückerstattungsberechtigten Emanuel Rosenthal und seine Frau Jettchen, waren zu je 25 % und der Bruder des Ehemannes, Jakob Rosenthal, zu 50 % Miteigentümer des Hausgrundstücks Marienstraße 1 in Rückingen. Jakob Rosenthal wurde im Jahre 1944 in ein Konzentrationslager gebracht und ist seitdem verschollen. Deshalb betrachtete die untere Instanz Emanuel als alleinigen Erben des vermutlich verstorbenen Bruders. Die drei Rosenthals sind Juden.

Es ist unbestritten, daß infolge der stetig zunehmenden Bedrohung der Juden in ihrer Gesamtheit, sich das Ehepaar Rosenthal zur Auswanderung entschloß, da es noch schärfere Maßnahmen befürchten mußte. Diese Befürchtung zwang sie, aus Deutschland zu fliehen. Aus diesem Grunde verkauften sie am 16. Juni 1938 gemeinsam mit Jakob Rosenthal das oben erwähnte Grundstück an die Rückerstattungspflichtigen. Es wurde ein angemessener Kaufpreis bezahlt und die Eheleute Rosenthal konnten über ihre Hälfte des Erlöses frei verfügen. Was mit der anderen von Jakob Rosenthal erhaltenen Hälfte des Kaufpreises geschah, ist unbekannt.

Die Wiedergutmachungskammer entschied, daß der Rückerstattungsanspruch sich auf Art. 4 REG stützt. Die Rückerstattungspflichtigen haben selbst das Vorliegen der in diesem Artikel genannten Ausnahmen nicht ernsthaft behauptet und auch nicht die nach Art. 4, Abs. 3, REG, grundsätzlich zulässige Einrede der Arglist erhoben. Die Rückerstattungspflichtigen stellten zu ihrer Verteidigung lediglich die Behauptungen auf, daß die Verkäufer sie zum Erwerb des Grundstücks veranlaßten, daß sie geplant hatten, sich ein Haus für ihre alten Tage zu bauen, von den Rückerstattungsberechtigten aber überredet wurden, von diesem Plan abzusehen und das in Frage stehende Haus zu erstehen und diese Tatsachen, wie auch die, daß der angemessene Kaufpreis zur freien Verfügung stand, den Anspruch zunichte machen müßten. Die Kammer und das Oberlandesgericht erkannten zu Recht, daß diese Tatsachen nicht ausreichten, um