**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S OBJECTION TO MOTION TO MODIFY PRETRIAL ORDER**

Max Stern Estate ("Stern Estate" or "Plaintiff") hereby objects to Defendant Maria-Louise Bissonnette's ("Bissonnette" or "Defendant") Motion to Modify Pretrial Order which asks the Court that (1) "she be permitted to conduct additional discovery until October 1, 2007," although she previously, through counsel, agreed to conduct no additional discovery and allowed the discovery period to close on May 30, 2007, without objection; (2) she be permitted to respond to Plaintiff's Motion for Summary Judgment by October 15, 2007, an extension of more than 14 weeks from her Court-established July 5, 2007 response date; and (3) she be permitted to "file any cross motions by October 15, 2007," although the deadline for dispositive motions passed on June 18, 2007, when Stern Estate filed its Motion for Summary Judgment.

Plaintiff, which previously voiced its concerns about Bissonnette using the withdrawal of her local attorney as a basis to protract these proceedings, has no objection to the Court allowing Defendant a modest amount of additional time, such as ten days or two weeks, within which to respond to Plaintiff's Motion for Summary Judgment, but submits that the remainder of Defendant's motion is totally uncalled for and abusive, and asks that it be denied for the reasons explained in the attached Memorandum.



WAS:130447.2

WHEREFORE, Plaintiff asks that the Court deny Defendant's Motion to Modify Pretrial Order, except to the extent necessary to grant Bissonnette a reasonable additional period within which to file her objection to Stern Estate's Motion for Summary Judgment.

Dated: July 12, 2007

*/s/ Thomas R. Kline*___________________
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*___________
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on July 12, 2007, the foregoing was served by FedEx overnight, and by certified mail on:

Maria-Louise Bissonnette
50 Park Row West
Apt. 905
Providence, RI 02903-1151

/s/ Miranda Perkins

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate,<br><br>Plaintiff,<br><br>v.<br><br>Maria-Louise Bissonnette, *et al.*<br><br>Defendants. | § § § § § § § § § § | **Civil Act. No. 06-211 (ML)** |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO MOTION TO MODIFY PRETRIAL ORDER**

Max Stern Estate ("Stern Estate" or "Plaintiff") objects to the Motion to Modify Pretrial Order filed by Maria-Louise Bissonnette ("Bissonnette" or "Defendant") which asks the Court to extend by more than 14 weeks her time to respond to Plaintiff's Motion for Summary Judgment, and also requests that discovery, which closed on May 30, be reopened for her benefit and that the period within which a party may file dispositive motions, which closed on June 18, 2007, be resurrected for her benefit, as well. Bissonnette requests these time periods so that she can retain ***a new local lawyer*** and "provide her new attorney with time to properly respond to plaintiff's motion for summary judgment and evaluate whether to file a cross motion on her behalf, as well as to prepare for trial, if necessary."

## I. Background Facts

Although Plaintiff understands that the Court is, by now, familiar with this litigation, some review is necessary to put the instant Motion in context.

### A. Pretrial Schedule

The Court's Pretrial Order of July 28, 2006 provided for a 6-month period of discovery ending on February 28, 2007, with dispositive motions due shortly thereafter on March 14, 2007.



WAS:130447.2

After the Court's denial of Defendant's Rule 12(b) Motion to Dismiss and/or for Stay on February 1, 2007, the Court extended this deadline at the request of the parties three times, in part to accommodate settlement discussions. Under the present Order, dated April 30, 2007, discovery closed on May 30, 2007 and dispositive motions were due on June 18, 2007.

**B. Plaintiff's Motion for Preliminary Injunction and Expedited Review**

On May 10, 2007, Plaintiff filed its Motion for Preliminary Injunction and Expedited Review "seeking an interim order (1) restraining Defendant . . . from further movement of the painting, without leave of Court, and (2) allowing a representative of Stern Estate to examine the painting to verify the storage conditions are appropriate and the painting is in satisfactory condition and not deteriorating."

In the Memorandum in Support of Defendant's Objection to Plaintiff's Motion for Preliminary Injunction at 8, dated May 22, 2007, Defendant's counsel Edward J. Mulligan signaled to the Court that he had "advised Boston counsel, the defendant, some time ago, and later, plaintiff's counsel of his intention to seek to withdraw and was requested by Boston counsel and the defendant not to file a withdrawal, while negotiations were underway."

**C. Motion to Withdraw as Attorney for Maria-Louise Bissonnette**

In filing his Motion to Withdraw as Attorney for Maria-Louise Bissonnette at 1, dated May 26, 2007, counsel Mulligan clarified that his differences with Defendant had existed "for several months" and that "several months ago, counsel advised client to obtain new counsel." Attorney Mulligan also specified (*Motion to Withdraw* at 1-2) that part of his disagreement with Bissonnette grew out of her reliance "upon Attorneys Scott Buckley and/or John J. Weltman of

Lawson & Weitzen, 88 Falcon Avenue, Suite 345, Boston, MA 02210 . . . *over the objection by counsel*, to carry on said settlement negotiations."[1]

Stern Estate conditionally assented to the withdrawal of attorney Mulligan as counsel for Bissonnette, "provided that these proceedings not be unreasonably delayed thereby, and that Defendant be required to engage substitute counsel promptly to minimize any prejudice to Plaintiff that may be caused by Mr. Mulligan's withdrawal." *Plaintiff's Conditional Assent to Motion to Withdraw as Attorney for Maria-Louise Bissonnette* ("Asset to Motion to Withdraw"), dated May 30, 2007, at 2. Plaintiff also noted, "Given that, since the inception of discussions with the Holocaust Claims Processing Office in New York and throughout this case, Plaintiff has been represented and/or advised, to a greater or lesser degree, by the law firm mentioned in Mr. Mulligan's Motion, the transition to new counsel could be prompt and smooth, requiring little if any delay." *Id.*

### D. Close of Discovery and Agreement of the Parties Concerning Scope of Discovery

Discovery in this case closed on May 30, 2007. Shortly before that time, the parties, through counsel, agreed that (1) Plaintiff's German law expert witness would have until June 8, 2007, to render his report, and (2) neither party would seek or provide additional discovery. *See Facsimile from Kline to Mulligan*, dated May 16, 2007, and *Return Facsimile*, dated May 16, 2007 (Exhibit 1 hereto).

[1] As the Court is well aware, Defendant Bissonnette has had no shortage of lawyers to advise her with regard to this lawsuit and related matters. In addition to Mr. Mulligan here in Providence and Messrs. Buckley and Weltman at the Lawson & Weitzen firm, Defendant also engaged German counsel, Joachim Rosshoff of Cologne, Germany.

**E. Hearing on Motions for Preliminary Injunction and to Withdraw as Counsel**

After a consolidated hearing on Plaintiff's Motion for Preliminary Injunction and Mr. Mulligan's Motion to Withdraw as Attorney, the Court entered orders (1) granting Mr. Mulligan leave to withdraw and directing Bissonnette to obtain new local counsel or enter her own appearance *pro se* within 30 days (*Text Order*, dated June 1, 2007); and (2) directing Bissonnette to allow Stern Estate to view the Painting at issue in this case at its current storage location and to refrain from further movement of the Painting. *Order*, dated June 12, 2007.

Bissonnette entered her appearance *pro se* on June 18, 2007, without waiting for the expiration of the 30-day period allowed by the Court for her to find replacement local counsel.

**F. Stern Estate's Motion for Summary Judgment**

As provided in this Court's Pretrial Order dated April 30, 2007, Stern Estate filed its Motion for Summary Judgment and supporting papers on June 18, 2007; the Court scheduled the due date for Bissonnette's opposition on July 5, 2007. Due to an error Plaintiff made with Defendant's address, Bissonnette experienced a slight delay in receiving Plaintiff's summary judgment papers.

**G. Schedule for Settlement Conference before Magistrate Judge Lincoln Almond**

Magistrate Judge Almond has scheduled a settlement conference in this case on July 24, 2007, which would have been expected to fall after full briefing on Stern Estate's Motion for Summary Judgment and after Stern Estate has had the opportunity to view the Painting.

**H. Delays in Viewing the Painting**

Despite Stern Estate's efforts (*see Email exchange between Kline and Buckley*, dated June 13, 2007; *Letter from Kline to Bissonnette*, dated June 19, 2007; *Email exchange between Kline and Rosshoff*, dated June 18, 26, and 28, and July 2 and 11, 2007 (Exhibit 2, hereto)),

***Bissonnette has not allowed a Stern Estate representative to view the Painting in Germany to prepare a condition report until July 16, and her German lawyer did not even reveal the location of the Painting until just before the filing of this objection.*** Because of these delays, Stern Estate has written to Magistrate Judge Almond asking for a brief postponement so that the settlement conference can be held after Stern Estate has had the opportunity to have its expert's condition report translated and considered, and after summary judgment is fully briefed.

## II. ARGUMENT

All of the periods of time for which Bissonnette requests enlargement having expired before she filed her motion on July 6 (discovery: May 30; filing dispositive motions: June 18; and response to summary judgment: July 5),[2] the Court has discretion to grant Bissonnette's Motion only upon a showing that her "failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). Bissonnette has not even addressed this standard, let alone demonstrated that her neglect was excusable. Nor does Bissonnette, whose counsel agreed with Plaintiff's counsel to mutually withhold discovery in the interest of economy (Exhibit 1), even mention this agreement or indicate why she should now -- acting *pro se* -- be relieved of its terms.

Added to Bissonnette's burdens on the current Motion is the inherent unreasonableness of her requests. A four-month enlargement of the discovery period would, by itself, compare favorably to the initial six-month period set by the Court. While Stern Estate would accept a modest enlargement of the time within which Bissonnette may respond to the pending Motion

[2] To the extent Bissonnette's instant Motion can be taken to seek an enlargement of time within which to find a local attorney to replace Mr. Mulligan, Plaintiff notes that the 30-day period allowed by the Court expired on July 2, 2007.

for Summary Judgment, *fourteen additional weeks* would be unheard of.[3] Likewise, had Bissonnette or her attorneys felt it was appropriate for her to file a dispositive motion in this case, she could have easily done so in timely fashion, with the Motion even being prepared before her local counsel withdrew, during the period when she was imploring him to delay his withdrawal. Bissonnette provides no explanation for why she could not have filed a dispositive motion within the period initially provided by the Court.

Finally, the Court determined that 30 days was a reasonable period of time within which Bissonnette -- who had apparently been on notice for "several months" that Mr. Mulligan wanted to withdraw -- could engage replacement local counsel. In filing his Motion to Withdraw, Mr. Mulligan noted that he had only delayed doing so at the urging of Mrs. Bissonnette and her Boston lawyers. *Motion to Withdraw* at 2. Although Bissonnette entered her appearance *pro se* before the expiration of the period allowed by the Court, her Motion, in essence, seeks more time (the original 30 days having ended on July 1, 2007), without explaining why these proceedings should be delayed when she has already had months and weeks to engage replacement counsel.

## III. CONCLUSION

This case already has a long and difficult history. Before this case began, Plaintiff attempted good faith negotiations through the Holocaust Claims Processing Office in New York, only to learn later that the painting had been secretly shipped out of the country in a manner that probably violated United States law and may have caused unnecessary damage. Defendant filed the first litigation in Germany and, although she never even served Stern Estate, presented that case as a basis for dismissing this one. This Court recognized this ruse for what it was, in

3 Stern Estate notes that Bissonnette also engaged Dr. Arno Saathoff, an attorney from Cologne, as her testifying witness on German law and has his report available for filing in connection with any response.

denying the Defendant's Motion to Dismiss and/or for Stay. Defendant also forced Stern Estate to file a Motion to Compel, which the Court granted in its entirety.

Since that time, there have been various delays in the case, some of them based on the mutual interest in conducting settlement discussions, some based on Defendant Bissonnette first refusing to allow a viewing of the painting at its storage location and then, after the Court ordered her to do so, delaying in making the painting available for inspection. In deciding what rights Defendant has at this juncture to more delay and to reopen closed deadlines, Stern Estate respectfully asks the Court to consider its rights, as well. Defendant's prior conduct has slowed the wheels of justice, and Defendant now seeks to further prolong and unnecessarily complicate the matter without basis. Such further delays could only add to this sorry and harmful pattern.

WHEREFORE, Plaintiff asks that the Court allow Defendant Bissonnette a reasonable period of time within which to file her objection to Stern Estate's Motion for Summary Judgment and otherwise deny her Motion to Modify Pretrial Order.

Dated: July 12, 2007

*/s/ Thomas R. Kline*
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on July 12, 2007, the foregoing was served by FedEx overnight, and by certified mail on:

Maria-Louise Bissonnette
50 Park Row West
Apt. 905
Providence, RI 02903-1151

___/s/ Miranda Perkins _______________