**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Wednesday, June 13, 2007 4:03 PM
**To:** Kline, Thomas R.
**Cc:** Weltman, John; rvineberg@dwpv.com; ROSSHOFF@WIRTZ-KRANEIS.DE
**Subject:** RE: Stern Estate v. Bissonnette

Attorney Kline,
As you know, we are not representing Mrs. Bissonnette in regards to her Rhode Island action. Our involvement was purely for settlement purposes, which appears will not happen. I do not know whether Mrs. Bissonnette has yet retained counsel in Rhode Island, but when I learn of a new attorney or if she will be appearing pro se, then I will give you that information and you can contact that person regarding an inspection ordered via the Rhode Island case.

Thank you,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Wednesday, June 13, 2007 3:57 PM
**To:** Buckley, Scott T.
**Cc:** Weltman, John; rvineberg@dwpv.com; ROSSHOFF@WIRTZ-KRANEIS.DE
**Subject:** RE: Stern Estate v. Bissonnette
**Importance:** High

Dear Scott:

Judge Lisi has now entered her Order directing Defendant Bissonnette to make the Winterhalter painting available to the Stern Estate for inspection saying: "Defendant Maria-Louise Bissonnette is hereby ordered to permit a representative of the Plaintiff Max Stern Estate to view the Painting at issue in this action at its present location at a reasonable time and in a reasonable manner and to make an assessment as to the painting's condition, proper storage and care."

I am attaching a copy of the Order, which also provides that Mrs. Bissonnette: "is hereby restrained from moving the Painting at issue in the action from its present location without prior leave of Court."

A copy of the complete Order is attached for your convenience.

Please let me know right away where the painting is stored and when Dr. Rosshoff, or another representative of Mrs. Bissonnette can be available at that location to be present when a representative of Stern Estate views the painting.

Thank you for your assistance with this matter.

Tom Kline

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Thursday, May 10, 2007 11:42 AM
**To:** Kline, Thomas R.
**Cc:** Weltman, John; rvineberg@dwpv.com; ejmull@cox.net
**Subject:** RE: Stern Estate v. Bissonnette

Tom,

You are incorrect. First, the agreement between us was for the examination of the painting at Dr. Rosshoff's office, not at the storage facility. We have never agreed to allow an inspection at the storage facility. You cannot "accept" the date of May 16th yet change the terms. Second, to the best of my knowledge, you have not correctly requested an inspection pursuant to the Rules of Civil Procedure, Rule 34. Regardless of that, producing the painting at the attorney's office for inspection at a mutually agreed upon time is 100% in compliance with Rule 34. We will not allow an inspection on May 16th at the storage facility, but will make it available at Dr. Rosshoff's office if you would like that. If you do not, you can go through the proper procedures as required by the Rules of Civil Procedure and we can then have a motion hearing on whether allowing an inspection at Mrs. Bissonnette's attorney's office complies with her requirements under Rule 34. In any event, if you would like to accept our terms for the inspection, please advise immediately so that I can arrange the inspection.

Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Thursday, May 10, 2007 11:18 AM
**To:** Buckley, Scott T.
**Cc:** Weltman, John; rvineberg@dwpv.com
**Subject:** RE: Stern Estate v. Bissonnette

Scott,

Stern Estate accepts Wednesday, May 16 for the examination of the painting. We have hired a local expert who will conduct the examination. Please let me know what time will be convenient for Dr. Rosshoff.

Also, please do not remove the painting from its current storage location or transport it to Dr. Rosshoff's office. We are are approaching the Rhode Island Court today to request an order that the painting be examined at its current location.

Thank you.

Tom

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Wednesday, May 09, 2007 10:12 AM
**To:** Kline, Thomas R.
**Cc:** Weltman, John; rvineberg@dwpv.com
**Subject:** RE: Stern Estate v. Bissonnette

Tom,
I have finally been able to reach the German attorneys and find some dates for an inspection at their office. They propose the following dates:

Friday May 11th (afternoon)
Monday May 14th
Wednesday May 16th

Please let me know if you would still like to inspect the painting and what day is best. They would need some notice in order to obtain the painting from storage.

Thank you,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Monday, May 07, 2007 5:33 PM
**To:** Buckley, Scott T.
**Subject:** FW: Stern Estate v. Bissonnette

Dear Scott:

The business day has by now ended in Europe, and I have still not yet heard from you about scheduling arrangements for examination of the painting. I had asked you to contact me by last Friday, May 4, so that Stern Estate could view the painting at its current storage location in Germany by Wednesday of this week.

Nor have I received from you Dr. Rosshoff's signature indicating his personal acceptance of responsibility for the painting under the parties' agreement of April 20.

Given the Court schedule, noon tomorrow is the latest I can give you for these two steps to be accomplished, if I am to be able to arrange the examination for this Wednesday, May 9, the day after tomorrow.

I hope to hear from you promptly.

Tom Kline

---

**From:** Kline, Thomas R.
**Sent:** Friday, May 04, 2007 3:01 PM
**To:** 'Buckley, Scott T.'
**Subject:** RE: Stern Estate v. Bissonnette

Dear Scott:

Based on your suggestion, I am providing you with a copy of the April 10, 2007 letter agreement signed by Clarence Epstein (a trustee of the Max Stern Estate) and by me, as lead counsel in the Rhode Island litigation.

I look forward to receiving a copy countersigned by Dr. Rosshoff, in the same manner.

I also expect to hear from you very promptly about the schedule and arrangements for Stern Estate to have a representative examine the painting under the provisions of the April 10 letter agreement. The period in which we can continue to defer litigation activities is rapidly coming to a close.

Stern Estate will respond to Mrs. Bissonnette's April 20 settlement offer after Mrs. Bissonnette fulfills her April 10 commitment to allow an examination of the painting.

Tom Kline

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Thursday, May 03, 2007 11:36 AM
**To:** Kline, Thomas R.
**Subject:** RE: Stern Estate v. Bissonnette

Tom,

I'm trying to make contact. I e-mailed Dr. Rosshoff and also asked Maria Bissonnette to contact him as well. As soon as I hear I'll make the arrangements. As for countersigning the letter, I have no problem in theory, but under that logic I would ask everybody on your side to sign the same agreement. Dr. Rosshoff is an attorney representing Maria Bissonnette, just as we are. So there really is no need for everybody representing her to sign the agreement. Maria Bissonnette controls the painting and he is simply her agent. She has agreed not to move it per the terms of the Agreement, so I really do not see the need to have every agent of hers sign the Agreement. I will try again to reach him and see what days and times are good.

Do you have any response to our last settlement offer?

Thanks,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Thursday, May 03, 2007 11:27 AM
**To:** Buckley, Scott T.
**Subject:** RE: Stern Estate v. Bissonnette
**Importance:** High

Scott:

We have located an art professional in downtown Cologne who can verify that the painting is in the same condition it was in before shipment to Germany. We would like him to view the painting at its storage location so that he can also verify the appropriateness of the current storage arrangements and we can also avoid transportation risks.

Since the clock is ticking on our last extension of time, please let me know as soon as possible when he (or another professional) can examine the painting. We need this examination arranged for the first half of next week, no later than Wednesday, May 9. Please let me know by the end of business tomorrow, Friday, May 4, where the painting is being stored and who the contact person is for making the viewing arrangements.

Also, I am not certain that we have seen anything from Dr. Rosshoff indicating that he is aware of and accepts his responsibilities under the agreement between the parties in your letter of April 10, 2007. Can you please provide his acknowledgement, perhaps by countersigning that letter.

Thank you.

Tom

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Monday, April 30, 2007 12:34 PM

**To:** Kline, Thomas R.
**Subject:** RE: Stern Estate v. Bissonnette

Honestly, I'm not sure. I'll find out. I was under the assumption it is in the area of where the attorney is, but I can find out. We really do not mean to hide the location of the painting, so let me find out what I can and I'll see where it is and when the attorney would be available.

Thanks,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Monday, April 30, 2007 12:30 PM
**To:** Buckley, Scott T.
**Subject:** RE: Stern Estate v. Bissonnette

Scott:

Can I assume the painting is in the Cologne area, for purposes of scheduling the visit?

Tom Kline

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Monday, April 30, 2007 11:12 AM
**To:** Kline, Thomas R.
**Subject:** RE: Stern Estate v. Bissonnette

Tom, I'm trying to reach the German attorney to arrange for an inspection. Do you have any dates or times that are best for you?

Thanks,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Thursday, April 26, 2007 9:56 AM
**To:** Buckley, Scott T.
**Subject:** RE: Stern Estate v. Bissonnette

Scott:

We have looked back over the existing letters containing Mrs. Bissonnette's agreement not to remove the painting from Mr. Rosshoff's possession, custody or control until the litigation is resolved by settlement or final judgment in this action or in Germany. We are content to rest on the terms of this agreement for the moment.

Since the same agreement includes Stern Estate's agreement that no damage will be done during its examination of the painting, it is now timely for you to let Stern Estate know where the painting is being stored so that we can work with you to schedule a visit at a mutually agreeable time.

Thank you in advance for your cooperation on this matter.

Tom Kline

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Wednesday, April 25, 2007 3:40 PM
**To:** Burgess, Eden
**Cc:** Kline, Thomas R.; Vineberg, Robert; ejmull@cox.net; Weltman, John
**Subject:** RE: Stern Estate v. Bissonnette

Tom,
As you should already know, we already have a signed agreement between our side and your side regarding the storage of the painting, which is attached below. When Mr. Vineberg expressed concerns about the location of the painting, we informed him and you that it was under the control of Mrs. Bissonnette's attorney, Mr. Rosshoff. We agreed to allow a representative of the Stern Estate to inspect the painting. We further made assurances to you that we would not remove the painting (unless necessary since it is under the control of

a 3rd party, in which case we agreed to promptly notify your side). Mr. Vineberg accepted those terms on behalf of the Stern Estate. Now you appear to be attempting to change those terms. We will not agree to lose control of the painting, which is what you appear to be requesting. That is not negotiable. We have a **signed agreement** already in place and there is no need for further agreements on this subject and any attempt to change the terms of that agreement would constitute a breach of that agreement. Please confirm that you do not intend to breach the agreement that has already been made with us.

Scott

-----Original Message-----
**From:** Burgess, Eden [mailto:EdenBurgess@andrewskurth.com]
**Sent:** Wednesday, April 25, 2007 3:07 PM
**To:** Buckley, Scott T.
**Cc:** Kline, Thomas R.; Vineberg, Robert; ejmull@cox.net
**Subject:** RE: Stern Estate v. Bissonnette

FROM TOM KLINE

Dear Scott:

I would like to be clear that our concern is to prevent a second disappearance of the painting. We want to know exactly where it is and be certain that Mrs. Bissonette's German and American lawyers have taken steps to ensure the painting will not disappear again. We want this done through a court order directed to her, and would prefer that it be done on consent. If you can fashion a cheaper way to ensure that the painting is secured in a known location than the one Stern Estate has proposed, that is fine with Stern Estate. In any event, Stern Estate will agree to pay 50% of storage costs going forward once these guaranteed secure storage arrangements are finalized and documented under Court order. You can have until the end of the week to work out arrangements and proffer a proposed joint motion to us.

By the weekend, we will start work on a motion asking the Court for this relief. Please draw no inference about settlement from these communications.

Tom

L. Eden Burgess

Andrews Kurth LLP

edenburgess@andrewskurth.com

1350 I Street NW, Suite 1100

Washington, DC 20005

phone: (202) 662-2700

fax: (202) 662-2739

www.andrewskurth.com

---

**From:** Buckley, Scott T. [mailto:stbuckley@lawson-weitzen.com]
**Sent:** Wednesday, April 25, 2007 10:08 AM
**To:** Kline, Thomas R.
**Cc:** Edward John Mulligan; Vineberg, Robert; Burgess, Eden; Weltman, John
**Subject:** RE: Stern Estate v. Bissonnette

Gentlemen,

I assume that by the request for more time, this means that the Stern Estate is willing to move from its current position of $25,000. If that is not the case, then I see no reason for us to continue to delay. However, since it appears the Stern Estate is willing to continue discussions, my other concern is with the storage facility. My concern is less with the location of the painting than with the control and the costs. If Mrs. Bissonnette's lawyers still have control of the storage facility, I theoretically see no problem with where the painting is stored (but will need to contact Mrs. Bissonnette's German attorney through Mrs. Bissonnette, since I do not speak German). However, I do not think that Mrs. Bissonnette should need to incur the further costs for a storage facility. We have agreed to allow you to have someone inspect the painting and agreed to not move the painting.

I honestly do not think it is worth the time and money. If we are going to settle this case within the next 30 days, then there should be no issue with the storage of the painting since you can have someone inspect the painting and then it will be delivered to you. If we do not settle this case and it continues for years, then I do not think it is fair for Mrs. Bissonnette to need to incur additional costs to store her artwork. If your real concern about the storage of the artwork is the exact location of the painting I can try to discover where exactly the artwork is stored. Please let me know if that is your concern and whether the Stern Estate would be willing to pay the costs of any outside facility, while still allowing Mrs. Bissonnette to be the sole person in control of that facility.

Thank you,
Scott

-----Original Message-----
**From:** Kline, Thomas R. [mailto:ThomasKline@andrewskurth.com]
**Sent:** Wednesday, April 25, 2007 8:36 AM
**To:** Buckley, Scott T.
**Cc:** Edward John Mulligan; Vineberg, Robert; Burgess, Eden
**Subject:** RE: Stern Estate v. Bissonnette

What say you Scott? Does Mrs. Bissonnette agree to C, as well, or should we put the matter to the Court? I need an answer promptly, please. Tom

---

**From:** Edward John Mulligan [mailto:ejmull@cox.net]
**Sent:** Wednesday, April 25, 2007 8:21 AM
**To:** Kline, Thomas R.
**Cc:** Buckley, Scott T.
**Subject:** Re: Stern Estate v. Bissonnette

Your proposal as to a) and b) appears O.K. with me.

As to c), since Scott Buckley is invovled with the painting
and negotiations, I would defer to him. I should think that
the parties are beyond this and are focusing on the real
issue--that is settling the case in a timely fashion, so
as to husband litigation costs and expenes.

I would. thus, suggest that you contact Scott Buckley as to working out an agreeable arranagement regarding c).

----- Original Message -----
**From:** Kline, Thomas R.

**To:** ejmull@cox.net
**Cc:** Buckley, Scott T.
**Sent:** Tuesday, April 24, 2007 10:38 AM
**Subject:** Stern Estate v. Bissonnette

Dear Ed:

Here is the proposal I discussed with you yesterday:

Because settlement discussions are progressing very slowly, but have not yet been abandoned by the parties, the Stern Estate would like to arrange one last extension of time in which to complete the settlement process and also finish up on discovery. Because the Stern Estate has had no definitive response to its questions about the location and status of the painting in Germany, they are very concerned that this issue be pinned down at this stage, as well.

Here is the Stern Estate proposal for a joint motion:

(a) the discovery period would be extended to May 31, and all pending deadlines extended by 31 days, dispositive motions to be due by June 15;

(b) this would be the last extension;

(c) the Court would enter an order directing Mrs. Bissonnette to have her German lawyers place the painting in an appropriate storage facility under their control and to demonstrate their compliance by not later than May 4 by filing with the Court documents confirming the storage arrangements.

Based on our telephone conversation yesterday, I will begin preparing a joint motion, but we will request this relief from the Court unilaterally if agreement is not forthcoming promptly.

Please let me know by close of business tomorrow whether this proposal is acceptable.

Tom

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be

imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of

the tax treatment or tax structure of the transaction (s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by

Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

ANDREWS KURTH LLP
ATTORNEYS

1350 I Street, NW
Suite 1100
Washington, DC 20005
202.662.2700 Phone
202.662.2739 Fax
andrewskurth.com

Thomas R. Kline
202.662.2716 Direct Phone
thomaskline@andrewskurth.com

June 19, 2007

**By Certified Mail, Return Receipt Requested**

Mrs. Maria-Louise Bissonnette
59 Park Row W
Apt. 905
Providence, RI 02903

Re: *Stern Estate v. Bissonnette, et al.*, Civil Act. No. 06-211 (ML)

Dear Mrs. Bissonnette:

Judge Lisi has now entered her Order directing you to make the Franz Xaver Winterhalter painting entitled "Mädchen aus den Sabiner Bergen" ("Girl from the Sabiner Mountains") available to the Stern Estate for inspection saying: "Defendant Maria-Louise Bissonnette is hereby ordered to permit a representative of the Plaintiff Max Stern Estate to view the Painting at issue in this action at its present location at a reasonable time and in a reasonable manner and to make an assessment as to the painting's condition, proper storage and care."

The Order also provides that you are "hereby restrained from moving the Painting at issue in the action from its present location without prior leave of Court."

Although the Court provided you with a copy of the complete Order, another copy is attached for your convenience.

Please let me know right away where the painting is stored and when your German attorney, Dr. Rosshoff, or another representative of yours can be available at that location to be present when a representative of Stern Estate views the painting.

Thank you for your prompt attention to this request.

Very truly yours,

Thomas R. Kline

Attachment
cc: Dr. Joachim Rosshoff
Samuel D. Zurier, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAX STERN ESTATE, Plaintiff | : | |
| vs. | : | C.A. No. 06-211 (ML) |
| MARIA-LOUISE BISSONNETTE, et al Defendant | : | |

**ORDER**

This matter came before the Court on June 1, 2007 for hearing on Plaintiff Estate of Max Stern's Motion for Preliminary Injunction. The Court having considered the pleadings, affidavits, declarations, memoranda and other materials filed by the parties, as well as the oral arguments made at the hearing, the Court grants the Motion and **ORDERS** the following:

1. Defendant Maria-Louise Bissonnette is hereby ordered to permit a representative of the Plaintiff Max Stern Estate to view the Painting at issue in this action at its present location at a reasonable time and in a reasonable manner and to make an assessment as to that painting's condition, proper storage and care;

2. Defendant Maria-Louise Bissonnette is hereby restrained from moving the Painting at issue in this action from its present location without prior leave of Court.

ENTER:

[signature] USDJ 6/12/07

BY ORDER:

[signature] 6.12.2007

Submitted by,

PLAINTIFF MAX STERN ESTATE,
By its Attorneys,

Thomas R. Kline (SDZ)
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice)*
thomaskline@andrewskurth.com
L. Eden Burgess (admitted pro *hac vice)*
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100 Washington,
DC 20005 Telephone: (202) 662-2700
Facsimile: (202) 662-2739

TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Dated: June 8, 2007

CERTIFICATION OF SERVICE

I hereby certify that on the 8th day of June, 2007, I sent copies of the proposed Order to the following by email:

L. Eden Burgess, Esq., edenburgess@andrewskurth.com

Thomas R. Kline, Esq., thomaskline@andrewskurth.com

Edward John Mulligan, Esq., ejmull@cox.net

The following participants were sent notice by U.S. mail, postage pre-paid on June 8th, 2007:

Kevin F. Bowen, Esq.
Breggia Bowen & Grande
395 Smith Street
Providence, RI 02908

Maria-Louise Bissonnette
59 Park Row W
Apt. 905
Providence, RI 02903
(certified mail)

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;447810;4

**From:** Kline, Thomas R.
**Sent:** Monday, June 18, 2007 6:15 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Stern Estate.pdf
**Importance:** High

Dr. Rosshoff:

I am providing a copy of this letter to you as a professional courtesy.

I look forward to working with you, at your client's direction, to arrange the viewing of the Winterhalter painting that Mrs. Bissonnette has placed in your care.

With best regards,

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**From:** Kline, Thomas R.
**Sent:** Tuesday, June 26, 2007 5:57 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Cc:** 'Dr. Ulf Bischof'
**Subject:** FW: Stern Estate.pdf
**Importance:** High

Dear Dr. Rosshoff:

Maria-Louise Bissonnette called me yesterday, to say that she has authorized you to work with me to arrange the viewing of the Winterhalter painting at issue in the Rhode Island litigation, as Ordered by Judge Lisi in the attached order. I understand that my German colleague, Dr. Ulf Bischof of Bischof & Paetow in Berlin also spoke with you yesterday about making these arrangements.

I would like to know where the painting is stored and when you, or another representative of Mrs. Bissonnette can be available at that location to be present when a representative of Stern Estate views the painting. If you could give me a few available dates over the next two weeks, I will see which of them works best for the local consultant who will conduct the examination of the painting.

Thank you for your assistance with this matter.

Thomas R. Kline

Andrews Kurth LLP

thomaskline@andrewskurth.com

1350 I Street, NW, Suite 1100

Washington, DC 20005

phone: (202) 662-2716

fax: (202) 662-2739

www.andrewskurth.com

---

**From:** Kline, Thomas R.
**Sent:** Monday, June 18, 2007 6:15 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Stern Estate.pdf
**Importance:** High

Dr. Rosshoff:

I am providing a copy of this letter to you as a professional courtesy.

I look forward to working with you, at your client's direction, to arrange the viewing of the Winterhalter painting that Mrs. Bissonnette has placed in your care.

With best regards,

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**From:** Kline, Thomas R.
**Sent:** Thursday, June 28, 2007 4:37 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Inspection of Painting
**Importance:** High

Dear Dr. Rosshoff:

Thank you for your letter of today's date offering to allow the Stern Estate to view the Winterhalter painting in mid-July, no sooner than, (a) five weeks since Judge Lisi ordered Mrs. Bissonnette to make the painting available to Stern Estate; (b) the same amount of time since Mrs. Bissonnette's Boston counsel, Scott Buckley, refused to cooperate in assisting Stern Estate in viewing the painting; (c) four weeks since I first wrote to you about this matter and (d) more than three weeks since Mrs. Bissonnette informed me that she had directed you to cooperate with me and you informed Dr. Bischof you would be contacting me. I am particularly concerned that you have waited almost all week to tell me that, for the following 3 weeks, no one among the lawyers at your firm who have been representing Mrs. Bissonnette can attend a few hours viewing of the painting.

It is difficult not to draw the conclusion that Mrs. Bissonnette is intentionally delaying Stern Estate's viewing of the painting to gain some tactical advantage in some way that I prefer not to speculate about.

Your offer to make the painting available almost three weeks from now rings particularly hollow since you do not tell me the location of the painting, a fact which I need to know in order to arrange that viewing, and a fact: (1) which I asked Scott Buckley about on June 13 in an email I copied to you (and you also were copied on his response in which he failed to provide any information on the current location); (2) I asked Mrs. Bissonnette for this information more than a week ago, in a letter I copied to you; and (3) I asked you this question two days ago. Nor do you provide any details on the unavailability of lawyers in your office, which would seem to be a routine courtesy, especially in light of the circumstances that a court of competent jurisdiction has ordered Mrs. Bissonnette to make the painting available to Stern Estate for inspection.

While Mrs. Bissonnette is certainly entitled to be represented when Stern Estate's representative views the painting, there is no requirement that she be represented by an attorney, let alone one who has been in charge of her case.

I would like to know two things right away: (1) Where is the painting?; (2) Is there really no one from your firm who can accompany a representative of the Stern Estate in viewing the painting any sooner than July 16?

Thank you for your prompt attention to these two simple requests.

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**From:** Kline, Thomas R.
**Sent:** Tuesday, June 26, 2007 5:57 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Cc:** 'Dr. Ulf Bischof'
**Subject:** FW: Stern Estate.pdf
**Importance:** High

Dear Dr. Rosshoff:

Maria-Louise Bissonnette called me yesterday, to say that she has authorized you to work with me to arrange the viewing of the Winterhalter painting at issue in the Rhode Island litigation, as Ordered by Judge Lisi in the attached order. I understand that my German colleague, Dr. Ulf Bischof of Bischof & Paetow in Berlin also spoke with you yesterday about making these arrangements.

I would like to know where the painting is stored and when you, or another representative of Mrs. Bissonnette can be available at that location to be present when a representative of Stern Estate views the painting. If you could give me a few available dates over the next two weeks, I will see which of them works best for the local consultant who will conduct the examination of the painting.

Thank you for your assistance with this matter.

Thomas R. Kline

Andrews Kurth LLP

thomaskline@andrewskurth.com

1350 I Street, NW, Suite 1100

Washington, DC 20005

phone: (202) 662-2716

fax: (202) 662-2739

www.andrewskurth.com

---

**From:** Kline, Thomas R.
**Sent:** Monday, June 18, 2007 6:15 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Stern Estate.pdf
**Importance:** High

Dr. Rosshoff:

I am providing a copy of this letter to you as a professional courtesy.

I look forward to working with you, at your client's direction, to arrange the viewing of the Winterhalter painting that Mrs. Bissonnette has placed in your care.

With best regards,

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**From:** Kline, Thomas R.
**Sent:** Monday, July 02, 2007 10:07 AM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** FW: Inspection of Painting
**Importance:** High

Dr. Rosshoff:

I would like to make clear that one of the reasons for my requesting an earlier date for the viewing of the painting is that Magistrate Judge Lincoln D. Almond has ordered that a settlement conference take place on July 24, 2007, in his chambers in the U.S. District Court for the District of Rhode Island. A copy of his order of June 21, 2007, is attached.

Stern Estate wants to give its expert sufficient time to prepare a condition report on the painting after viewing and photographing it, and to allow itself an opportunity to review and consider that report (which may entail having the report translated into English, if the Stern Estate's representative prefers to produce the report in the German language) before attending the settlement conference.

Thank you for your assistance in arranging an earlier date for the Stern Estate's viewing or promptly confirming your inability to do so.

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

---

**From:** Kline, Thomas R.
**Sent:** Thursday, June 28, 2007 4:37 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Inspection of Painting
**Importance:** High

Dear Dr. Rosshoff:

Thank you for your letter of today's date offering to allow the Stern Estate to view the Winterhalter painting in mid-July, no sooner than, (a) five weeks since Judge Lisi ordered Mrs. Bissonnette to make the painting available to Stern Estate; (b) the same amount of time since Mrs. Bissonnette's Boston counsel, Scott Buckley, refused to cooperate in assisting Stern Estate in viewing the painting; (c) four weeks since I first wrote to you about this matter and (d) more than three weeks since Mrs. Bissonnette informed me that she had directed you to cooperate with me and you informed Dr. Bischof you would be contacting me. I am particularly concerned that you have waited almost all week to tell me that, for the following 3 weeks, no one among the lawyers at your firm who have been representing Mrs. Bissonnette can attend a few hours viewing of the painting.

It is difficult not to draw the conclusion that Mrs. Bissonnette is intentionally delaying Stern Estate's viewing of the painting to gain some tactical advantage in some way that I prefer not to speculate about.

Your offer to make the painting available almost three weeks from now rings particularly hollow since you do not tell me the location of the painting, a fact which I need to know in order to arrange that viewing, and a fact: (1) which I asked Scott Buckley about on June 13 in an email I copied to you (and you also were copied on his response in which he failed to provide any information on the current location); (2) I asked Mrs. Bissonnette for this information more than a week ago, in a letter I copied to you; and (3) I asked you this question two days ago. Nor do you provide any details on the unavailability of lawyers in your office, which would seem to be a routine courtesy, especially in light of the circumstances that a court of competent jurisdiction has ordered Mrs. Bissonnette to make the painting available to Stern Estate for inspection.

While Mrs. Bissonnette is certainly entitled to be represented when Stern Estate's representative views the painting, there is no requirement that she be represented by an attorney, let alone one who has been in charge of her case.

I would like to know two things right away: (1) Where is the painting?; (2) Is there really no one from your firm who can accompany a representative of the Stern Estate in viewing the painting any sooner than July 16?

Thank you for your prompt attention to these two simple requests.

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

---

**From:** Kline, Thomas R.
**Sent:** Tuesday, June 26, 2007 5:57 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Cc:** 'Dr. Ulf Bischof'
**Subject:** FW: Stern Estate.pdf
**Importance:** High

Dear Dr. Rosshoff:

Maria-Louise Bissonnette called me yesterday, to say that she has authorized you to work with me to arrange the viewing of the Winterhalter painting at issue in the Rhode Island litigation, as Ordered by Judge Lisi in the attached order. I understand that my German colleague, Dr. Ulf Bischof of Bischof & Paetow in Berlin also spoke with you yesterday about making these arrangements.

I would like to know where the painting is stored and when you, or another representative of Mrs. Bissonnette can be available at that location to be present when a representative of Stern Estate views the painting. If you could give me a few available dates over the next two weeks, I will see which of them works best for the local consultant who will conduct the examination of the painting.

Thank you for your assistance with this matter.

Thomas R. Kline

Andrews Kurth LLP

thomaskline@andrewskurth.com

1350 I Street, NW, Suite 1100

Washington, DC 20005

phone: (202) 662-2716

fax: (202) 662-2739

www.andrewskurth.com

---

**From:** Kline, Thomas R.
**Sent:** Monday, June 18, 2007 6:15 PM
**To:** 'ROSSHOFF@WIRTZ-KRANEIS.DE'
**Subject:** Stern Estate.pdf
**Importance:** High

Dr. Rosshoff:

I am providing a copy of this letter to you as a professional courtesy.

I look forward to working with you, at your client's direction, to arrange the viewing of the Winterhalter painting that Mrs. Bissonnette has placed in your care.

With best regards,

Thomas R. Kline
Andrews Kurth LLP
thomaskline@andrewskurth.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
phone: (202) 662-2716
fax: (202) 662-2739
www.andrewskurth.com

**WIRTZ & KRANEIS**
**RECHTSANWÄLTE**

DR. HEINZ WIRTZ III (-1987)
DR. KRISTIAN KRANEIS[1]
JOACHIM ROSSHOFF
JÜRGEN FUCHS
JÖRG REINARTZ[4]
DR. RANDOLF MOHR[1]
DR. THOMAS KLEIN[1, 3]
MANFRED MEYER[2]
VOLKER SCHMITZ-VOLLBRACHT

[1] FACHANWALT FÜR STEUERRECHT
[2] FACHANWALT FÜR ARBEITSRECHT
[3] FACHANWALT FÜR HANDELS- UND GESELLSCHAFTSRECHT
[4] FACHANWALT FÜR VERSICHERUNGSRECHT

PARTNERSCHAFT
AG ESSEN PR 1608

SACHSENRING 63
50677 KÖLN

POSTFACH 25 03 60
50519 KÖLN

FACH LG KÖLN: K 1810
FACH OLG KÖLN: K 158

WWW.WIRTZ-KRANEIS.DE

DURCHWAHL : (0221) 272 50-204
TELEFAX : (0221) 272 50-333
E-MAIL : ROSSHOFF@WIRTZ-KRANEIS.DE
AKTEN-NR : 0504/074

02.07.2007

Thomas R. Kline
Andrews Kurth LLP
1350 I Street, NW, Suite 1100

Washington, DC 20005

U . S . A .

per Telefax: 001-202-662-2739

**Stern Estate ./. M.-L. Bissonnette**

Sehr geehrter Kollege Kline,

zunächst möchte ich Sie nochmals darauf hinweisen, dass ich Rosshoff und nicht Dr. Rosshoff heiße.

Des Weiteren bitte ich Sie höflich zur Kenntnis zu nehmen, dass wir von Frau Bissonnette damit beauftragt worden sind, sie im Rahmen der Einstweiligen Anordnung des District Court of Rhode Island bei der Besichtigung des Bildes zu unterstützen. Wie Sie selber richtigerweise bemerken, hat Frau Bissonnette selbstverständlich ein Recht, bei dieser Besichtigung vertreten zu werden; und zwar nicht durch irgendjemanden, sondern durch eine Person ihrer Wahl. Dies ist in diesem Fall Herr Kollege Schmitz-Vollbracht, der erst am 13.07.2007 wieder nach Deutschland zurückkehren wird.

Keineswegs hatte unser letztes Schreiben, in dem wir Ihnen die Termine zur Besichtigung des Bildes nach der Rückkehr von Herrn Rechtsanwalt Schmitz-Vollbracht genannt haben, einen taktischen Hintergrund, wie Sie mutmaßen. Es

geht um das praktische Problem auf den Anwalt zu warten, der mit dem Fall hier vertraut ist, damit er Frau Bissonnette bei der Besichtigung vertreten kann.

Frau Bissonnette ist aufgrund der Einstweiligen Anordnung verpflichtet, eine Besichtigung des Bildes zu ermöglichen. Den Vorschlag, dies schon viel früher in unserer Kanzlei zu tun, haben Sie abgelehnt. Die dadurch eingetretene Verzögerung können Sie Frau Bissonnette nicht anlasten. Bitte nehmen Sie auch zur Kenntnis, dass die diesbezügliche Verpflichtung von Frau Bissonnette keinesfalls weiter reicht, als der Inhalt der Einstweiligen Verfügung geht. Nach dieser muss Frau Bissonnette die Besichtigung des Bildes ermöglichen. Keinesfalls ist sie dazu verpflichtet, im Vorhinein weitere Erklärungen abzugeben. Sie haben uns aber bisher nicht mitgeteilt, durch wen das Bild wann besichtigt werden soll.

Soeben haben Sie uns mit Ihrer weiteren Mail vom 02.07.2007 über die am 24.07.2007 anstehende Güteverhandlung informiert. Wir begrüßen die hierdurch bewirkte Versachlichung der Diskussion und verstehen, dass es wegen der Güteverhandlung ein gesteigertes Interesse an einer möglichst frühen Begutachtung gibt. Aus oben genannten Gründen, und weil ich bis zur Rückkehr von Herrn Schmitz-Vollbracht zwei abwesende Kollegen vertreten muss, so dass bis dahin ungewöhnlich viele Termine anfallen, schlage ich deshalb den **16. Juli 2007** als Besichtigungstermin vor. Die Zeitspanne zwischen diesem Termin und der Güterverhandlung dürfte für die Begutachtung und die ggf. erforderlichen Übersetzungen ausreichen. Zur Not muss der Gütetermin verlegt werden.

Bitte teilen Sie uns mit, ob Sie mit dem Termin einverstanden sind und durch wen die Begutachtung erfolgen wird.

Mit kollegialen Grüßen

(Rosshoff)
Rechtsanwalt

WIRTZ & KRANEIS
Attorneys-at-law

Thomas R. Kline
Andrews Kurth LLP
1350 I Street, NW, Suite 1100

Washington, DC 20006

U.S.A.

Via fax: 001-202-662-2739

July 2, 2007

Stern Estate . /. M.-L. Bissonnette

Dear colleague Kline,

First of all, I would like to point out again that my name is Rosshoff and not Dr. Rosshoff.

Furthermore, I politely ask you to take note that we have been instructed by Mrs. Bissonnette to support her in connection with the preliminary injunction of the District Court of Rhode Island regarding the inspection of the picture. As you state correctly yourself, Mrs. Bissonnette naturally has the right to be represented during this inspection; and not just by anybody, but by a person of her choice. In this case, it is my colleague Schmitz-Vollbracht, who will not return to Germany until July 13, 2007.

In no way has our last letter, in which we give you the dates for the inspection of the picture after the return of attorney Schmitz-Vollbracht, a tactical background, as you presume. It

is about the practical problem to wait for the attorney, who is familiar with the case here, in order to allow him to represent Mrs. Bissonnette during the inspection.

Based on the preliminary injunction, Mrs. Bissonnette is obligated to allow an inspection of the picture. The suggestion to do this much earlier in our office was rejected by you. The delay caused by this, cannot be blamed on Mrs. Bissonnette by you. Please, also take note that the obligation of Mrs. Bissonnette in this regard in no way goes beyond the contents of the preliminary injunction. According to it, Mrs. Bissonnette has to allow the inspection of the picture. In no way is she obligated to make further statements in advance. But so far you haven’t told us, by whom the picture will be inspected when.

At this moment you informed us with your additional mail of July 2, 2007 about the scheduled settlement hearing on July 24, 2007. We welcome that this causes the discussion to be more objective and understand that in light of the settlement hearing there is an increased interest in having the inspection as soon as possible. Referring to the reasons given above and because I have to cover for two absent colleagues until Mr. Schmitz-Vollbracht returns, giving me an unusual workload until then, I therefore suggest July 16, 2007 as the inspection date. The time between this date and the settlement hearing should be sufficient for the inspection and the required translations if necessary. If necessary, the settlement hearing has to be postponed.

Please let us know, whether you agree with the date, and by whom the inspection will be performed.

Sincerely,

(Rosshoff)
Attorney-at-law

**WIRTZ & KRANEIS**
RECHTSANWÄLTE

DR. HEINZ WIRTZ III (-1987)
DR. KRISTIAN KRANEIS[1]
JOACHIM ROSSHOFF
JÜRGEN FUCHS
JÖRG REINARTZ[4]
DR. RANDOLF MOHR[1]
DR. THOMAS KLEIN[1,3]
MANFRED MEYER[2]
VOLKER SCHMITZ-VOLLBRACHT
TOBIAS KORDES

[1] FACHANWALT FÜR STEUERRECHT
[2] FACHANWALT FÜR ARBEITSRECHT
[3] FACHANWALT FÜR HANDELS- UND GESELLSCHAFTSRECHT
[4] FACHANWALT FÜR VERSICHERUNGSRECHT

PARTNERSCHAFT
AG ESSEN PR 1608

SACHSENRING 83
50677 KÖLN

POSTFACH 25 03 60
50519 KÖLN

FACH LG KÖLN: K 1810
FACH OLG KÖLN: K 158

WWW.WIRTZ-KRANEIS.DE

DURCHWAHL : (0221) 272 50-204
TELEFAX : (0221) 272 50-333
E-MAIL : ROSSHOFF@WIRTZ-KRANEIS.DE

AKTEN-NR : 0504/074 DG
11.07.2007

Thomas R. Kline
Andrews Kurth LLP
1350 I Street, NW, Suite 1100

Washington, DC 20005

U.S.A.

**per Telefax: 001-202-662-2739**

**Stern Estate ./. M.-L. Bissonnette**

Sehr geehrter Herr Kollege K l i n e ,

der Besichtigungstermin mit Herrn Dr. Schlenke kann am 16.07.2007, 11:00 Uhr stattfinden.

Der Beschluss des District Court ordnet an, dass das Bild besichtigt werden kann, um seinen Zustand und die ordnungsgemäße Aufbewahrung festzustellen, und zwar in Gegenwart eines Vertreters unserer Mandantin.

Deshalb wird Herr Kollege Schmitz-Vollbracht anwesend sein. Unsere Mandantin besteht darauf, dass sie während des gesamten Besichtigungstermins vertreten ist.

Wir nehmen zur Kenntnis und werden beachten, dass Sie nicht wünschen, dass mit Dr. Schlenke über die Sache gesprochen wird, soweit sich dies nicht auf technisch notwendige Abwicklungsfragen, um den Termin durchzuführen, bezieht. Wir werden Ihrem Wunsch entsprechen.

Bezüglich der Fotografie der Räumlichkeiten erwarten wir die Aussage des Lagerhalters. Gleiches gilt für die Beleuchtung. Wir haben insofern an die Antwort des Lagerhalters wiederholt erinnert und werden sobald als möglich die notwendige Klarstellung hierzu vornehmen.

Mit kollegialen Grüßen

(Rosshoff)
Rechtsanwalt

WIRTZ & KRANEIS
Attorneys-at-law

Thomas R. Kline
Andrews Kurth LLP
1350 I Street, NW, Suite 1100

Washington, DC 20006

U.S.A.

Via fax: 001-202-662-2739

July 11, 2007

Stern Estate . /. M.-L. Bissonnette

Dear colleague Kline,

The inspection date with Dr. Schlenke can take place on July 16, 2007 at 11:00 am.

The court order of the District Court mandates that the picture can be inspected, in order to determine its condition and proper storage, namely in the presence of a representative of our client.

Therefore, my colleague Schmitz-Vollbracht will be present. Our client insists that she is represented during the entire inspection date.

We take note and will respect that you do not wish us to discuss the matter with Dr. Schlenke, unless it pertains to technically necessary questions in connection with the performance of the inspection. We will adhere to your wish.

Regarding the photographing of the premises, we are waiting for the statement from the warehouse keeper. The same applies to the lighting. In this respect, we repeatedly reminded the warehouse keeper of his answer and as soon as possible will produce the necessary clarification for this.

Sincerely,

(Rosshoff)
Attorney-at-law