**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MOTION TO ENFORCE ORDER ALLOWING INSPECTION OF PAINTING AND CONDITIONAL MOTION FOR CONTEMPT**

Max Stern Estate ("Stern Estate" or "Plaintiff") hereby moves the Court for entry of an order conditionally holding Defendant Maria-Louise Bissonnette's ("Bissonnette" or "Defendant") in contempt for interfering with Plaintiff's viewing of the Painting at issue in this case and directing her to allow a full examination of the Painting.

One of Defendant's Cologne attorneys interfered with Plaintiff's examination of the Painting, which took place at 11:00 am Central European Time today, Monday, July 16, 2007. For the examination to serve its intended purpose – that is, to reveal whether the painting has been damaged by shipment to Germany with improper packing, and if so, to determine the full extent of the damage and its monetary consequences – Plaintiff requires a complete examination of the Painting.

WHEREFORE, Plaintiff asks that Defendant be conditionally held in contempt of the Court's Order of June 12, 2007, and be permitted to avoid a finding of contempt by allowing Plaintiff to conduct a full examination of the Painting at Bissonnette's expense within 10 days following the Court's ruling on this Motion.



WAS:130631.1

Dated: July 16, 2007

*/s/ Thomas R. Kline*
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

## CERTIFICATE OF SERVICE

I the undersigned hereby certify that on July 16, 2007, the foregoing was served by FedEx overnight, and by certified mail on:

Maria-Louise Bissonnette
50 Park Row West
Apt. 905
Providence, RI 02903-1151

/s/ Miranda Perkins

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ENFORCE ORDER ALLOWING INSPECTION OF PAINTING AND CONDITIONAL MOTION FOR CONTEMPT**

Max Stern Estate ("Stern Estate" or "Plaintiff") moves that the Court enter an order conditionally holding Defendant Maria-Louise Bissonnette ("Bissonnette" or "Defendant") in contempt for interfering with Plaintiff's examination of the Painting at issue in this case and allowing her to avoid a finding of contempt by permitting a viewing of the Painting to take place within 10 days of the Court's order on this Motion, without further interference and at Bissonnette's expense.

This Court's Order of June 12, 2007, provided:

> Defendant Maria-Louise Bissonnette is hereby ordered to permit a representative of the Plaintiff Max Stern Estate to view the Painting at issue in this action at its present location at a reasonable time and in a reasonable manner and to make an assessment as to that painting's condition, proper storage and care.

Pursuant to that Order, Plaintiff arranged with Bissonnette's German counsel Joachim Rosshoff for Dr. Hubertus Schlenke, a German expert in examining and reporting on the condition of paintings, to conduct the viewing and to prepare a report. Plaintiff chose Dr. Schlenke for this task because of his certification by the German courts to conduct such viewings and his understanding of the requirements for thoroughly reporting his findings in a contested matter.

Dr. Schlenke's viewing of the Painting took place this morning at 11:00 am Central European Time today, Monday, July 16, 2007, in the presence of Mr. Rosshoff's colleague, Mr. Schmitz-Vollbracht. Because of his concerns about fully evaluating any damage to the Painting and taking digital photographs for rapid transmission to the United States, Dr. Schlenke brought with him an assistant, Ms. Jahn, who is experienced in taking digital photographs and who is also a restorer. Furthermore, Ms. Jahn would have been able to make the inspection more efficient, since Dr. Schlenke could have examined the Painting while Ms. Jahn photographed it.

Despite Dr. Schlenke's pleas to Mr. Schmitz-Vollbracht that his assistant is his "right hand" and that he needed her for proper viewing and photography, Mr. Schmitz-Vollbracht barred Dr. Schlenke's assistant from participating in the inspection. Thus, Dr. Schlenke – who did not anticipate this kind of rough handling – was forced to take photographs himself, with a digital camera that he was unfamiliar with, and Stern Estate was deprived of the advice of his assistant. Dr. Schlenke recounted these events in an email (Attached hereto in German and English as Exhibit 1) from earlier today to Stern Estate consultant, Dr. Willi A. Korte.

This advice is particularly relevant now. Dr. Schlenke, who found the Painting inappropriately packed and suffering some damage (as anticipated), now must try to determine whether the damage took place recently, based upon a comparison of his photographs with photographs taken while the Painting was with Estates Unlimited here in Rhode Island. Dr. Schlenke's report and photographs will also establish a baseline, should the Painting suffer damage between now and the time the Court enters any final order determining its ownership.

While the Court's Order directs that "a representative" of the Stern Estate may view the Painting, it certainly contemplates that the viewing is a significant step which should be conducted "in a reasonable manner" and without unreasonable interference. It was eminently

reasonable for Dr. Schlenke to bring an assistant to the viewing, and totally unjustified and uncalled for that Bissonnette's Cologne lawyer, Mr. Schmitz-Vollbracht, prevented the assistant from participating. In his second email (attached as Exhibit 2), Dr. Schlenke expresses the view that a second viewing with Ms. Jahn present would be useful.

WHEREFORE, Plaintiff asks that Defendant be conditionally held in contempt of the Court's Order of June 12, 2007 for unreasonably and without justification interfering with Stern Estate's examination of the Painting, and that Bissonnette be permitted to avoid a finding of contempt by allowing Plaintiff to conduct a full examination of the Painting at Bissonnette's expense within 10 days of the Court's ruling on this Motion.

Dated: July 16, 2007

*/s/ Thomas R. Kline*
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on July 16, 2007, the foregoing was served by FedEx overnight, and by certified mail on:

Maria-Louise Bissonnette
50 Park Row West
Apt. 905
Providence, RI 02903-1151

/s/ Miranda Perkins