**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Max Stern Estate,<br>Plaintiff | : | C.A. NO.: 06-211ML |
| v. | : | |
| Maria-Louise Bissonnette, et al<br>Defendants | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO PLAINTIFF'S MOTION TO ENFORCE ORDER ALLOWING INSPECTION OF PAINTING AND CONDITIONAL MOTION FOR CONTEMPT**

Now comes Defendant, Maria-Louise Bissonnette, and OBJECTS to Plaintiff's Motion to Enforce Order Allowing Inspection of Painting and Conditional Motion for Contempt. As grounds therefore, Defendant references this Memorandum and the Exhibit attached hereto.

**Background**

This matter stems from a dispute over the ownership of a painting that has been in the family of Defendant, Maria-Louise Bissonnette since 1937.

On June 12, 2007, this Honorable Court entered an Order permitting "**a** representative of the Plaintiff Max Stern Estate to view the painting at issue (emphasis added)." Pursuant to that Order, Defendant's German attorney coordinated with Attorney Thomas Kline to arrange a reasonable time at which Dr. Schlenke could examine the painting at issue. In the correspondence between Attorney Kline and Attorney Rosshoff, there was never any indication that Dr. Schlenke needed an assistant, specifically a

restorer, to accompany him to the viewing and assessment of the painting at issue. A copy of the emails sent from Attorney Rosshoff to Attorney Kline are attached hereto as Exhibit A.

On Monday, July 16, 2007, Dr. Schlenke arrived to view the painting, accompanied by his assistant, Ms. Jahn, who Plaintiff's counsel describes as Dr. Schlenke's "right hand" in their Memorandum of Law. Defendant's German counsel, pursuant to this Court's Order, did not permit more than one representative of the Stern Estate to enter the area where the painting was stored. **Plaintiff's counsel argues that Mr. Schmitz-Vollbracht's compliance with the terms of the Order amounts to obstruction and interference.** No one acting on Ms. Bissonnette's behalf acted in any manner that interfered with Dr. Schlenke's assessment of the painting. In fact, Ms. Bissonnette's German attorney was only acting in a manner consistent with the language of the July 12, 2007 Order of this Honorable Court. If Dr. Schlenke needed an assistant to assess the painting, this matter should have been addressed prior to the entry of the Order.

As such, Plaintiff's Motion to have Ms. Bissonnette conditionally held in Contempt of this Court's order "for unreasonably and without justification interfering with Stern Estate's examination of the Painting" is disingenuous, and should be denied.

Defendant,
Maria-Louise Bissonettte
By Her Attorneys,

/s/ *David A. Levy*
David A. Levy, Esquire
Rhode Island Bar # 4564
50 Park Row West, Ste. 326
Providence, Rhode Island 02903
(401) 952-0033
(401) 274-5562 (fax)

/s/ *Marta E. Garrett*
Marta E. Garrett, Esquire
Rhode Island Bar # 7130
50 Park Row West, Ste. 326
Providence, Rhode Island 02903
(401) 480-7436
(401) 274-5562 (fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 24 day of July, 2007, that the foregoing was filed via the ECF system to the following counsel of record:

Thomas R. Kline (admitted Pro Hac Vice), L. Eden Burgess (Admitted Pro Hac Vice), 1350 I Street, NW, Suite 1100, Washington, DC 20005; Samuel D. Zurier, Tillinghast Licht, LLP, 10 Weybosset Street, Providence, Rhode Island 02903.

/s/ Marta E. Garrett, Esquire