**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Vineberg, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Civil Act. No. 06-211 (ML)** |
| | § | |
| Maria-Louise Bissonnette, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' MOTION FOR COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. 54 and LR Cv 54, Plaintiffs Robert S. Vineberg, *et al.*, Trustees for Dr. and Mrs. Stern Foundation ("Stern Estate") hereby request the award of costs in the amount of $3,487.50, as detailed in the accompanying Affidavit of Thomas R. Kline ("Kline Affidavit") and Bill of Costs (Exhibit A to Kline Affidavit). Stern Estate states as follows in support of its Motion.

**BACKGROUND**

Plaintiffs instituted this action in May 2006, seeking the return of an oil painting on canvas by Franz Xaver Winterhalter entitled "Mädchen aus den Sabiner Bergen" ("Girl from the Sabiner Mountains") ("Painting"). Stern Estate agreed to dismiss one of the defendants early in the case, but continued its efforts to recover the Painting from the possessor and putative owner of the Painting, Maria-Louise Bissonnette. The Estate's efforts culminated in a December 27, 2007 Court order requiring Bissonnette "forthwith to turn over the Painting to the Stern Estate." *Vineberg v. Bissonnette*, 2007 U.S. Dist. LEXIS 94509, at *32 (D.R.I. Dec. 27, 2007).

Bissonnette's lack of good faith forced Stern Estate to undertake enormous and expensive efforts in this case. Before Stern Estate filed its Complaint, Bissonnette had spirited the Painting

out of the jurisdiction – and the country – in the midst of settlement discussions after being informed that Stern Estate was contemplating litigation. Bissonnette used the Painting's location in Germany to try to avoid litigation here in Rhode Island, but the Court denied her Motion to Dismiss or Stay in January 2007. Following that ruling, the parties engaged in settlement discussions for several months, which foundered when Bissonnette refused to allow Stern Estate to view the Painting at its storage location, necessitating two motions and two Court orders to allow examination of the Painting by Stern Estate's expert consultants in Germany.

Despite the lack of amity between the parties as a result of this history, in September 2007 Stern Estate agreed to participate in a settlement session, and prepared and submitted a pre-conference letter to the Court to further those discussions. Just days before the session, however, Bissonnette decided not to attend and forced the Court to cancel the conference.

In sum, this has been a long and painful dispute. Stern Estate has been put to enormous expense in discovery and motion practice, which could have been avoided by good faith and fair dealing by Bissonnette. Having finally prevailed in its effort to regain title and right to possession of the Painting, Stern Estate now requests costs in the amount of $3,487.50.

## ARGUMENT

### I. Legal Standards

Fed. R. Civ. P. 54(d) provides that "…costs…shall be allowed as of course to the prevailing party unless the court otherwise directs…." In addition, 28 U.S.C. § 1920 "defines the term 'costs'" as used in Fed. R. Civ. P. 54(d). *United States v. Davis*, 87 F. Supp. 2d 82, 86 (D.R.I. 2000) (quotation omitted). Pursuant to 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"In the First Circuit, the rule is 'ordinarily the taxation of costs would be limited to those ordinary costs authorized by § 1920.'" *Id.* at 87. In the instant Motion, Stern Estate requests the award only of ordinary costs.

Furthermore, Stern Estate is "the prevailing party" within the meaning of Rule 54(d):

> In order to be a prevailing party under [Rule 54(d)], the party must have succeeded "'on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit.'"
> ….
> A prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered. Traditionally, this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded.

*Id.* (quotations omitted). The Court granted Stern Estate's motion for summary judgment on its replevin claim and ordered Defendant to "forthwith to turn over the Painting to the Stern Estate." As the prevailing party, Stern Estate is entitled to an award of costs.

## II. Categories of Costs Requested

Stern Estate requests the taxation of "ordinary costs authorized by § 1920" (*Davis*, *supra*), as detailed below and in Exhibit A to the Kline Affidavit.

### A. Fees to the Clerk

Plaintiffs incurred a $350.00 filing fee for filing their Complaint, as required by Court procedures. *See* http://www.rid.uscourts.gov/PDFs/Clerks/Filing%20Procedures.pdf, ¶ 5. Stern Estate's Bill of Costs (*Kline Aff.* Ex. A) provides documentation of this fee in the form of a receipt from the Clerk's Office. This cost was necessary to Plaintiffs' case and should be awarded. 28 U.S.C. § 1920(1).

**B. Fees for service of summons and subpoena**

Plaintiffs incurred $180.00 in costs to serve the summons and Complaint upon both original defendants, and a Notice of Related Proceeding upon Estates Unlimited, Inc. in accordance with LR Cv 9.1.[1] Exhibit A to the Kline Affidavit provides documentation of this cost in the form of an invoice from the private process server.[2] This cost was necessary to Plaintiffs' case and should be awarded. 28 U.S.C. § 1920(1).

**C. Compensation of interpreters**

Plaintiffs request the award of $2,937.50 in translation costs. Because a large part of the factual background of this case took place in Germany in the 1930s and thereafter, many of the relevant documents are in German. *See, e.g., Stern Estate's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment* ("SOF") ¶¶ 17-35, 39-40, 42-45. Accordingly, when preparing to file its Motion for Summary Judgment, Stern Estate needed to translate many German language documents to submit to the Court with its Motion and did so, at a reasonable cost of $2,937.50. The total translation cost includes $2,337.50 for an initial translation of the foreign documents at a lower cost[3] and $600 for an experienced translator to review and certify those translations.

A prevailing party may recoup reasonable translation costs under certain conditions. In *Zayas v. Puerto Rico*, the Court awarded the prevailing party its translation costs, explaining that "[r]easonable costs of translating documents may be allowed if the documents are relevant to the

---

[1] As discussed above, Bissonnette instituted a proceeding in Cologne, Germany in April 2006 related to the Painting.

[2] LR Cv 5.1(b) allows service by private process server.

[3] The invoice for the initial translation is for $2,750 in Canadian dollars. The exchange rate as of the date of the invoice – January 11, 2007 ($1 CAD: $0.85 USD) – calculates to $2,337.50 USD for the Canadian translator. *See* Bill of Costs (*Kline Aff.* Ex. A).

litigation." 451 F. Supp. 2d 310, 318 (D.P.R. 2006) (citation omitted). The Court "assume[d] that documents would not have been translated but for filing them in this case," so awarded the translation costs to the prevailing party. *Id.* *See also Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Authority*, 193 F.R.D. 26, 38 (D.P.R. 2000) (reasonable costs of translating documents may be allowed for relevant documents).

Here, the documents translated include, among others: (1) the German restitution court's ruling that Dr. Stern owned all the works auctioned by Lempertz, including the Painting, a critical factor in the Court's finding that Stern Estate is the lawful owner of the Painting (*SOF* ¶ 43; *Vineberg*, 2007 U.S. Dist. LEXIS 94509, at *18-19); (2) the Lempertz auction catalogue and other documents evidencing the forced sale of the Painting during the Nazi era, a critical factor in the Court's finding that the Painting was taken unlawfully from Dr. Stern (*SOF* ¶¶ 15, 17-26; *Vineberg*, 2007 U.S. Dist. LEXIS 94509, at *19-20); and (3) the history of Dr. Stern's due diligence, a critical factor in the Court's rejection of Bissonnette's laches defense (*SOF* ¶¶ 39-41; *Vineberg*, 2007 U.S. Dist. LEXIS 94509, at *25-30). These costs for translating these documents – along with others relevant to Stern Estate's summary judgment motion – should be awarded to Stern Estate as the prevailing party.

Exhibit A to the Kline Affidavit provides documentation of the translation costs in the form of invoices from the two translators retained by Stern Estate and its counsel. These costs were necessary to Plaintiffs' case and should be awarded. 28 U.S.C. § 1920(6).

**D. Docket fees under 28 U.S.C. § 1923**

By its plain language, 28 U.S.C. § 1923(a) allows an award of $20 to a party prevailing on a final hearing in civil cases:

> Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

> $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases….

Therefore, Stern Estate should be awarded this docket fee.

**CONCLUSION**

WHEREFORE, Stern Estate respectfully requests that as the prevailing party, it be awarded costs in the amount of $3,487.50.

Dated: January 11, 2008

*/s/ Thomas R. Kline*
ANDREWS KURTH LLP
Thomas R. Kline (admitted *pro hac vice*)
thomaskline@andrewskurth.com
L. Eden Burgess (admitted *pro hac vice*)
edenburgess@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*/s/ Samuel D. Zurier*
TILLINGHAST LICHT LLP
Samuel D. Zurier (R.I. Bar No. 3576)
szurier@tllaw.com
10 Weybosset Street
Providence, RI 02903-2818
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2008, I electronically filed Plaintiffs' Motion for Costs and Memorandum of Law in Support Thereof, Thomas R. Kline's Affidavit, and Plaintiffs' Bill of Costs with the Clerk of the Court for the U.S. District Court, District of Rhode Island, using the electronic case filing system of the Court, and that on January 11, 2008, I served the same by first-class mail, postage prepaid:

David A. Levy, Esq.
Marta E. Garrett, Esq.
50 Park Row West
Suite 326
Providence, RI 02903

*Counsel for Defendant*

*/s/ Samuel D. Zurier*



WAS:134707.1